SANJIV N. SINGH, A PROFESSIONAL LAW CORPORATION
Sanjiv N. Singh [SBN 193525]
1700 S. El Camino Real Suite 503
San Mateo CA 94402
Tel: 650-389-2255
Email: ssingh@sanjivnsingh.com

INDRAJANA LAW GROUP, A PROFESSIONAL LAW CORPORATION
Michael B. Indrajana [SBN 258329]
1700 S. El Camino Real Suite 503
San Mateo CA 94402
Tel: 650-597-0928
Email: michael@indrajana.com

Attorneys for Plaintiff Michael Bisch

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BISCH, an individual,<br><br>                Plaintiff,<br><br>vs.<br><br>COUNTY OF YOLO, CALIFORNIA, a public corporation; CITY OF WEST SACRAMENTO, a public corporation; CITY OF DAVIS, a public corporation; CITY OF WOODLAND, a public corporation; ANGEL BARAJAS, an individual; OSCAR VILLEGAS, an individual; CHAD RINDE, an individual; AARON LAUREL, an individual; KEN HIATT, an individual; MICHAEL WEBB, an individual; DONALD SAYLOR, an individual; and DOES 1 through 50, inclusive,<br><br>                Defendants. | Case No.:<br><br><u>COMPLAINT FOR DAMAGES</u><br><br>1. VIOLATION OF FIRST AMENDMENT CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. § 1983<br>2. VIOLATION OF SUBSTANTIVE AND PROCEDURAL DUE PROCESS RIGHTS UNDER THE FOURTEENTH AMENDMENT UNDER 42 U.S.C. § 1983<br>3. TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS<br>4. DEFAMATION AND DEFAMATION PER SE<br><br>DEMAND FOR JURY TRIAL |

- 1 -
COMPLAINT FOR VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS, 42 U.S.C. § 1983, TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS, AND DEFAMATION AND DEFAMATION PER SE

Plaintiff Michael Bisch, on information and belief, by and through his undersigned attorneys as captioned above, after reasonable inquiry under the circumstances subject to further evidentiary support which may be obtained through discovery and additional appropriate investigation, complains against Defendants and alleges as follows:

**NATURE OF THE CASE**

1.      This case concerns allegations of alarming constitutional violations, defamation, and tortious interference by a group of Northern California governmental entities. In brief, the governmental entities acted in concert to discredit, silence, and ultimately cause the termination of a talented and accomplished food bank executive director, Plaintiff Michael Bisch, whose work had benefited the community, shed light on important new food assistance legislation, and strengthened one of California's leading food recovery and distribution nonprofits. Indeed, Plaintiff Bisch was a highly accomplished professional who took the helm of a regional nonprofit, the Yolo Food Bank ("YFB") as Executive Director in January of 2018 and is widely recognized and credited for saving YFB from insolvency and achieving dramatic improvements in the operations, financial strength, and reputation of YFB. YFB had and has been dependent on various forms of governmental financing and support, particularly during the COVID-19 pandemic, and thus through YFB's leadership (i.e., its Board and Executive Director), YFB was—during the times relevant to this action and through present day—engaged in periodic and regular communication with elected officials, representatives, and appointed officials of the various government entities in the communities where YFB provided services. During Plaintiff Bisch's tenure, the newly passed Short-Lived Climate Pollutant Reduction Law, often referred to as SB 1383, came into effect with the purpose of feeding hungry Californians and reducing disposal of organic waste into landfills. As was his job and as was his right, Plaintiff Bisch pursued the objectives of the SB 1383 mandates pertaining to feeding hungry Californian's (the "Food Assistance Mandates"), and readily communicated his views and the views of other experts and professionals in his field as to what was needed by YFB and what actions were required by the state, county, and cities with whom YFB regularly interacted and transacted. In response to Plaintiff

- 2 -

Bisch simply performing his job and exercising his rights as a concerned resident, including advancing public policy by sharing subject matter expert opinions at hearings, meetings, in official reports, and in private meetings, the government entities and various officials now named as Defendants in this lawsuit acted improperly and in violation of Plaintiff Bisch's constitutionally protected rights, ultimately taking actions to pressure Plaintiff Bisch's employer to terminate and/or discipline Bisch, restrict his activities, muzzle his speech, and in doing so Defendants ultimately defamed him and tortiously interfered with his employment.

The culmination of Defendants' activities occurred when YFB, in response to the allegedly illegal and unconstitutional actions of Defendants, terminated Plaintiff Bisch. Through the relevant time period, Plaintiff Bisch was acting in good faith, was fulfilling his duties as a concerned citizen, and doing his job as the YFB Executive Director, reporting to governmental agencies and his own YFB Board on Food Assistance Mandates noncompliance, i.e., an issue that directly impacted the common good of his community, the financial interests of the local governments involved and the financial interests of his workplace at YFB. Despite this and in the course of an egregious retaliatory campaign aimed to silence and muzzle Plaintiff Bisch, it is believed that Defendants advanced defamatory remarks about Plaintiff Bisch to discredit him and other YFB staff, including express and/or implied statements that Mr. Bisch had acted illegally, dishonestly or unprofessionally in his pursuit of Food Assistance Mandates compliance. More specifically, individuals including but not necessarily limited to individual Defendants Angel Barajas, Oscar Villegas, Donald Saylor, Chad Rinde, Ken Hiatt, Michael Webb, and Aaron Laurel, both individually and in concert with one another, made and/or propagated defamatory statements about Plaintiff Bisch as part of Yolo County and the Cities of West Sacramento, Davis, and Woodland's effort to silence Plaintiff Bisch and to retaliate against Plaintiff Bisch for his efforts in pursuit of Food Assistance Mandates compliance, and/or in furtherance of their own individual interests. Plaintiff Bisch has suffered loss of earnings and his employment, loss of reputation, and was wronged in the worst way possible—by county and city

COMPLAINT FOR VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS, 42 U.S.C. § 1983, TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS, AND DEFAMATION AND DEFAMATION PER SE

officials who were duty-bound to focus on the mission of serving the greater public good, but instead appear to have been motivated by retaliatory and other bad faith motives.

In summary, Plaintiff Bisch steadfastly championed the State of California's public policies of reducing food insecurity and increasing environmental sustainability, while the Defendants retaliated against Plaintiff Bisch for simply advocating for the common good and for performing his job. Plaintiff alleges on information and belief that in order to cover up their retaliation, Defendants engaged in a continuous disinformation campaign to discredit Plaintiff Bisch, improperly withheld governmental funding to YFB and other local nonprofits, and ultimately made a concerted and coordinated effort to pressure the YFB board of directors to terminate Plaintiff Bisch from his position, and once that was accomplished, reinstated the improperly withheld government funding as if nothing had happened.

### THE PARTIES

2.     Plaintiff Michael Bisch (hereafter referred to as "Bisch," or as "Plaintiff," or "Plaintiff Bisch") is an individual over the age of eighteen and was, at all times relevant to this complaint, a resident of Yolo County, California.

3.     Defendant County of Yolo is, and at all times relevant to this Complaint, a public entity that provided governmental services to individuals residing in the geographic County of Yolo, California. DOES 1 through 10 were public entities, agencies, bureaus, divisions, agents, employees, and/or partners of the County of Yolo (collectively, "YOLO COUNTY") who acted within the course and scope of their agency, employment, partnership, joint venture, and/or enterprise, with the actual, ostensible, or implied authority, approval, and/or ratification of the County of Yolo. At all relevant times, YOLO COUNTY resided, was headquartered, and/or otherwise conducted business or committed the acts or omissions complained of herein, in the geographic region known as the County of Yolo, State of California.

4.     Defendant City of West Sacramento is a public municipal corporation and a city situated within Yolo County, California. DOES 11 through 20 were public entities, agencies,

- 4 -

COMPLAINT FOR VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS, 42 U.S.C. § 1983, TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS, AND DEFAMATION AND DEFAMATION PER SE

bureaus, divisions, agents, employees, and/or partners of the City of West Sacramento (collectively, "WEST SACRAMENTO") who acted within the course and scope of their agency, employment, partnership, joint venture, and/or enterprise, with the actual, ostensible, or implied authority, approval, and/or ratification of the City of West Sacramento. At all relevant times, WEST SACRAMENTO resided, was headquartered, and/or otherwise conducted business or committed the acts or omissions complained of herein, in the geographic region known as the County of Yolo, State of California.

5.    Defendant City of Davis is a public municipal corporation and a city situated within Yolo County, California. DOES 21 through 30 were public entities, agencies, bureaus, divisions, agents, employees, and/or partners of the City of Davis (collectively, "DAVIS") who acted within the course and scope of their agency, employment, partnership, joint venture, and/or enterprise, with the actual, ostensible, or implied authority, approval, and/or ratification of the City of Davis. At all relevant times, DAVIS resided, was headquartered, and/or otherwise conducted business or committed the acts or omissions complained of herein, in the geographic region known as the County of Yolo, State of California.

6.    Defendant City of Woodland is a public municipal corporation and a city situated within Yolo County, California. DOES 31 through 40 were public entities, agencies, bureaus, divisions, agents, employees, and/or partners of the City of Woodland (collectively, "WOODLAND") who acted within the course and scope of their agency, employment, partnership, joint venture, and/or enterprise, with the actual, ostensible, or implied authority, approval, and/or ratification of the City of Woodland. At all relevant times, WOODLAND resided, was headquartered, and/or otherwise conducted business or committed the acts or omissions complained of herein, in the geographic region known as the County of Yolo, State of California.

7.    Defendant Angel Barajas (hereafter referred to as "BARAJAS") is, and at all times relevant to this Complaint has been, a resident of Yolo County and employed in Yolo County, California, and was serving as a member of the Yolo County Board Supervisors as the Supervisor

- 5 -

for District 5 during some or all of the time period relevant to this complaint. The acts or omissions and representations complained of with respect to Defendant BARAJAS occurred in California or their effects were felt in California.

8.    Defendant Oscar Villegas (hereafter referred to as "VILLEGAS") is, and at all times relevant to this Complaint has been, a resident of Yolo County and employed in Yolo County, California, and was serving as a member of the Yolo County Board Supervisors as the Supervisor for District 1 during some or all of the time period relevant to this complaint. The acts or omissions and representations complained of with respect to Defendant VILLEGAS occurred in California or their effects were felt in California.

9.    Defendant Chad Rinde (hereafter referred to as "RINDE") is, and at all times relevant to this Complaint has been, a resident of Sacramento County and employed in Yolo County, California, and was serving as an interim County Administrator during some or all of the time period relevant to this complaint. The acts or omissions and representations complained of with respect to Defendant RINDE occurred in California or their effects were felt in California.

10.    Defendant Aaron Laurel (hereafter referred to as "LAUREL") is, and at all times relevant to this Complaint has been, a resident of Yolo County and employed in Yolo County, California, and was serving as a city manager for the City of West Sacramento during some or all of the time period relevant to this complaint. The acts or omissions and representations complained of with respect to Defendant LAUREL occurred in California or their effects were felt in California.

11.    Defendant Ken Hiatt (hereafter referred to as "HIATT") is, and at all times relevant to this Complaint has been, a resident of Placer County and employed in Yolo County, California, and was serving as the city manager for the City of Woodland during some or all of the time relevant to this complaint. The acts or omissions and representations complained of with respect to Defendant HIATT occurred in California or their effects were felt in California.

12.    Defendant Michael Webb (hereafter referred to as "WEBB") is, and at all times relevant to this Complaint has been, a resident of El Dorado County and employed in Yolo County,

- 6 -

COMPLAINT FOR VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS, 42 U.S.C. § 1983, TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS, AND DEFAMATION AND DEFAMATION PER SE

California, and was serving as the city manager for the city of Davis during some or all of the time relevant to this complaint. The acts or omissions and representations complained of with respect to Defendant WEBB occurred in California or their effects were felt in California.

13.    Defendant Donald Saylor (hereinafter referred to as "SAYLOR") is, and at all times relevant to this Complaint has been, a resident of Yolo County, California and employed in Yolo County, California, and was serving as the Supervisor for District 2 during some or all of the time period relevant to this complaint. The acts or omissions and representations complained of with respect to Defendant SAYLOR occurred in California or their effects were felt in California.

14.    Plaintiff is presently unaware of the true names and capacities of the Defendants named herein as Does 41 through 50, inclusive, and so have sued those Defendants under fictitious names. Plaintiff will seek leave to amend this Complaint to set forth the true names and capacities of the Doe Defendants when those have been ascertained.

15.    On information and belief, each of the Defendants was, at all times relevant to this Complaint, the agent of the remaining Defendants and engaged in the conduct set forth in this Complaint while acting within the scope of that agency, though it also alleged, on information and belief, that certain individual Defendants also acted in bad faith individually to conceal their own conflict of interests or further their own individual agendas. In the course of doing the things alleged in the causes of action herein, it is further alleged that all actions of each Defendant, except as expressly stated or otherwise discovered during the course of discovery, were ratified, and approved by every other Defendant or its officers or managing agents.

**JURISDICTION AND VENUE**

16.    This Court has subject matter jurisdiction over Plaintiff Bisch's First and Fourteenth Amendment Claims pursuant to 28 U.S.C. § 1331, because it arises under the Constitution and laws of the United States. The Court has supplemental subject jurisdiction over Plaintiff Bisch's claims of defamation and tortious interference under California law because said claims against these governmental defendants and individuals working for the governments are so related to the claims in

- 7 -

COMPLAINT FOR VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS, 42 U.S.C. § 1983, TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS, AND DEFAMATION AND DEFAMATION PER SE

the actions within the Court's original jurisdiction that they form part of the same case or controversy.

17.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because all of the parties in this action either reside in this District or State, and/or a substantial part, if not all of the events or omissions giving rise to the claim occurred in this District.

## CLAIM PRESENTATION

18.    Pursuant to Cal. Gov't. Code §§ 905, 910, and 915, Plaintiff Bisch presented his claims for damages to the County of Yolo, City of West Sacramento, City of Davis, and City of Woodland on September 17, 2022. His claims included all required elements under § 910, including Plaintiff Bisch's name and mailing address, the mailing address for notices related to the claim, the date, place, and other circumstances of the occurrence that gave rise to his claim, a general description of the Cities and County's conduct and the Plaintiff's injury, the names of certain key City and/or County employees in the case of each governmental entity who caused Plaintiff Bisch's injury, and the fact that Plaintiff Bisch's injuries exceed the jurisdictional minimum for an unlimited civil case under the laws of the State of California.

19.    The County of Yolo and City of West Sacramento both rejected Plaintiff Bisch's claim by letter on October 17, 2022. The City of Woodland rejected Plaintiff Bisch's claim by letter on October 18, 2022. The City of Davis rejected Plaintiff Bisch's claim by letter on October 25, 2022. This civil suit for damages which includes claims for defamation and tortious interference is therefore authorized under The Governmental Claims Act, Cal. Gov't Code § 945.4.

## FACTUAL ALLEGATIONS

20.    The government entity Defendants have, as a matter of practice and during the time period relevant to this action, effectively jointly operated a countywide solid waste management enterprise (for the purposes of this Complaint, the effective joint operation shall be referred to as

- 8 -

COMPLAINT FOR VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS, 42 U.S.C. § 1983, TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS, AND DEFAMATION AND DEFAMATION PER SE

"Yolo SWM Enterprise")[1]. Planning and decision-making for Yolo SWM Enterprise was and is coordinated by YOLO COUNTY, WEST SACRAMENTO, DAVIS, WOODLAND, and city of Winters officials at three separate monthly meetings: (i) the formal Meeting of Area Coordinators ("MAC"), (ii) the formal meeting of the Yolo County Waste Advisory Committee ("WAC"), (iii) and a regular monthly meeting of the Defendants' top executives (YOLO COUNTY's chief administrative officer and the city managers of the four incorporated cities in Yolo County) with YOLO COUNTY frequently functioning as the lead agency. Decisions made at these monthly standing meetings were and are then ratified by the Public Entity Defendants' governing bodies, which are codified in various contracts and local ordinances.

21.    In September of 2016, California State Senate Bill 1383 (i.e., S.B. 1383) was signed into law. In addition to establishing organic waste repurposing targets for California, the law and related State regulations established a number of public food assistance mandates (aka edible food recovery mandates or "Food Assistance Mandates"). With regards to local jurisdictions that either operated individually or effectively jointly with other local jurisdictions such as the Yolo SWM Enterprise described above, the Food Assistance Mandates required and continue to require that these entities develop programs "to collect and distribute food for human consumption."

22.    Recognizing the Food Assistance Mandates posed a challenge for most local jurisdictions, the state law gave jurisdictions 5-7 years to prepare for compliance—with some of the Food Assistance Mandates taking effect January 1, 2022 and the remainder taking effect January 1, 2024. For many communities and regions in California, Yolo County in particular, the Food Assistance Mandates represented and continue to represent a pathway for dramatically reducing food insecurity over the next 3-5 years. For reasons which the Defendants have refused to publicly

---

[1] Given the nature and extent of the concerted effort by Defendants to silence Plaintiff Bisch, Plaintiff Bisch reserves the right to amend this Complaint to add potential Civil RICO claims (including conspiracy claims) against all Defendants, particularly if discovery confirms (i) a pattern of racketeering activity, (ii) culpable individuals with the requisite bad faith intent, (iii) an enterprise among the local jurisdictions, and (iv) concerted conduct causing significant harm to Plaintiff Bisch.

COMPLAINT FOR VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS, 42 U.S.C. § 1983, TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS, AND DEFAMATION AND DEFAMATION PER SE

disclose, instead of seizing the opportunity to dramatically reduce food insecurity, the Yolo SWM Enterprise described above appeared to circumvent (in a manner Plaintiff Bisch and others believed to be unlawful) the Food Assistance Mandates by executing what is believed to be a multi-year alleged scheme of:

a. Initially concealing the existence of the Food Assistance Mandates from the public and from local elected officials;

b. Initially secretly lobbying State officials to have the Food Assistance Mandates delayed, rescinded or otherwise weakened;

c. Publicly misrepresenting the Food Assistance Mandates and the resources needed to effectively comply therewith (i.e., dramatically underrepresenting the necessary resources);

d. Pursuing a "box checking" strategy with no actual intent of achieving the Food Assistance Mandates targets;

e. Engaging in improper inappropriate pressure on YFB to gain significant financial benefits from YFB assets and services at below market value and/or below service cost; and

f. Ultimately acting to cover up their actions and attempting to retaliate against, muzzle and whistleblower gaslight against Plaintiff as he attempted to: (i) shed light on Yolo SWM Enterprise's alleged unlawful scheme, (ii) expose the Defendants' alleged waste, unethical behavior, mismanagement and unlawful actions (iii) prevent disruption to YFB's food assistance services, and (iv) protect YFB assets from Defendants' conduct.

23.     YFB is the only food bank operating in Yolo County. With an approximately $28 million annual budget, it is the largest food assistance provider in the county save for the federal government (federal programs are administered by the County and various school districts). YFB's operations are supported by a multitude of interstate services, products, markets, and funding including support from the federal government, the State, Feeding America, thousands of philanthropists and grant funders, and some of the Defendants.

- 10 -

COMPLAINT FOR VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS, 42 U.S.C. § 1983, TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS, AND DEFAMATION AND DEFAMATION PER SE

24.    Feeding America is a nationwide, nonprofit network of 200 food banks. YFB has been the exclusive Feeding America services provider for Yolo County for several decades pursuant to a Feeding America Partnership Distribution Organization ("PDO") contract. The PDO contract grants YFB the exclusive right to solicit food donations from Feeding America food donors in Yolo County (e.g., Safeway, Raley's and other large-scale food retailers, wholesalers, and processors). The PDO contract requires YFB to distribute these food donations equitably throughout Yolo County at no cost to low-income recipients. Soliciting food donations, from both Feeding American and non-Feeding America donors, accounts for approximately 65% of the food distributed by YFB in any given year.

25.    YFB is the dominant food recovery and distribution service provider in Yolo County and in the cities of Davis, West Sacramento, Winters, and Woodland. YFB was responsible during the time period relevant to this dispute for collecting and distributing an estimated 90% of the large-scale food donations in Yolo County with the remaining 10% distributed by approximately 80 smaller community organizations most of which are affiliated with YFB as contract agencies.

26.    In or around January of 2018, Plaintiff Bisch was recruited by the YFB board of directors ("YFB Board") to restructure the organization. He was initially hired as its interim executive director on a 1-year employment contract and then as the ongoing executive director. As part of his job, Plaintiff Bisch privately and publicly advocated for full compliance with Food Assistance Mandates nearly from the outset of his hiring. Along these lines, by October of 2018, YFB was working with a qualified consultant who provided YFB advisory services in preparation for pending compliance with the Food Assistance Mandates that were to take effect on January 1, 2022. Plaintiff Bisch himself rapidly became an acknowledged authority on Food Assistance Mandates. Anticipating the rapidly approaching January 1, 2022 start date for the Food Assistance Mandates, YFB's edible food recovery and distribution program grew dramatically during Plaintiff's leadership rapidly becoming one of the leading programs in the State.

- 11 -

COMPLAINT FOR VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS, 42 U.S.C. § 1983, TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS, AND DEFAMATION AND DEFAMATION PER SE

27.     Beginning in June 2019, YFB executive staff led by Plaintiff Bisch began meeting with officials of the governmental entity Defendants (i.e., the Yolo SWM Enterprise described above) to propose a collaborative process for developing a Food Assistance Mandates compliant, countywide edible food recovery and distribution program. The activities of the YFB executive staff were fully known and disclosed to the YFB Board; Plaintiff Bisch had regular discussions with the Board about the enormous opportunity presented by the Food Assistance Mandates to advance YFB's mission. Unfortunately, during a series of meetings between Plaintiff Bisch and each of the Defendant jurisdictions, it is alleged (through alleged examples given below) that representatives from Defendants YOLO COUNTY, DAVIS, WOODLAND, and WEST SACRAMENTO made it generally clear that they were resistant to complying with the Food Assistance Mandates and resistant to collaborating with YFB because they indicated that Defendants YOLO COUNTY, DAVIS, WOODLAND, and WEST SACRAMENTO were not willing to create a funding mechanism for the Food Assistance Mandates as required by state law Food Assistance Mandates:

    a.  On June 24, 2019, Plaintiff Bisch and YFB's consultant met with County of Yolo Waste Reduction and Sustainability Manager Marissa Juhler at Yolo Food Bank's main office. Juhler was remarkably noncommittal about partnering with YFB despite YFB's status as de facto sole player on Food Assistance Mandates services in Yolo County. She made it very evident that she did not have working knowledge of the physical, software, and financial capacity necessary to meet the Food Assistance Mandates. Juhler was very pointed in her hostility when YFB's consultant raised the subject of the mandated requirement of Yolo SWM Enterprise developing a funding stream to support a Food Assistance Mandates program. Juhler said something to the effect that (verbatim or very nearly so), "Raise rates or tipping fees to fund edible food recovery? That's never going to happen. If the Supes raise rates for anything, it will be to fund roadside garbage pickup." She was only open to assisting YFB in seeking one-time grants or to supporting YFB in charging food donors.

COMPLAINT FOR VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS, 42 U.S.C. § 1983, TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS, AND DEFAMATION AND DEFAMATION PER SE

b.  On August 3, 2019, Plaintiff Bisch and YFB's consultant met with City of Woodland officials (Ken Loman and Rosie Ledesma) at Yolo Food Bank's main office. In addition to providing the city officials a tour of the newly constructed YFB facility, a sit-down meeting was held to discuss how YFB might support Yolo SWM Enterprise's pending efforts to meet the Food Assistance Mandates. The meeting was similar to the June 24, 2019 meeting with Marissa Juhler albeit with the visitors signaling indifference to the Food Assistance Mandates funding requirements rather than outright hostility.

c.  On August 8, 2019, Plaintiff Bisch and YFB's consultant met with City of West Sacramento officials (Paulina Benner and Susan Strand) at Yolo Food Bank's main office. Once again, the meeting was similar to the previous two meetings, in which the City of West Sacramento signaled apathy to the Food Assistance Mandate funding requirements and did not appear to be interested in cooperating with YFB.

d.  On September 4, 2019, Plaintiff Bisch and YFB's consultant met with City of Winters Environmental Sustainability Manager Carol Scianna at Yolo Food Bank's main office. Just like the other prior meetings, City of Winters did not appear to take the Food Assistance Mandate funding requirements seriously and appeared to simply go through the motions just like the other cities in Yolo County.

e.  On September 5, 2019, Plaintiff Bisch and YFB's consultant met with City of Davis officials (Richard Tsai and Jennifer Garner) at Yolo Food Bank's office. The meeting was similar to the June 24, 2019 meeting with Marissa Juhler albeit with the visitors signaling indifference to the Food Assistance Mandates funding requirements rather than outright hostility. A significant difference to the previous meetings was that the City of Davis officials expressed their preference of partnering with Davis nonprofits rather than YFB. This was remarkable because: (a) it showed they had no knowledge of how a food recovery and distribution program actually works (i.e., a food bank

COMPLAINT FOR VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS, 42 U.S.C. § 1983, TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS, AND DEFAMATION AND DEFAMATION PER SE

functions as a hub for a network of smaller nonprofits); (b) the Davis nonprofits the Davis city officials specifically named were YFB subcontractors; (c) the Davis nonprofits did not operate at the necessary scale necessary to effectively meet the Food Assistance Mandates; and (d) the city officials were in no position to make such a far-reaching policy decision; rather, such a decision is or should be the purview of the city council.

It was ultimately discovered that the Defendant entities, acting effectively as the Yolo SWM Enterprise described above and/or in coordination as the governmental entity Defendants, were secretly lobbying the state legislature and regulators (which was documented in several lobbying letters uncovered by Plaintiff Bisch), both directly and indirectly, to delay or rescind the Food Assistance Mandates which efforts led to the introduction of SB 619 to the California State Assembly that ultimately failed to pass as further discussed below[2]. Meanwhile, in sharp contrast and in a good faith effort to comply with and prepare for the Food Assistance Mandates, YFB successfully launched its own Food Assistance Mandates outreach to Tier One Generators (i.e., large-scale private, non-governmental food businesses) to bridge the information and messaging gap created by the resistance described above of the Yolo SWM Enterprise.

28.     By September of 2019, Plaintiff Bisch was speaking publicly on issues related to the Food Assistance Mandates. Plaintiff Bisch was invited to speak at a statewide CalRecycle conference where he was asked whether the Defendant entities were preparing for compliance with the Food Assistance Mandates alongside YFB. The California Department of Resources Recycling and Recovery (commonly known as "CalRecycle"), is a governmental branch of the California Environmental Protection Agency ("CalEPA") specifically overseeing waste management,

---

[2] At first, SB 619 sought to indefinitely delay the January 1, 2022 deadline for local jurisdictions to comply. However, these efforts ultimately failed in October 2021, when the final version of SB 619 that became law on October 5, 2021 retained the compliance deadline of January 1, 2022 but allowed local jurisdictions to file a notice to comply and have CalRecycle waive the penalty fees if said jurisdictions implemented the actions proposed in the notification to remedy the violations.

COMPLAINT FOR VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS, 42 U.S.C. § 1983, TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS, AND DEFAMATION AND DEFAMATION PER SE

recycling, and waste reduction programs (including Food Assistance Mandates oversight). Plaintiff Bisch truthfully and in good faith informed the attendees that it appeared to him that the Defendant entities were not taking any action at all (i.e., were failing to take steps to prepare to comply with the Food Assistance Mandates). This disclosure obviously impacted the Defendant government entities, and they became aware of Plaintiff's public statements about their conduct. Plaintiff's disclosure was noted and suitably received by CalRecycle who showed appropriate consternation over the lack of response by the Defendant governmental entities. CalRecycle, on the spot, reacted to this disclosure by offering to support YFB in its Food Assistance Mandates efforts. This partnership with CalRecycle eventually included two grants totaling $800,000, joint public communications and outreach efforts, and support for YFB's interactions with the apparently recalcitrant Yolo SWM Enterprise and/or governmental entity Defendants.

29. In February of 2020, YFB hosted a formal Food Assistance Mandates kickoff event, together with CalRecycle, in the hopes of making Yolo County a pilot for the rollout of compliant programs statewide. The response of the Defendant entities to this event was lackluster. By September of 2020, recognizing that none of the Defendant governmental entities were supportive of partnering on a fully funded, countywide Food Assistance Mandates program, YFB, on its own initiative, launched a road show giving presentations to a number of city and county commissions and other environmental and social services stakeholders.

30. By December 2020, the Defendant governmental entities, acting effectively as the Yolo SWM Enterprise described above and/or in their own right, began what appeared to Plaintiff and others to be a public disinformation campaign regarding the Food Assistance Mandates, appearing to circulate false and/or misleading information about: (i) requirements for meeting the Food Assistance Mandates, (ii) the scale of the challenge, and (iii) the potential service providers. These developments were highly concerning to Plaintiff Bisch, the YFB executive staff, and the YFB Board at the time because at this point in time, YFB was already operating at maximum capacity to receive and process food donations, and without the support and/or cooperation from the

COMPLAINT FOR VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS, 42 U.S.C. § 1983, TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS, AND DEFAMATION AND DEFAMATION PER SE

Defendant governmental entities to expand the infrastructure and program capacity needed to comply with Food Assistance Mandates, any food donations beyond the current capacity of YFB would be literally wasted and any food donations recovered from the Tier One Generators would never reach food-insecure community members. As such, in the interest of protecting bona fide public interest in food recovery and to comply with Food Assistance Mandates, Plaintiff Bisch, the YFB executive staff and the YFB Board believed in good faith that they had to speak up and fight against the disinformation campaign which the Defendant governmental entities appeared to have launched, and did so accordingly.

31.     Separately, around March 2021, Plaintiff Bisch learned of a renewed effort by Defendant governmental entities acting effectively as the Yolo SWM Enterprise described above and/or in their own right to lobby the state legislature to delay, defund, and ultimately rescind the Food Assistance Mandates. It is important to note that, on information and belief, these lobbying efforts by county and city officials were never publicly disclosed until the introduction of SB 619 in the California legislature in early 2021.

32.     By around May or June 2021, it became evident from recorded public meetings and records that the Defendant government entities acting effectively as the Yolo SWM Enterprise and/or in their own right had developed several strategies for evading the Food Assistance Mandates, one of which was to disseminate what appeared to be and what Plaintiff Bisch reasonably believed to be known, false underestimates of the amount of surplus food generated by Tier One Generators in Yolo County. During this time, Plaintiff Bisch reasonably believed, and believes now, that these were knowingly and/or recklessly false statements made by government officials in violation of rules and regulations governing their conduct. Examples of other false statements and/or misleading conduct include, but are not limited to, the following examples:

COMPLAINT FOR VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS, 42 U.S.C. § 1983, TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS, AND DEFAMATION AND DEFAMATION PER SE

a. In an October 12, 2021 Yolo County Supervisor Official Meeting[3], officials from Defendant YOLO COUNTY made the following statement: "secure agreements with the nine food recovery organizations identified as having the capacity and with the Yolo Food Bank". The agenda statement was false and/or misleading for two reasons: (a) the Yolo SWM Enterprise had at that time failed to confirm whether, and to what extent, the nine recovery organizations had any capacity; and (b) the Yolo Food Bank had already informed the Yolo SWM Enterprise that it would not be entering into any such agreement because the terms were untenable.

b. In a December 14, 2021 Davis City Council Meeting[4], officials from Defendant DAVIS made the following false statement in their staff report:

   i. *"The main focus of SB 1383 is waste diversion and associated methane reduction. However, a secondary benefit in redirecting food that should not go to waste was identified in the regulations, along with the complementary high need for serving those in the community that are food insecure."*... While the Yolo SWM Enterprise all along did indeed treat the Food Assistance Mandates as a secondary consideration to the other components of SB 1383, this statement is false and misleading because SB 1383 and the related state regulations contains no such foci, rankings, or prioritizations.

33. During the summer of 2021, Bisch and other YFB staff and directors had a reasonable basis to believe that many of the Yolo SWM Enterprise's efforts to circumvent the Food Assistance Mandates were failing. All of this was reported repeatedly by Plaintiff Bisch to

---

[3] A video recording of the October 12, 2021 meeting and presentation can be found at the Yolo County Supervisor's Meeting Archive at the following URL: https://yolocountyca.swagit.com/play/10122021-819 – last accessed Mar. 8, 2023.

[4] A copy of the December 14, 2021 Davis City Council Meeting Minutes can be found at the following URL: https://documents.cityofdavis.org/Media/CityCouncil/Documents/PDF/CityCouncil/CouncilMeetings/Minutes/2021/Minutes-2021-12-14-City-Council-Meeting.pdf – last accessed Mar. 8, 2023.

COMPLAINT FOR VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS, 42 U.S.C. § 1983, TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS, AND DEFAMATION AND DEFAMATION PER SE

Defendants YOLO COUNTY, DAVIS, WOODLAND, and WEST SACRAMENTO. In return, Bisch and his YFB colleagues were repeatedly harassed and retaliated against by the Defendants in response to Plaintiff Bisch's efforts to shed light on the Yolo SWM Enterprise's scheme to circumvent compliance with the Food Assistance Mandates. The harassment included numerous instances of public and private accusations misrepresenting and or berating the actions and/or positions of Plaintiff Bisch and the YFB executive staff, and also included instances where various Defendants attempted to improperly pressure YFB and/or Plaintiff Bisch. Examples of this include but are not limited to:

a. On July 14, 2021, Defendant HIATT told Plaintiff Bisch by telephone that Defendant WEBB was accusing Bisch of some kind of improper "money grab" in his Food Assistance Mandates advocacy and went on to tell Defendant HIATT that was supposedly why Plaintiff Bisch submitted an unsolicited funding proposal to various Defendants. Plaintiff Bisch followed up afterwards by emailing Defendant HIATT documents refuting Defendant WEBB's accusation.

b. On July 20, 2021, Defendant SAYLOR, with then Yolo County Assistant Deputy Sara Simmons in attendance, berated Plaintiff Bisch during a meeting at Defendant SAYLOR's Davis office for Bisch's Food Assistance Mandates advocacy. During the meeting, Defendant SAYLOR also made the astonishing claim that the Food Assistance Mandates had nothing to do with increasing food security. A YFB staff member, also in attendance, afterwards summarized the meeting as Defendant SAYLOR taking Plaintiff Bisch "to the woodshed."

c. On August 25, 2021, in a Food Assistance Mandate "stakeholder meeting" between large-scale food donors and Yolo SWM Enterprise (as described above) officials, YFB Board member Kate Stille (who is also co-owner of the local Nugget Markets chain) informed attendees that YFB would not be participating in the Yolo SWM Enterprise Food Assistance Mandate program because the proposed program was not

COMPLAINT FOR VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS, 42 U.S.C. § 1983, TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS, AND DEFAMATION AND DEFAMATION PER SE

compliant. A Yolo SWM Enterprise official (Marissa Juhler), according to Stille, "threw it [the YFB rejection] back in my face."

d. On September 14, 2021, in the aftermath of the stakeholder meeting described above, the Defendant government entities acting effectively as the Yolo SWM Enterprise described above and in their own right, demanded that YFB accept an untenable funding proposal requiring YFB to provide below-cost services to the Defendants to assist them in effectively circumventing the Food Assistance Mandates. Specifically, in a letter dated September 27, 2021 from the Defendant governmental entities to YFB addressed to Plaintiff Bisch, the Defendant governmental entities demanded that YFB re-allocate $1.4 million of YFB funding received from the State so that the Yolo SWM Enterprise and/or Defendant governmental entities could meet the Food Assistance Mandates. The letter itself read as if coordinated by Defendants acting effectively as the Yolo SWM Enterprise described above. It was on County of Yolo Director Taro Echiburu's letterhead, signed by County of Yolo Division Director Ramin Yazdani, emailed to Plaintiff Bisch by County of Yolo Waste Reduction and Sustainability Manager Marissa Juhler, and stated "With the support of the Cities of Davis, West Sacramento, Winters and Woodland" (the letter also included the logos of all five public entities). The September 27, 2021 letter also repeated the untenable funding proposal. The untenable funding proposal was appropriately rejected by Plaintiff Bisch (with YFB Board authorization) and the demand for YFB to use its own funding so that the Defendants could meet their state mandates was appropriately rejected by Plaintiff Bisch and YFB. Undeterred by the rejection, Defendants YOLO COUNTY, DAVIS, WEST SACRAMENTO, and the City of Winters all publicly adopted and pursued in ramrod fashion the untenable funding proposal as discussed further below on October 12, 2021.

- 19 -

COMPLAINT FOR VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS, 42 U.S.C. § 1983, TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS, AND DEFAMATION AND DEFAMATION PER SE

e. On September 17, 2021, in a Zoom meeting, Defendant SAYLOR attempted to bully Plaintiff Bisch into accepting said Yolo SWM Enterprise "untenable" funding proposal. Defendant SAYLOR made a statement to the effect of, "How dare you, a mere nonprofit ED, decline a proposal that all four city managers said was fair?" Bisch respectfully informed Defendant SAYLOR that he was acting at the direction of the YFB Board whose position was that the Yolo SWM Enterprise's "untenable" funding proposal would result in a +$2 million annual funding gap for YFB, which YFB had no ability to sustain. Defendant SAYLOR and his deputy, Tara Thronson, then peppered Plaintiff Bisch with a number of "gotcha" style questions, clearly with the mistaken belief that Bisch was somehow being disingenuous, all of which Bisch responded to matter-of-factly and appropriately.

f. Also on September 20, 2021, Plaintiff Bisch received a call from an irate then YFB Board Chairperson Tom Muller, after Muller had received angry calls from Defendant SAYLOR and from YFB Board member Kate Stille (who seems to have received yet another call from Defendant SAYLOR). Defendant SAYLOR was apparently upset with Plaintiff Bisch because Bisch had purportedly declined the Yolo SWM Enterprise's "untenable" funding proposal. Defendant SAYLOR was now demanding that the YFB Board reverse themselves by now accepting the "untenable" proposal, putting undue and inappropriate pressure on YFB Board to accept the untenable proposal. It was becoming evident from these interactions that YOLO COUNTY, through Defendant SAYLOR, appeared to be manipulating or pressuring the YFB Board members against Plaintiff Bisch for speaking up and going against the demands of YOLO COUNTY, despite the fact that the demands of YOLO COUNTY and the Yolo SWM Enterprise were against public interest and contrary to the Food Assistance Mandate.

COMPLAINT FOR VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS, 42 U.S.C. § 1983, TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS, AND DEFAMATION AND DEFAMATION PER SE

g. On October 12, 2021, despite YFB appropriately declining the Yolo SWM Enterprise funding proposal and other obviously unreasonable demands from Defendants YOLO COUNTY, DAVIS, WOODLAND, and WEST SACRAMENTO related to the Food Assistance Mandates, Defendant YOLO COUNTY, in a highly unusual maneuver which seemed obviously intended to publicly pressure YFB, submitted the non-tenable funding proposal to its Board of Supervisors (on information and belief, County officials submitted the proposal to the Board of Supervisors without publicly disclosing YFB's prior rejection to the proposal, which the Supervisors then unanimously approved), practically sidestepping and ignoring YFB's decision and open statement that they would decline the funding proposal.

h. On November 2, 2021, after the Yolo SWM Enterprise demanded a formal response from YFB, the YFB Board formally declined the untenable Yolo SWM Enterprise funding proposal and communicated the rejection of the proposal to the Yolo SWM Enterprise via Defendant YOLO COUNTY.

i. From October 2021 to January 2022, in direct response to the undue pressure and retaliatory behavior by the Defendant governmental entities and their agents as alleged in the preceding paragraphs, Plaintiff Bisch was pressured by the YFB Board to stop speaking publicly to government agencies or third parties about the County's and cities' noncompliance and to modulate how he spoke. For example, on November 4, 2021, a meeting was convened by then YFB Board Chairperson Tom Muller, then YFB Board Member Kate Stille, and unexpectedly a YOLO COUNTY official (then County of Yolo HHSA Service Center Branch Director Nolan Sullivan). In the meeting, in front of the YOLO COUNTY official, Plaintiff Bisch was cautioned about his communications with the community—it became immediately apparent that YOLO COUNTY was beginning to put pressure on YFB

COMPLAINT FOR VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS, 42 U.S.C. § 1983, TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS, AND DEFAMATION AND DEFAMATION PER SE

to reign in Plaintiff Bisch's speech on noncompliance with the Food Assistance Mandates.

34.    It is alleged that Defendants YOLO COUNTY, DAVIS, WOODLAND, and WEST SACRAMENTO then proceeded to escalate pressure on the YFB Board to try to reign Plaintiff Bisch in and muzzle his speech. By January 1, 2022 and thereafter, it was clear to Plaintiff Bisch, based on his industry expertise, that the Yolo SWM Enterprise and/or the individual governmental Defendants were noncompliant with Food Assistance Mandates despite their false public reports and presentations to the contrary (on information and belief, this noncompliance is believed to be ongoing as of this date). Plaintiff Bisch reported the Yolo SWM Enterprise's noncompliance and incorrect reporting to State regulators (CalRecycle) on three separate occasions in the February - April 2022 timeframe, and twice to the Yolo SWM Enterprise during this same timeframe:

- On February 11, 2022, Plaintiff Bisch emailed CalRecycle officials Pinar Kose and Robert Carlson alerting them to the actions of the Yolo SWM Enterprise and/or governmental Defendant entities, specifically alleging that Defendants were significantly underestimating the total amount of edible food generated in Yolo County; i.e., alerting state officials to the governmental Defendants' efforts to circumvent the Food Assistance Mandates by dramatically underreporting the mandated program and infrastructure needs. Bisch's email contained detailed data supporting his allegations. Defendants WEBB, HIATT, RINDE, and Winters City Manager Kathleen Trepa were all copied on the email. The email was also forwarded to Winters City Councilmember Jesse Loren.

- On March 15 2022, Plaintiff Bisch had his subordinate, Valerie Dennis, communicate information similar to Bisch's February 22, 2022 email to CalRecycle Shaina Meiners via the CalRecycle grants reporting portal. Ms. Meiners confirmed receipt on March 22, 2022. Ms. Meiners at that time invited YFB to an April meeting with CalRecycle "management."

- 22 -

COMPLAINT FOR VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS, 42 U.S.C. § 1983, TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS, AND DEFAMATION AND DEFAMATION PER SE

- On March 18, 2022, Plaintiff Bisch had then YFB Program Director Zane Hatfield send an email similar to Bisch's February 11, 2022 email to the Yolo Food Security Coalition, which includes officials from Defendants YOLO COUNTY, DAVIS, WOODLAND, WEST SACRAMENTO, and the city of Winters.

- On April 18, 2022, Plaintiff Bisch and his subordinates Zane Hatfield, Corkey Mapalo, and Valerie Dennis met remotely with CalRecycle officials at their request to discuss the March 15, 2022 YFB complaint uploaded to the CalRecycle grant portal. The CalRecycle officials in attendance were Shaina Meiners, Stephanie Frieders, Marissa Cota, Pinar Kose, Kyle Pogue, Robert Carlson, Alex Byrne, and Tim Hall. Plaintiff Bisch specifically stated "…we've hit an immovable wall of jurisdictional intransigence…" as far as Food Assistance Mandates program implementation in Yolo County. Bisch went on to report his good faith belief that the Yolo SWM Enterprise was employing a strategy to intentionally understate the program requirements "to reduce their state-mandated funding obligations." Plaintiff Bisch went on to express his good faith concerns that the Yolo SWM Enterprise actions and/or actions of the governmental Defendants were actually resulting in less food assistance in Yolo County instead of more as was required under the Food Assistance Mandates.

Plaintiff Bisch shared these concerns regarding the governmental Defendant entities' noncompliance and false reporting with the YFB Board, various community stakeholders, a number of YFB staff, and the Sacramento Business Journal.

35. Moreover, during the first quarter of 2022, YFB executive staff and Plaintiff Bisch reasonably believed that the Yolo SWM Enterprise and/or governmental Defendant entities appeared to be taking steps which interfered with YFB's mission-critical contractual arrangements with its nonprofit partners and indirectly with YFB food and fund donors and ultimately targeted Plaintiff Bisch:

COMPLAINT FOR VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS, 42 U.S.C. § 1983, TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS, AND DEFAMATION AND DEFAMATION PER SE

a. On March 11, 2022, YFB Board Member Kate Stille (and Nugget Markets Co-Owner), thoroughly frustrated with Yolo SWM Enterprise intransigence and bullying regarding the Food Assistance Mandates, sent Plaintiff Bisch the following text message:

"…Eric's [Kate Stille's husband and Nugget Markets Co-Owner] given the okay for me to write a scathing letter to all electives, city managers and staff that I have interacted with on this issue. I'll put it together this weekend. They are successfully ignoring the concerns of a prominent local business that has been more than willing to educate them as to the complexity of our business – and ultimately asking me to put aside a successful [Food Assistance Mandates] program and replace it with one [the new Yolo SWM Enterprise program] that is not fully thought out, will eventually lead to reduction of food to the needy in our community and put more of the burden on tier 1 generators."

b. Against this backdrop, as Yolo SWM Enterprise and/or governmental entity Defendants' noncompliance and the Food Assistance Mandates program's failure became more obvious, it has since been discovered and is now alleged that on March 11, 2022, Winters City Manager Kathleen Trepa and Defendants RINDE, WEBB, LAUREL and HIATT met to discuss Plaintiff Bisch's public advocacy on the Food Assistance Mandates and whistleblower activities. At this meeting, West Sacramento city manager Defendant LAUREL falsely made statements to the other attendees at the meeting, accusing Plaintiff Bisch of extorting a West Sacramento nonprofit (i.e., the Mercy Coalition, as alleged above), alleging that Plaintiff Bisch and YFB were allegedly "terminating or threatening to terminate subcontracts with partner nonprofits who consider or accept funding from the County related to the expansion of the edible food recovery program." These statements were false because no such extortion took place; rather, YFB had offered the Mercy Coalition a funding proposal. It is alleged that these officials then agreed at this meeting among

- 24 -
COMPLAINT FOR VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS, 42 U.S.C. § 1983, TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS, AND DEFAMATION AND DEFAMATION PER SE

themselves to reach out to their respective Yolo County supervisor(s) to silence and put pressure on Plaintiff Bisch.

c. Coincidentally on March 11, 2022, Plaintiff Bisch emailed Defendant LAUREL and Woodland city manager Defendant HIATT to follow up on Plaintiff Bisch's outstanding July 26, 2021 request for $700,000 in American Rescue Plan Act funding from each city (Davis, West Sacramento, and Woodland). The ARPA funding was the type of funding which YFB, as a well-regarded prominent food assistance service provider, would likely generally receive given the enormous services it provided to each of the cities (particularly during the COVID-19 pandemic). Shockingly, Defendant LAUREL promptly responded with a one-sentence email, stating "Yes, I would like an explanation for why YFB has attempted to extort one of our local service providers," again repeating by implication the same false accusation of Plaintiff Bisch committing extortion against a third-party nonprofit. Defendant HIATT was copied on Defendant LAUREL's email reply.

d. On March 8, 2022, the CEO of Food Bank of Contra Costa and Solano, Joel Sjostrom, called Plaintiff Bisch demanding to know why he was "cutting off" nonprofit partners from food supplies. Bisch told Sjostrom he was not cutting off anyone. Sjostrom equivocated when Plaintiff Bisch questioned him about his information source. As background information, it should be noted that YFB operates as a Feeding America Subcontractor under Food Bank of Contra Costa and Solano, and without said contract, YFB and 25,000 low-income residents in Yolo County would be severely impacted.

e. On March 13, 2022, during a social get together at a restaurant in Davis between Plaintiff Bisch, Winters City Councilmember Jesse Loren and West Sacramento Mayor Martha Guerrero, Plaintiff Bisch shared Defendant LAUREL's "extortion" email with Mayor Guerrero. Mayor Guerrero then called Defendant LAUREL who

- 25 -

COMPLAINT FOR VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS, 42 U.S.C. § 1983, TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS, AND DEFAMATION AND DEFAMATION PER SE

confirmed that he had indeed sent Plaintiff Bisch the "extortion" email and doubled down on his accusation by telling the Mayor he had an "unimpeachable source" for his extortion accusation.

f. On March 14, 2022, in a telephone call between Plaintiff Bisch, then YFB Board members Daniel Ramos and Kate Stille, Mr. Ramos informed Plaintiff Bisch and Stille that he had received a call from Defendant LAUREL accusing Plaintiff Bisch of "cutting off" food supplies to the Mercy Coalition. Ramos said he had received a call from Defendant WEBB with a similar accusation. Stille said she too had received such a call from Defendant HIATT. On this 3-way call, Plaintiff Bisch unequivocally denied these allegations as being false and defamatory. It was also during this 3-way call that Plaintiff Bisch learned from Ramos of the March 11, 2022 meeting of the four city managers and Yolo County's interim chief administrative officer where the five local government officials each agreed to contact their respective county supervisors to complain about Bisch's public advocacy on the Food Assistance Mandates and Plaintiff Bisch's whistleblower activities and to encourage the Yolo County Board of Supervisors to take action against Plaintiff Bisch and YFB.

g. On March 14, 2022, YFB executive staff met remotely (via online video conference) with UC Davis representatives regarding a Food Assistance Mandates funding proposal that UC Davis had received from the Yolo SWM Enterprise. Similar information was exchanged by YFB with UC Davis as was previously given to CalRecycle. UC Davis then declined the Yolo SWM Enterprise's funding proposal after the meeting with YFB executive staff.

h. On the afternoon of March 15, 2022, then YFB Board chairperson Tom Muller called Plaintiff Bisch to warn him that YFB would be receiving a "nasty" letter from Defendant YOLO COUNTY's Board of Supervisors. Muller told Plaintiff Bisch our "county friend" (Plaintiff Bisch understood this, and Muller is alleged to have stated

- 26 -

COMPLAINT FOR VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS, 42 U.S.C. § 1983, TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS, AND DEFAMATION AND DEFAMATION PER SE

this, as a reference to then County of Yolo HHSA Service Center Branch Director Nolan Sullivan) told Muller the Supervisors had met and were issuing such a letter. Plaintiff Bisch alleges and indeed recognized at that time that the Board of Supervisors had likely formally met in closed session, in direct response to requests made by municipal Defendant officials, without any public notice, to discuss how to pressure YFB to silence or remove Plaintiff Bisch. This letter is believed to be the culmination of months of pressure placed on Plaintiff Bisch by Defendant YOLO, the Yolo SWM Enterprise, and/or the municipal Defendants who asked Yolo County Supervisors to use their influence with the YFB Board to silence, muzzle or remove Plaintiff Bisch. After the call, Plaintiff Bisch confirmed online through the County's publicly available website that the Board of Supervisors had indeed met in closed session— "Conference with Legal Counsel – Anticipated Litigation"—which raises serious questions of a potential violation of the Ralph M. Brown Act.

i. Also on March 15, 2022, as previously pled above, YFB executive staff and Plaintiff Bisch submitted to the CalRecycle Financial Resources Branch a quarterly grant report via the CalRecycle grant reporting portal, stating expressly that the Defendant YOLO COUNTY and cities including all municipal Defendants were not Food Assistance Mandates compliant and were understating the amount of surplus edible food generated in Yolo County by Tier One Generators. The YFB report was made in good faith and based on reasonable data and evidence and concluded that Defendants YOLO COUNTY, DAVIS, WOODLAND, and WEST SACRAMENTO's noncompliance was responsible for YFB missing certain agreed upon CalRecycle grant goals, thereby harming YFB and making YFB ineligible for future CalRecycle grants. The report, one of several, is believed to have ultimately triggered retaliation by Defendants YOLO COUNTY, DAVIS, WOODLAND, and WEST SACRAMENTO because it shed light on Food Assistance Mandates noncompliance

- 27 -
COMPLAINT FOR VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS, 42 U.S.C. § 1983, TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS, AND DEFAMATION AND DEFAMATION PER SE

by Defendants YOLO COUNTY, DAVIS, WOODLAND, and WEST SACRAMENTO.

j. On March 17, 2022, Abound Food Care CEO Mike Learakos (Yolo SWM Enterprise's consultant), confirmed in a phone conversation with Bisch that Defendant YOLO COUNTY contacted Feeding America HQ in Chicago because Defendant YOLO COUNTY was upset with YFB. Specifically, Learakos went on to say to Plaintiff Bisch that YOLO COUNTY officials were upset, in that they were purportedly insulted and embarrassed by Plaintiff Bisch's public comments. The conversations with Learakos and Sjostrom suggested to Plaintiff Bisch that YOLO COUNTY officials were making defamatory statements and were communicating them directly to third parties including Learakos and Sjostrom, and once again were also attempting to silence him.

k. On March 17, 2022, Defendant RINDE initiated an email exchange with Plaintiff Bisch making various outrageous accusations against Bisch regarding the Food Assistance Mandates. On information and belief, such accusations were copied internally among YOLO COUNTY officials, and/or on information and belief were disseminated to third party entities or individuals. Defendant RINDE's statements and accusations were false and defamatory, including statements alleging that "the Yolo Food Bank (YFB) is possibly terminating or threatening to terminate access to food for those food recovery agencies that may opt-in to accept funding from the County and cities as part of the edible food recovery program that the County's Board of Supervisors and the cities of Davis, Woodland, West Sacramento and Winter's collectively approved in October/November 2021." Plaintiff Bisch stated unequivocally in reply that Defendant RINDE's accusations were inaccurate.

l. Also on March 17, 2022, then YFB Board Chairperson Tom Muller received a call from then Yolo County Supervisor Defendant SAYLOR, where Defendant SAYLOR

- 28 -

COMPLAINT FOR VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS, 42 U.S.C. § 1983, TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS, AND DEFAMATION AND DEFAMATION PER SE

made a number of threats against YFB and Plaintiff Bisch related to the Food Assistance Mandates, which included the threat of Defendant YOLO COUNTY withholding funds from YFB until YFB addresses the problem of Plaintiff Bisch.

m. On March 18, 2022, as previously alleged above, then YFB Program Director Zane Hatfield, at the direction of Plaintiff Bisch, sent a detailed email to the Yolo Food Security Coalition showing how YFB believed in good faith, relying on reasonable data, that the County and its cities including the municipal Defendants named here were not compliant with Food Assistance Mandates. The distribution list for the email included numerous Defendant YOLO COUNTY officials and numerous community stakeholders. Plaintiff Bisch drafted the email, which then YFB Program Director Hatfield edited before distributing it to the Coalition.

n. Also on March 18, 2022, Defendant RINDE emailed a formal letter from the County Board of Supervisors to Plaintiff Bisch and to Plaintiff Bisch's direct supervisors, the YFB Board. The County Supervisors, clearly in an effort to shut down Bisch's Food Assistance Mandates advocacy and whistleblower activities ("We also recognize that your CEO, Michael Bisch, contends that the local approach to Food Assistance Mandates compliance is somehow legally deficient…"), threatened to redirect American Rescue Plan Act funding from YFB to other local nonprofits (the County had approved, but not yet released, $1,178,000 in American Rescue Plan Act funding to YFB on January 25, 2022; and Davis had approved, but not yet released, $500,000 in American Rescue Plan Act funding to YFB on March 1, 2022). This was a coordinated letter speaking not only for the Defendant YOLO, but also speaking for and in direct coordination with the municipal Defendants who had been urging Defendant YOLO and coordinating with Defendant YOLO to muzzle, silence or force the ouster of Plaintiff Bisch. The County's counsel, Philip Pogledich ("County Counsel"), and the city managers of all four incorporated cities in Yolo County were

- 29 -

COMPLAINT FOR VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS, 42 U.S.C. § 1983, TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS, AND DEFAMATION AND DEFAMATION PER SE

copied on the County Supervisors' March 18, 2022 letter and were also copied on the accompanying email from Defendant RINDE (i.e., they all had actual knowledge of the letter contents). Later that evening, Plaintiff Bisch received a forwarded email from Winters city manager Kathleen Trepa, wherein she forwarded the County Supervisors' March 18, 2022 letter and Defendant RINDE's cover email to the entire Winters city council (i.e., they too had actual knowledge of the letter contents). On information and belief, similar email forwards and dissemination of this information occurred among the leadership of all Defendants in this matter. The County Board of Supervisors' March 18, 2022 letter had a profoundly chilling effect on Plaintiff Bisch's speech and action, and Plaintiff Bisch now feared his employment termination was imminent. Moreover, nearly all of the YFB Board members, in private communications with Plaintiff Bisch, agreed that the letter was very damaging to Plaintiff Bisch's professional reputation, and the letter also placed pressure on YFB to act against Plaintiff Bisch to protect its position with the governmental entities exerting the improper pressure on YFB and Plaintiff Bisch.

o. On March 19, 2022, in direct response to the written threat from Defendant YOLO COUNTY, which threat appeared on its face (based on their past conduct coordinating to put pressure on Plaintiff Bisch) to be a threat from all Defendants, a YFB Board member contacted Bisch with a scheme he and another YFB Board person had concocted. They proposed putting Plaintiff Bisch on a "pretend" paid leave while they would conduct a "pretend" 2-3 week investigation to appease the Yolo County Board of Supervisors and the rest of the Yolo SWM Enterprise. Plaintiff Bisch refused to participate in the scheme, but the scheme reflected the enormous pressure the governmental entity Defendants and certain individual Defendants (specifically Defendants BARAJAS, VILLEGAS, SAYLOR, RINDE, LAUREL, HIATT, and WEBB) were placing on YFB.

- 30 -
COMPLAINT FOR VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS, 42 U.S.C. § 1983, TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS, AND DEFAMATION AND DEFAMATION PER SE

p. On March 24, 2022, then YFB Board Chairperson Tom Muller called Plaintiff Bisch saying (paraphrasing closely): "Staff needs to ease off on" the Food Assistance Mandates" "for a little bit, so that we can get that ARP funding secured."

q. On March 30, 2022, shockingly and in continued retaliation against Plaintiff Bisch, then County of Yolo Interim HHSA Director Nolan Sullivan told Plaintiff Bisch the Yolo County Board of Supervisors was not prepared to release any of the previously approved American Rescue Plan Act funding to YFB until they saw how the YFB Board would respond to the Supervisors' March 18, 2022 letter. Defendant YOLO COUNTY, specifically through Defendant RINDE, then delayed a previously scheduled American Rescue Plan Act grant agreement meeting between Defendant YOLO COUNTY and Plaintiff Bisch. Plaintiff Bisch was told by Sullivan, "Yeah, County Supervisors are upset and want their pound of flesh." Sullivan also told Plaintiff Bisch, without naming names, that a YOLO COUNTY official had been blocking all attempts, over many months, to arrange a substantive meeting between YFB and the Yolo SWM Enterprise because said County official was "butthurt" or unjustifiably offended.

r. On April 22, 2022, Plaintiff Bisch learned that at the March 24, 2022 Yolo Waste Advisory Committee (WAC) meeting, the Yolo SWM Enterprise officials and/or officials of the Defendant governmental entities admitted among themselves that their Food Assistance Mandates program "didn't work as well as anticipated" after less than three months in operation. It is alleged that the conduct of the Yolo SWM Enterprise and/or each of the governmental Defendant entities prior to January 1, 2022, which Plaintiff Bisch had disclosed publicly, appeared to be now catching up as their programs were not functioning well and not compliant with the Food Assistance Mandates.

- 31 -
COMPLAINT FOR VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS, 42 U.S.C. § 1983, TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS, AND DEFAMATION AND DEFAMATION PER SE

s.   Also on April 22, 2022, in an effort to appease the Yolo SWM Enterprise, the YFB Board sent a response letter to the County Board of Supervisors. The letter went on to say Plaintiff Bisch was being replaced as the "primary liaison" between YFB and the Yolo SWM Enterprise. It should be noted that the tone and content of the YFB letter was clearly influenced by, pressured by, and the result of the months of pressure and retaliation against Plaintiff Bisch and the comments made by Interim Yolo County HHSA Director Nolan Sullivan stating that the County Supervisors were upset and wanted their pound of flesh.

t.   On April 27, 2022, Winters city council member Jesse Loren informed Plaintiff Bisch that the YFB Board's April 22, 2022 response letter (i.e., the YFB Board letter essentially succumbing to months of pressure exerted by Defendants) had been shared with the County Counsel and the city managers of all four incorporated cities in Yolo County who in turn shared the response letter with all of their governing bodies (i.e., they all had actual knowledge of the response letter contents).

u.   On April 27, 2022, during a YFB Board meeting via online video conference (where the meeting was at least partially recorded), three YFB Board members stated they had received calls that very day from Yolo County Board of Supervisors Angel Barajas, and Oscar Villegas, demanding "retribution" against Bisch and then YFB Programs Director Zane Hatfield. Then YFB Board Chairperson Tom Muller went on to make a statement to the effect that YFB's continuing employment of Plaintiff Bisch and the employment of then YFB Program Director Zane Hatfield (who had participated in filing complaints against the Yolo SWM Enterprise), was no longer tenable. At this same meeting, Muller unwittingly disclosed the alleged fact that the Yolo County Board of Supervisors had once again possibly allegedly violated the Ralph M. Brown Act by holding a closed session to discuss retaliation against YFB and Plaintiff Bisch without proper public noticing. Bisch later verified online that the

- 32 -

COMPLAINT FOR VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS, 42 U.S.C. § 1983, TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS, AND DEFAMATION AND DEFAMATION PER SE

Board of Supervisors had indeed met in closed session a second time, with such session described as "Conference with Legal Counsel – Anticipated Litigation," again at the very least potentially in violation of the Ralph M. Brown Act.

36. Beginning mid-March 2022, various efforts by the governmental Defendant entities and individual Defendants, specifically, including but not limited to Defendants ANGEL BARAJAS, OSCAR VILLEGAS, DONALD SAYLOR, CHAD RINDE, AARON LAUREL, KEN HIATT, and MICHAEL WEBB, to pressure the YFB Board to terminate Plaintiff Bisch's employment ensued and ultimately proved successful on May 31, 2022. Similar pressure also resulted in the termination of then YFB Program Director Zane Hatfield. A primary reason stated by the YFB Board for Bisch's termination was that Defendant YOLO COUNTY officials were upset with Plaintiff Bisch's "communications." This termination was the direct result of the actions of Defendants described above to (i) silence Plaintiff Bisch by placing pressure on the YFB Board to muzzle Plaintiff Bisch (see e.g. preceding paragraph 35(a) to (u));  (ii) defame Plaintiff Bisch to other government officials and YFB Board members, accusing Plaintiff Bisch falsely of improper conduct and thereby impugning his professional qualifications and ability to continue as Executive Director (see paragraph 35(n)); and (iii) directly threaten withholding funding unless YFB address the "Bisch" problem—with a written letter directly implying that Bisch should be fired in order for YFB to get the awaited funding (see paragraph 35(n) regarding the March 18, 2022 letter sent by YOLO COUNTY to the YFB Board).

37. On June 15, 2022, shockingly and confirming the pattern of improper conduct which defamed Plaintiff Bisch, tortiously interfered with his employment, and deprived him of his 1st and 14th Amendment rights, two weeks after Bisch's termination, Defendant YOLO COUNTY signed the stalled $1,178,000 American Rescue Plan Act grant agreement with YFB (YFB countersigned on June 16, 2022).

38. On July 12, 2022, Defendant COUNTY's Board of Supervisors formally approved the stalled $1,178,000 American Rescue Plan Act grant agreement with YFB.

- 33 -
COMPLAINT FOR VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS, 42 U.S.C. § 1983, TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS, AND DEFAMATION AND DEFAMATION PER SE

39. On July 29, 2022, City of Davis Councilmember Josh Chapman, had Plaintiff Bisch over to his personal residence for a one-on-one conversation where it is alleged Chapman made a comment similar to the following (paraphrasing): "Unless there was some directly benefit to the Food Bank, why are you even saying anything about the County and the cities not being compliant with SB 1383 [i.e. the Food Assistance Mandates]? Isn't that the crux of it? If you hadn't said anything, you'd still have a job, right? After all, that's the only source of conflict for you." It is also alleged that during this meeting, Chapman also readily admitted to Plaintiff Bisch that the County and the cities had no intention of actually recovering and distributing food.

40. On October 25, 2022, Defendant COUNTY'S Board of Supervisors approved an additional $375,000 in American Rescue Plan Act funding for YFB.

41. It is alleged on information and belief Defendants engaged in the defamatory conduct described above against Plaintiff Bisch, and that said conduct constituted both defamation and defamation per se, and that said conduct was not protected by any applicable privilege because said conduct was carried out with malice and bad faith. Specifically, as described above in detail, the Defendants were motivated by their desire to silence, discredit and ultimately force Bisch out of YFB so that he would stop shedding light on potential misconduct by Defendants. It should be further noted that there are possibly other individuals, including former and present government officials who participated in the defamation and/or retaliation against Plaintiff Bisch, and Plaintiff Bisch reserves the right to name additional defendants to this case once the identities and the actions of such individuals have been identified through discovery in this matter.

FIRST CAUSE OF ACTION

(Violation of First Amendment Rights, 42 U.S.C. § 1983 against ALL DEFENDANTS)

42. Plaintiff Bisch re-alleges and incorporates by reference each and every paragraph above.

43. Defendants at all times relevant to this action were acting under the color of state law.

- 34 -

44.    Plaintiff Bisch's disclosure of Defendants YOLO COUNTY, DAVIS, WOODLAND, and WEST SACRAMENTO's efforts to subvert and not comply with the Food Assistance Mandates amounts to protected speech because it substantially addressed matters of public concern. Plaintiff Bisch's disclosure concerned wrongdoing at the highest levels of Defendant Yolo County and Defendant Cities of West Sacramento, Davis, and Woodland local governments, whose governments were specifically tasked with and responsible for the implementation of the Food Assistance Mandates. Plaintiff Bisch also disclosed malicious acts, self-serving conduct, and violations of law by Defendants. Plaintiff Bisch's speech was directly aimed at critical issues of governmental mismanagement, misuse and waste of governmental resources and explicit defiance of law involving Defendants YOLO COUNTY, DAVIS, WOODLAND, and WEST SACRAMENTO.

45.    Plaintiff Bisch directed his protected speech to the food recovery nonprofit community and the public in an effort to prompt corrective conduct by Defendants Yolo County and Defendants City of West Sacramento, Davis, and Woodland officials who were potentially capable of putting an end of the noncompliance effort and misconduct.

46.    Plaintiff Bisch's protected speech, which substantially addressed matters of public concern, was a substantial motivating factor in the Defendants' efforts to defame Plaintiff Bisch, and to put undue influence and pressure on the YFB Board to silence Plaintiff Bisch and ultimately terminate Bisch. Specifically, Defendants directly and falsely accused Plaintiff Bisch of extorting and/or blackmailing third-party entities by withholding services, created a false narrative of Bisch misconduct that they propagated to third party entities (including YFB Board members), issued a threatening letter to the YFB Board expressly withholding ARPA funding from YFB until the YFB Board silenced and/or terminated Plaintiff Bisch, and once Plaintiff Bisch was terminated on May 2022, immediately executed an ARPA grant agreement with YFB on June 16, 2022. Specific conduct for each governmental entity is plead above including but not limited to citations as follows:

- 35 -
COMPLAINT FOR VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS, 42 U.S.C. § 1983, TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS, AND DEFAMATION AND DEFAMATION PER SE

      a.  Defendant YOLO COUNTY: Paragraphs 35(b), 35(f), 35(h), 35(j), 35(k), 35(l), 35(n), 35(q), 35(t) and 35(u).

      b.  Defendant CITY OF DAVIS: Paragraphs 35(f), 35(j), and 35(t).

      c.  Defendant CITY OF WOODLAND: Paragraph 35(c), 35(f), 35(j), and 35(t).

      d.  Defendant CITY OF WEST SACRAMENTO: Paragraphs 35(c), 35(j), and 35(t).

47.     Plaintiff Bisch's exercise of protected speech, and Defendants' efforts to suppress it repeatedly, was the logical and proximate cause of his wrongful termination by the YFB Board. The YFB Board fired Plaintiff Bisch *because* of Defendants' pressure on YFB and Plaintiff Bisch to silence him.

48.     Defendants Yolo County Supervisors ANGEL BARAJAS, DONALD SAYLOR, and OSCAR VILLEGAS, then Yolo County Interim Chief Administrative Officer CHAD RINDE, West Sacramento City Manager AARON LAUREL, Woodland City Manager KEN HIATT, and Davis City Manager MICHAEL WEBB, all acted in concert with one another and made joint and individual communications with members of YFB Board to pressure the YFB Board to silence Plaintiff Bisch and ultimately terminate Plaintiff Bisch. Individual defendant actions, in summary, were as follows:

      a.  Defendant ANGEL BARAJAS:

         i.  Defendant BARAJAS, in a concerted effort with Defendants VILLEGAS, SAYLOR, RINDE, LAUREL, HIATT, and WEBB, signed a March 18, 2022 correspondence addressed to the YFB Board accusing Plaintiff Bisch of "threatening to terminate subcontracts with partner nonprofits simply because they may also choose to accept funding from the County related to expansion of edible food recovery program," which is false and defamatory on its face. This false and defamatory statement was communicated to various third parties, including but not limited to YFB Board members, various county and city employees, and third-party community stakeholders.

- 36 -

COMPLAINT FOR VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS, 42 U.S.C. § 1983, TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS, AND DEFAMATION AND DEFAMATION PER SE

ii.     Separately, as alleged in paragraph 35 above, Defendant BARAJAS had one or more several phone conversations with YFB Board members and propagated the false and defamatory narrative about Plaintiff Bisch extorting third-party nonprofits, and improperly demanded the YFB Board members to seek retribution against Plaintiff Bisch by improperly terminating him from his position as the executive director of YFB. Specifically, in one example of such conduct, on April 27, 2022, Defendant BARAJAS called then YFB Board Chairperson Tom Muller to pressure the YFB Board to terminate Plaintiff Bisch after Defendant YOLO COUNTY received the April 24, 2022 YFB Board letter.

b.  Defendant OSCAR VILLEGAS:

i.     Defendant VILLEGAS, in a concerted effort with Defendants BARAJAS, SAYLOR, RINDE, LAUREL, HIATT, and WEBB, signed a March 18, 2022 correspondence addressed to the YFB Board accusing Plaintiff Bisch of "threatening to terminate subcontracts with partner nonprofits simply because they may also choose to accept funding from the County related to expansion of edible food recovery program," which is false and defamatory on its face. This false and defamatory statement was communicated to various third parties, including but not limited to YFB Board members, various county and city employees, and third-party community stakeholders.

ii.     Separately, as alleged in paragraph 35 above, Defendant VILLEGAS had one or more several phone conversations with YFB Board members and propagated the false and defamatory narrative about Plaintiff Bisch extorting third-party nonprofits, and improperly demanded the YFB Board members to seek retribution against Plaintiff Bisch by improperly terminating him from his position as executive director of YFB. Specifically, in one example of such conduct, on April 27, 2022, Defendant VILLEGAS called then YFB Board

- 37 -

COMPLAINT FOR VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS, 42 U.S.C. § 1983, TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS, AND DEFAMATION AND DEFAMATION PER SE

Member Daniel Ramos to pressure the YFB Board to terminate Plaintiff Bisch after Defendant YOLO COUNTY received the April 24, 2022 YFB Board letter.

c. Defendant DONALD SAYLOR:

    i. As alleged in paragraph 35 above, Defendant SAYLOR, in a concerted effort with Defendants BARAJAS, VILLEGAS, RINDE, LAUREL, HIATT, and WEBB, had one or more several meetings and/or phone conversations with YFB Board members and propagated the false and defamatory narrative about Plaintiff Bisch extorting third-party nonprofits, and improperly demanded the YFB Board members to seek retribution against Plaintiff Bisch by improperly terminating him from his position as executive director of YFB.

    ii. In one example of such conduct, on March 17, 2022, then YFB Board Chairperson Tom Muller received a call from Yolo County Supervisor Defendant SAYLOR, where Defendant SAYLOR made a number of threats against YFB and Plaintiff Bisch related to the Food Assistance Mandates, which included the threat of Defendant YOLO COUNTY withholding funds from YFB until YFB addresses the problem with Plaintiff Bisch.

d. Defendant CHAD RINDE:

    i. As previously alleged in paragraph 35 above, in a concerted effort with Defendants BARAJAS, VILLEGAS, SAYLOR, LAUREL, HIATT, and WEBB, Defendant RINDE began circulating the false and defamatory narrative that YFB through Plaintiff Bisch was terminating or threatening access to food for third party food recovery agencies that may opt-in to accept funding from the Yolo SWM Enterprise as part of the edible food recovery program as early as March 11, 2022. Defendant RINDE circulated this false narrative among County officials, YFB Board members and on information and belief, also possibly to third-party community stakeholders.

- 38 -
COMPLAINT FOR VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS, 42 U.S.C. § 1983, TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS, AND DEFAMATION AND DEFAMATION PER SE

ii.  Separately, as alleged in paragraph 35 above, Defendant RINDE intentionally delayed and blocked all attempts to arrange a substantive meeting between YFB and Defendant YOLO COUNTY to block and/or delay the release of the previously approved ARPA funding to YFB until they saw how the YFB Board would respond to Defendant YOLO COUNTY's demands to silence and terminate Plaintiff Bisch. Defendant RINDE's conduct was relayed to Plaintiff Bisch by another YOLO County employee, who described the conduct as "County Supervisors are upset and want their pound of flesh."

e.  Defendant AARON LAUREL:

i.  As previously alleged in paragraph 35 above, in a concerted effort with Defendants BARAJAS, VILLEGAS, SAYLOR, RINDE, HIATT, and WEBB, Defendant LAUREL began circulating the false and defamatory narrative that YFB through Plaintiff Bisch was terminating or threatening access to food for third party food recovery agencies that may opt-in to accept funding from the Yolo SWM Enterprise as part of the edible food recovery program as early as March 11, 2022. Defendant LAUREL, along with Defendants HIATT, WEBB, and RINDE, deliberately made the concerted effort to call their respective County Supervisors to encourage Defendant YOLO COUNTY and its Supervisors to take action against Plaintiff Bisch for his public advocacy on the Food Assistance Mandates and his whistleblower activities. Defendant LAUREL circulated this false narrative among County officials, City of West Sacramento officials, YFB Board members and on information and belief, and possibly to third-party community stakeholders.

ii.  Separately, as alleged in paragraph 35 above, Defendant LAUREL had one or more phone conversations with YFB Board members (particularly with then YFB Board Member Daniel Ramos on or around March 14, 2022 as Ramos confided

- 39 -
COMPLAINT FOR VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS, 42 U.S.C. § 1983, TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS, AND DEFAMATION AND DEFAMATION PER SE

to Plaintiff Bisch) and propagated the false and defamatory narrative about Plaintiff Bisch extorting third-party nonprofits, and improperly demanded the YFB Board members to seek retribution against Plaintiff Bisch by improperly terminating him from his position as the executive director of YFB.

f.    Defendant KEN HIATT:

i.    As previously alleged in paragraph 35 above, in a concerted effort with Defendants BARAJAS, VILLEGAS, SAYLOR, RINDE, LAUREL, and WEBB, Defendant HIATT began circulating the false and defamatory narrative that YFB through Plaintiff Bisch was terminating or threatening access to food for third party food recovery agencies that may opt-in to accept funding from the Yolo SWM Enterprise as part of the edible food recovery program as early as March 11, 2022. Defendant HIATT, along with Defendants LAUREL, WEBB, and RINDE, deliberately made the concerted effort to call their respective County Supervisors to encourage Defendant YOLO COUNTY and its Supervisors to take action against Plaintiff Bisch for his public advocacy on the Food Assistance Mandates and his whistleblower activities. Defendant HIATT circulated this false narrative among City of Woodland officials, YFB Board members and on information and belief, possibly to third-party community stakeholders.

ii.    Specifically, in at least one instance, Defendant HIATT made such defamatory statements to YFB Board member Kate Stille on March 14, 2022, as alleged previously on paragraph 35 above, in order to improperly pressure YFB Board members to silence and wrongfully terminate Plaintiff Bisch from his position as the executive director of YFB.

g.    Defendant MICHAEL WEBB:

i.    As previously alleged in paragraph 35 above, in a concerted effort with Defendants BARAJAS, VILLEGAS, SAYLOR, RINDE, LAUREL, and HIATT,

- 40 -

COMPLAINT FOR VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS, 42 U.S.C. § 1983, TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS, AND DEFAMATION AND DEFAMATION PER SE

Defendant WEBB began circulating the false and defamatory narrative that YFB through Plaintiff Bisch was terminating or threatening access to food for third party food recovery agencies that may opt-in to accept funding from the Yolo SWM Enterprise as part of the edible food recovery program as early as March 11, 2022. Defendant WEBB, along with Defendants HIATT, LAUREL, and RINDE, deliberately made the concerted effort to call their respective County Supervisors to encourage Defendant YOLO COUNTY and its Supervisors to take action against Plaintiff Bisch for his public advocacy on the Food Assistance Mandates and his whistleblower activities. Defendant WEBB circulated this false narrative among City of Davis officials, YFB Board members and on information and belief, possibly to third-party community stakeholders.

ii.     Separately, as alleged in paragraph 35 above, Defendant WEBB had one or more phone conversations with YFB Board members (particularly with then YFB Board Member Daniel Ramos on or around March 14, 2022 as Ramos confided to Plaintiff Bisch) and propagated the false and defamatory narrative about Plaintiff Bisch extorting third-party nonprofits, and improperly demanded the YFB Board members to seek retribution against Plaintiff Bisch by improperly terminating him from his position as the executive director of YFB.

49.     These individuals, including various Supervisors and government counsel acting on behalf of the Defendants YOLO COUNTY, DAVIS, WOODLAND, and WEST SACRAMENTO, are the County and City officials responsible for establishing final policy with respect to not complying with the legal requirements of the Food Assistance Mandate, and as part of this policy, and in pursuit of the policy, deprived Plaintiff Bisch's of his First Amendment constitutional right by pressuring the YFB board to suppress Plaintiff Bisch's speech and silence him and ultimately, through the ultimate pressure of withholding financing from YFB, terminate Michael Bisch.

COMPLAINT FOR VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS, 42 U.S.C. § 1983, TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS, AND DEFAMATION AND DEFAMATION PER SE

50.    As a direct and proximate result of Defendants actions as alleged above, Plaintiff Bisch was damaged by the infringement of his First Amendment rights and the retaliatory, adverse employment actions taken against him, including his wrongful termination, in at least the following ways:

    a.  Lost earnings from May 31, 2022, through the present date, and lost future earnings.

    b.  Lost health, retirement, and fringe benefits from May 31, 2022 onwards.

    c.  Mental suffering caused by the Defendants' extreme and outrageous conduct in unduly pressuring YFB to muzzle Plaintiff, silence Plaintiff, and ultimately terminate his employment for reporting Government misconduct.

WHEREFORE, Plaintiff Bisch seeks judgment against Defendants as set forth below.

SECOND CAUSE OF ACTION

(Violation of Substantive Due Process Rights under the Fourteenth Amendment, 42 U.S.C. § 1983 against ALL DEFENDANTS)

51.    Plaintiff Bisch re-alleges and incorporates by reference each and every paragraph above.

52.    Defendants at all times relevant to this action were acting under the color of state law.

53.    As a private United States citizen, Plaintiff Bisch enjoys certain rights and protections under the Constitution of the United States, including rights enumerated in and derived from the first eight amendments to the Constitution and the right to participate in the political process, such as rights of voting, association, and free speech. Such rights are protected under the substantive due process right in the Fourteenth Amendment.

54.    Defendants, by and through their conduct described above and the first cause of action, violated Plaintiff Bisch's substantive and procedural due process rights under the Fourteenth Amendment.

- 42 -

COMPLAINT FOR VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS, 42 U.S.C. § 1983, TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS, AND DEFAMATION AND DEFAMATION PER SE

55.     The rights violated by Defendants include fundamental rights and also specifically violated liberty or property interests of Plaintiff Bisch, any of which violations are sufficient to invoke the procedural protection of the Due Process Clause. For example, the right to freedom of speech has been recognized since the founding of the United States to be a fundamental right of a citizen of the United States. As alleged above, Defendants infringed on Plaintiff's freedom of speech, attempting to silence him and muzzle him on Food Assistance Mandates issues. Moreover, Defendants' actions as alleged above further significantly injured Plaintiff Bisch's reputation, and infringed upon his liberty interest by depriving him of future employment opportunities by the resulting stigmatization. Defendants also deprived Plaintiff Bisch of his tangible property interest in his continued employment with YFB.

56.     Defendants had no legitimate government purpose nor did they have a compelling state interest to violate Plaintiff Bisch's substantive due process rights under the Fourteenth Amendment.

57.     These individuals, including various Supervisors and government counsel acting on behalf of the Defendants YOLO COUNTY, DAVIS, WOODLAND, and WEST SACRAMENTO, are the County and City officials responsible for establishing final policy with respect to not complying with the legal requirements of the Food Assistance Mandate, and as part of this policy, violated and deprived Plaintiff Bisch of due process rights under the Fourteenth Amendment by pressuring the YFB board to suppress Plaintiff Bisch's speech and silence him and ultimately, through the ultimate pressure of withholding financing from YFB, terminate Michael Bisch.

58.     Specifically, for each of the individuals or entities named as defendants in this matter, on information and belief, Plaintiff Bisch alleges and believes that they each engaged in individual or concerted patterns of misconduct to improperly pressure the YFB Board into silencing and terminating Plaintiff Bisch, therefore violating Plaintiff Bisch's due process rights under the Fourteenth Amendment. Specific conduct for each governmental entity includes but is not limited to pleadings as follows:

COMPLAINT FOR VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS, 42 U.S.C. § 1983, TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS, AND DEFAMATION AND DEFAMATION PER SE

a. Defendant YOLO COUNTY: Paragraphs 35(b), 35(f), 35(h), 35(j), 35(k), 35(l), 35(n), 35(q), 35(t) and 35(u).

b. Defendant CITY OF DAVIS: Paragraphs 35(f), 35(j), and 35(t).

c. Defendant CITY OF WOODLAND: Paragraph 35(c), 35(f), 35(j), and 35(t).

d. Defendant CITY OF WEST SACRAMENTO: Paragraphs 35(c), 35(j), and 35(t).

59.    For each of the individuals or entities named as defendants in this matter, on information and belief, Plaintiff Bisch alleges and believes that they each engaged in individual or concerted patterns of misconduct to improperly pressure the YFB Board into silencing and terminating Plaintiff Bisch, alleged by way of examples here:

a. Defendant ANGEL BARAJAS:

i.    Defendant BARAJAS, in a concerted effort with Defendants VILLEGAS, SAYLOR, RINDE, LAUREL, HIATT, and WEBB, signed a March 18, 2022 correspondence addressed to the YFB Board accusing Plaintiff Bisch of "threatening to terminate subcontracts with partner nonprofits simply because they may also choose to accept funding from the County related to expansion of edible food recovery program," which is false and defamatory on its face. This false and defamatory statement was communicated to various third parties, including but not limited to YFB Board members, various county and city employees, and third-party community stakeholders.

ii.    Separately, as alleged in paragraph 35 above, Defendant BARAJAS had one or more several phone conversations with YFB Board members and propagated the false and defamatory narrative about Plaintiff Bisch extorting third-party nonprofits, and improperly demanded the YFB Board members to seek retribution against Plaintiff Bisch by improperly terminating him from his position as the executive director of YFB. Specifically, in one example of such conduct, on April 27, 2022, Defendant BARAJAS called then YFB Board

- 44 -

COMPLAINT FOR VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS, 42 U.S.C. § 1983, TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS, AND DEFAMATION AND DEFAMATION PER SE

Chairperson Tom Muller to pressure the YFB Board to terminate Plaintiff Bisch after Defendant YOLO COUNTY received the April 24, 2022 YFB Board letter.

b. Defendant OSCAR VILLEGAS:

   i. Defendant VILLEGAS, in a concerted effort with Defendants BARAJAS, SAYLOR, RINDE, LAUREL, HIATT, and WEBB, signed a March 18, 2022 correspondence addressed to the YFB Board accusing Plaintiff Bisch of "threatening to terminate subcontracts with partner nonprofits simply because they may also choose to accept funding from the County related to expansion of edible food recovery program," which is false and defamatory on its face. This false and defamatory statement was communicated to various third parties, including but not limited to YFB Board members, various county and city employees, and third-party community stakeholders.

   ii. Separately, as alleged in paragraph 35 above, Defendant VILLEGAS had one or more several phone conversations with YFB Board members and propagated the false and defamatory narrative about Plaintiff Bisch extorting third-party nonprofits, and improperly demanded the YFB Board members to seek retribution against Plaintiff Bisch by improperly terminating him from his position as executive director of YFB. Specifically, in one example of such conduct, on April 27, 2022, Defendant VILLEGAS called then YFB Board Member Daniel Ramos to pressure the YFB Board to terminate Plaintiff Bisch after Defendant YOLO COUNTY received the April 24, 2022 YFB Board letter.

c. Defendant DONALD SAYLOR:

   i. As alleged in paragraph 35 above, Defendant SAYLOR, in a concerted effort with Defendants BARAJAS, VILLEGAS, RINDE, LAUREL, HIATT, and WEBB, had one or more several meetings and/or phone conversations with YFB Board members and propagated the false and defamatory narrative about Plaintiff

- 45 -

COMPLAINT FOR VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS, 42 U.S.C. § 1983, TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS, AND DEFAMATION AND DEFAMATION PER SE

Bisch extorting third-party nonprofits, and improperly demanded the YFB Board members to seek retribution against Plaintiff Bisch by improperly terminating him from his position as executive director of YFB.

ii. In one example of such conduct, on March 17, 2022, then YFB Board Chairperson Tom Muller received a call from Yolo County Supervisor Defendant SAYLOR, where Defendant SAYLOR made a number of threats against YFB and Plaintiff Bisch related to the Food Assistance Mandates, which included the threat of Defendant YOLO COUNTY withholding funds from YFB until YFB addresses the problem with Plaintiff Bisch.

d. Defendant CHAD RINDE:

i. As previously alleged in paragraph 35 above, in a concerted effort with Defendants BARAJAS, VILLEGAS, SAYLOR, LAUREL, HIATT, and WEBB, Defendant RINDE began circulating the false and defamatory narrative that YFB through Plaintiff Bisch was terminating or threatening access to food for third party food recovery agencies that may opt-in to accept funding from the Yolo SWM Enterprise as part of the edible food recovery program as early as March 11, 2022. Defendant RINDE circulated this false narrative among County officials, YFB Board members and on information and belief, also possibly to third-party community stakeholders.

ii. Separately, as alleged in paragraph 35 above, Defendant RINDE intentionally delayed and blocked all attempts to arrange a substantive meeting between YFB and Defendant YOLO COUNTY to block and/or delay the release of the previously approved ARPA funding to YFB until they saw how the YFB Board would respond to Defendant YOLO COUNTY's demands to silence and terminate Plaintiff Bisch. Defendant RINDE's conduct was relayed to Plaintiff

- 46 -

Bisch by another YOLO County employee, who described the conduct as "County Supervisors are upset and want their pound of flesh."

e.  Defendant AARON LAUREL:

   i.   As previously alleged in paragraph 35 above, in a concerted effort with Defendants BARAJAS, VILLEGAS, SAYLOR, RINDE, HIATT, and WEBB, Defendant LAUREL began circulating the false and defamatory narrative that YFB through Plaintiff Bisch was terminating or threatening access to food for third party food recovery agencies that may opt-in to accept funding from the Yolo SWM Enterprise as part of the edible food recovery program as early as March 11, 2022. Defendant LAUREL, along with Defendants HIATT, WEBB, and RINDE, deliberately made the concerted effort to call their respective County Supervisors to encourage Defendant YOLO COUNTY and its Supervisors to take action against Plaintiff Bisch for his public advocacy on the Food Assistance Mandates and his whistleblower activities. Defendant LAUREL circulated this false narrative among County officials, City of West Sacramento officials, YFB Board members and on information and belief, and possibly to third-party community stakeholders.

   ii.   Separately, as alleged in paragraph 35 above, Defendant LAUREL had one or more phone conversations with YFB Board members (particularly with then YFB Board Member Daniel Ramos on or around March 14, 2022 as Ramos confided to Plaintiff Bisch) and propagated the false and defamatory narrative about Plaintiff Bisch extorting third-party nonprofits, and improperly demanded the YFB Board members to seek retribution against Plaintiff Bisch by improperly terminating him from his position as the executive director of YFB.

f.  Defendant KEN HIATT:

- 47 -

i.  As previously alleged in paragraph 35 above, in a concerted effort with Defendants BARAJAS, VILLEGAS, SAYLOR, RINDE, LAUREL, and WEBB, Defendant HIATT began circulating the false and defamatory narrative that YFB through Plaintiff Bisch was terminating or threatening access to food for third party food recovery agencies that may opt-in to accept funding from the Yolo SWM Enterprise as part of the edible food recovery program as early as March 11, 2022. Defendant HIATT, along with Defendants LAUREL, WEBB, and RINDE, deliberately made the concerted effort to call their respective County Supervisors to encourage Defendant YOLO COUNTY and its Supervisors to take action against Plaintiff Bisch for his public advocacy on the Food Assistance Mandates and his whistleblower activities. Defendant HIATT circulated this false narrative among County officials and City of Woodland officials, YFB Board members and on information and belief, possibly to third-party community stakeholders.

ii.  Specifically, in at least one instance, Defendant HIATT made such defamatory statements to YFB Board member Kate Stille on March 14, 2022, as alleged previously on paragraph 35 above, in order to improperly pressure YFB Board members to silence and wrongfully terminate Plaintiff Bisch from his position as the executive director of YFB.

g.  Defendant MICHAEL WEBB:

i.  As previously alleged in paragraph 35 above, in a concerted effort with Defendants BARAJAS, VILLEGAS, SAYLOR, RINDE, LAUREL, and HIATT, Defendant WEBB began circulating the false and defamatory narrative that YFB through Plaintiff Bisch was terminating or threatening access to food for third party food recovery agencies that may opt-in to accept funding from the Yolo SWM Enterprise as part of the edible food recovery program as early as March

- 48 -

COMPLAINT FOR VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS, 42 U.S.C. § 1983, TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS, AND DEFAMATION AND DEFAMATION PER SE

11, 2022. Defendant WEBB, along with Defendants HIATT, LAUREL, and RINDE, deliberately made the concerted effort to call their respective County Supervisors to encourage Defendant YOLO COUNTY and its Supervisors to take action against Plaintiff Bisch for his public advocacy on the Food Assistance Mandates and his whistleblower activities. Defendant WEBB circulated this false narrative among County officials and City of Davis officials, YFB Board members and on information and belief, possibly to third-party community stakeholders.

ii.    Separately, as alleged in paragraph 35 above, Defendant WEBB had one or more phone conversations with YFB Board members (particularly with then YFB Board Member Daniel Ramos on or around March 14, 2022 as Ramos confided to Plaintiff Bisch) and propagated the false and defamatory narrative about Plaintiff Bisch extorting third-party nonprofits, and improperly demanded the YFB Board members to seek retribution against Plaintiff Bisch by improperly terminating him from his position as the executive director of YFB.

60.    Plaintiff Bisch was damaged by his wrongful termination, in at least the following ways:

a.    Lost earnings from May 31, 2022, through the present date, and lost future earnings.

b.    Lost health, retirement, and fringe benefits from May 31, 2022 onwards.

c.    Mental suffering caused by the Defendants' extreme and outrageous conduct in unduly pressuring YFB to terminate his employment for reporting Government misconduct.

WHEREFORE, Plaintiff Bisch seeks judgment against Defendants as set forth below.

- 49 -

COMPLAINT FOR VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS, 42 U.S.C. § 1983, TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS, AND DEFAMATION AND DEFAMATION PER SE

## THIRD CAUSE OF ACTION

### (Tortious Interference with Contractual Relations Against All Defendants)

61.     Plaintiff Bisch re-alleges and incorporates by reference each and every paragraph above.

62.     Plaintiff Bisch and YFB were in an economic relationship that resulted in an economic benefit to Plaintiff Bisch, i.e., Plaintiff Bisch was employed as a full-time executive director at YFB, and received salary and benefits from his position.

63.     At all times, Defendants knew of the existence of Plaintiff Bisch's employment agreement with YFB leading the nonprofit as its executive director.

64.     At all times, Defendants knew that they could use the threat of withholding certain funding, and the personal connections and interests of certain YFB Board members to create pressure on the YFB Board to terminate and silence Plaintiff Bisch who had been publicly vocal about the County and Cities' non-compliance with Food Assistance Mandates. By improperly withholding the ARPA funds to create pressure on the YFB Board to terminate Plaintiff Bisch, and by selectively communicating with YFB Board members with independent interests influenced or affected by certain Defendant government entity actions, YFB was pressured and induced to wrongfully terminate Plaintiff Bisch, and as soon as YFB terminated Plaintiff Bisch, Defendant YOLO COUNTY executed the stalled $1,178,000 ARPA grant agreement with YFB within 2 weeks of Plaintiff Bisch's wrongful termination on May 31, 2022.

65.     Defendants engaged in the conduct alleged herein with the intent to harm Plaintiff Bisch financially and to induce YFB through its board members to violate the employment agreement between Plaintiff Bisch and YFB by terminating Plaintiff Bisch from his executive director position on May 31, 2022. Specifically, for each of the individuals or entities named as defendants in this matter, on information and belief, Plaintiff Bisch alleges and believes that they each engaged in individual or concerted patterns of misconduct to improperly pressure the YFB

- 50 -

Board into silencing and terminating Plaintiff Bisch. Specific conduct for each governmental entity includes but is not limited to pleadings as follows:

      a. Defendant YOLO COUNTY: Paragraphs 35(b), 35(f), 35(h), 35(j), 35(k), 35(l), 35(n), 35(q), 35(t) and 35(u).

      b. Defendant CITY OF DAVIS: Paragraphs 35(f), 35(j), and 35(t).

      c. Defendant CITY OF WOODLAND: Paragraph 35(c), 35(f), 35(j), and 35(t).

      d. Defendant CITY OF WEST SACRAMENTO: Paragraphs 35(c), 35(j), and 35(t).

66. For each of the individuals or entities named as defendants in this matter, on information and belief, Plaintiff Bisch alleges and believes that they each engaged in individual or concerted patterns of misconduct to tortiously interfere with Plaintiff Bisch's contractual rights, alleged by way of examples here:

      a. Defendant ANGEL BARAJAS:

            i. Defendant BARAJAS, in a concerted effort with Defendants VILLEGAS, SAYLOR, RINDE, LAUREL, HIATT, and WEBB, signed a March 18, 2022 correspondence addressed to the YFB Board accusing Plaintiff Bisch of "threatening to terminate subcontracts with partner nonprofits simply because they may also choose to accept funding from the County related to expansion of edible food recovery program," which is false and defamatory on its face. This false and defamatory statement was communicated to various third parties, including but not limited to YFB Board members, various county and city employees, and third-party community stakeholders.

            ii. Separately, as alleged in paragraph 35 above, Defendant BARAJAS had one or more several phone conversations with YFB Board members and propagated the false and defamatory narrative about Plaintiff Bisch extorting third-party nonprofits, and improperly demanded the YFB Board members to seek retribution against Plaintiff Bisch by improperly terminating him from his

COMPLAINT FOR VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS, 42 U.S.C. § 1983, TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS, AND DEFAMATION AND DEFAMATION PER SE

position as the executive director of YFB. Specifically, in one example of such conduct, on April 27, 2022, Defendant BARAJAS called then YFB Board Member Tom Muller to pressure the YFB Board to terminate Plaintiff Bisch after Defendant YOLO COUNTY received the April 24, 2022 YFB Board letter.

b.  Defendant OSCAR VILLEGAS:

i.  Defendant VILLEGAS, in a concerted effort with Defendants BARAJAS, SAYLOR, RINDE, LAUREL, HIATT, and WEBB, signed a March 18, 2022 correspondence addressed to the YFB Board accusing Plaintiff Bisch of "threatening to terminate subcontracts with partner nonprofits simply because they may also choose to accept funding from the County related to expansion of edible food recovery program," which is false and defamatory on its face. This false and defamatory statement was communicated to various third parties, including but not limited to YFB Board members, various county and city employees, and third-party community stakeholders.

ii.  Separately, as alleged in paragraph 35 above, Defendant VILLEGAS had one or more several phone conversations with YFB Board members and propagated the false and defamatory narrative about Plaintiff Bisch extorting third-party nonprofits, and improperly demanded the YFB Board members to seek retribution against Plaintiff Bisch by improperly terminating him from his position as executive director of YFB. Specifically, in one example of such conduct, on April 27, 2022, Defendant VILLEGAS called then YFB Board Member Daniel Ramos to pressure the YFB Board to terminate Plaintiff Bisch after Defendant YOLO COUNTY received the April 24, 2022 YFB Board letter.

c.  Defendant DONALD SAYLOR:

i.  As alleged in paragraph 35 above, Defendant SAYLOR, in a concerted effort with Defendants BARAJAS, VILLEGAS, RINDE, LAUREL, HIATT, and

- 52 -

COMPLAINT FOR VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS, 42 U.S.C. § 1983, TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS, AND DEFAMATION AND DEFAMATION PER SE

WEBB, had one or more several meetings and/or phone conversations with YFB Board members and propagated the false and defamatory narrative about Plaintiff Bisch extorting third-party nonprofits, and improperly demanded the YFB Board members to seek retribution against Plaintiff Bisch by improperly terminating him from his position as executive director of YFB.

ii. In one example of such conduct, on March 17, 2022, then YFB Board Chairperson Tom Muller received a call from Yolo County Supervisor Defendant SAYLOR, where Defendant SAYLOR made a number of threats against YFB and Plaintiff Bisch related to the Food Assistance Mandates, which included the threat of Defendant YOLO COUNTY withholding funds from YFB until YFB addresses the problem with Plaintiff Bisch.

d. Defendant CHAD RINDE:

i. As previously alleged in paragraph 35 above, in a concerted effort with Defendants BARAJAS, VILLEGAS, SAYLOR, LAUREL, HIATT, and WEBB, Defendant RINDE began circulating the false and defamatory narrative that YFB through Plaintiff Bisch was terminating or threatening access to food for third party food recovery agencies that may opt-in to accept funding from the Yolo SWM Enterprise as part of the edible food recovery program as early as March 11, 2022. Defendant RINDE circulated this false narrative among County and cities officials, YFB Board members and on information and belief, also possibly to third-party community stakeholders.

ii. Separately, as alleged in paragraph 35 above, Defendant RINDE intentionally delayed and blocked all attempts to arrange a substantive meeting between YFB and Defendant YOLO COUNTY to block and/or delay the release of the previously approved ARPA funding to YFB until they saw how the YFB Board would respond to Defendant YOLO COUNTY's demands to silence and

- 53 -

COMPLAINT FOR VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS, 42 U.S.C. § 1983, TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS, AND DEFAMATION AND DEFAMATION PER SE

terminate Plaintiff Bisch. Defendant RINDE's conduct was relayed to Plaintiff Bisch by another YOLO County employee, who described the conduct as "County Supervisors are upset and want their pound of flesh."

e. Defendant AARON LAUREL:

i. As previously alleged in paragraph 35 above, in a concerted effort with Defendants BARAJAS, VILLEGAS, SAYLOR, RINDE, HIATT, and WEBB, Defendant LAUREL began circulating the false and defamatory narrative that YFB through Plaintiff Bisch was terminating or threatening access to food for third party food recovery agencies that may opt-in to accept funding from the Yolo SWM Enterprise as part of the edible food recovery program as early as March 11, 2022. Defendant LAUREL, along with Defendants HIATT, WEBB, and RINDE, deliberately made the concerted effort to call their respective County Supervisors to encourage Defendant YOLO COUNTY and its Supervisors to take action against Plaintiff Bisch for his public advocacy on the Food Assistance Mandates and his whistleblower activities. Defendant LAUREL circulated this false narrative among County officials, City of West Sacramento officials, YFB Board members and on information and belief, and possibly to third-party community stakeholders.

ii. Separately, as alleged in paragraph 35 above, Defendant LAUREL had one or more phone conversations with YFB Board members (particularly with then YFB Board Member Daniel Ramos on or around March 14, 2022 as Ramos confided to Plaintiff Bisch) and propagated the false and defamatory narrative about Plaintiff Bisch extorting third-party nonprofits, and improperly demanded the YFB Board members to seek retribution against Plaintiff Bisch by improperly terminating him from his position as the executive director of YFB.

- 54 -
COMPLAINT FOR VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS, 42 U.S.C. § 1983, TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS, AND DEFAMATION AND DEFAMATION PER SE

f. Defendant KEN HIATT:

    i. As previously alleged in paragraph 35 above, in a concerted effort with Defendants BARAJAS, VILLEGAS, SAYLOR, RINDE, LAUREL, and WEBB, Defendant HIATT began circulating the false and defamatory narrative that YFB through Plaintiff Bisch was terminating or threatening access to food for third party food recovery agencies that may opt-in to accept funding from the Yolo SWM Enterprise as part of the edible food recovery program as early as March 11, 2022. Defendant HIATT, along with Defendants LAUREL, WEBB, and RINDE, deliberately made the concerted effort to call their respective County Supervisors to encourage Defendant YOLO COUNTY and its Supervisors to take action against Plaintiff Bisch for his public advocacy on the Food Assistance Mandates and his whistleblower activities. Defendant HIATT circulated this false narrative among County and City of Woodland officials, YFB Board members and on information and belief, possibly to third-party community stakeholders.

    ii. Specifically, in at least one instance, Defendant HIATT made such defamatory statements to YFB Board member Kate Stille on March 14, 2022, as alleged previously on paragraph 35 above, in order to improperly pressure YFB Board members to silence and wrongfully terminate Plaintiff Bisch from his position as the executive director of YFB.

g. Defendant MICHAEL WEBB:

    i. As previously alleged in paragraph 35 above, in a concerted effort with Defendants BARAJAS, VILLEGAS, SAYLOR, RINDE, LAUREL, and HIATT, Defendant WEBB began circulating the false and defamatory narrative that YFB through Plaintiff Bisch was terminating or threatening access to food for third party food recovery agencies that may opt-in to accept funding from the Yolo SWM Enterprise as part of the edible food recovery program as early as March

COMPLAINT FOR VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS, 42 U.S.C. § 1983, TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS, AND DEFAMATION AND DEFAMATION PER SE

11, 2022. Defendant WEBB, along with Defendants HIATT, LAUREL, and RINDE, deliberately made the concerted effort to call their respective County Supervisors to encourage Defendant YOLO COUNTY and its Supervisors to take action against Plaintiff Bisch for his public advocacy on the Food Assistance Mandates and his whistleblower activities. Defendant WEBB circulated this false narrative among County and City of Davis officials, YFB Board members and on information and belief, possibly to third-party community stakeholders.

ii.   Separately, as alleged in paragraph 35 above, Defendant WEBB had one or more phone conversations with YFB Board members (particularly with then YFB Board Member Daniel Ramos on or around March 14, 2022 as Ramos confided to Plaintiff Bisch) and propagated the false and defamatory narrative about Plaintiff Bisch extorting third-party nonprofits, and improperly demanded the YFB Board members to seek retribution against Plaintiff Bisch by improperly terminating him from his position as the executive director of YFB.

67.   As a result of Defendants' conduct, the relationship between Plaintiff Bisch and YFB was disrupted, leading to a number of retaliatory, adverse employment actions including Plaintiff Bisch's termination as YFB's executive director.

68.   As a proximate result of the conduct of Defendants as alleged herein, Plaintiff Bisch was damaged by these adverse employment actions against him, in at least the following ways:

   a.   Lost earnings from May 31, 2022, through the present date, and lost future earnings thereafter.

   b.   Lost health, retirement, and fringe benefits from May 31, 2022 onwards.

   c.   Mental suffering caused by the Defendants' extreme and outrageous conduct in unduly pressuring YFB to terminate his employment for reporting governmental misconduct.

- 56 -

COMPLAINT FOR VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS, 42 U.S.C. § 1983, TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS, AND DEFAMATION AND DEFAMATION PER SE

69.    Defendants' conduct was a substantial factor in causing Plaintiff Bisch to be terminated from his position as YFB's executive director.

70.    The conduct of individual Defendants as alleged herein was purposeful and intentional and was engaged in for the purpose of depriving Plaintiff Bisch of property or legal rights or otherwise causing injury, and was despicable conduct that subjected Plaintiff Bisch to cruel and unjust hardship in conscious disregard of his rights, and was performed with fraud, oppression or malice so as to justify an award of exemplary or punitive damages against such individual Defendants in an amount according to proof at trial.

71.    WHEREFORE, Plaintiff Bisch seeks judgment against Defendants as set forth below.

FOURTH CAUSE OF ACTION

(Defamation and Defamation Per Se Against All Defendants)

72.    Plaintiff Bisch re-alleges and incorporates by reference each and every paragraph above.

73.    For each of the individuals or entities named as defendants in this matter, on information and belief, Plaintiff Bisch alleges and believes that they each engaged in individual or concerted patterns of misconduct to improperly defame Plaintiff Bisch, alleged by way of examples here:

    a.    Defendant ANGEL BARAJAS:

        i.    Defendant BARAJAS, in a concerted effort with Defendants VILLEGAS, SAYLOR, RINDE, LAUREL, HIATT, and WEBB, signed a March 18, 2022 correspondence addressed to the YFB Board accusing Plaintiff Bisch of "threatening to terminate subcontracts with partner nonprofits simply because they may also choose to accept funding from the County related to expansion of edible food recovery program," which is false and defamatory on its face. This false and defamatory statement was communicated to various third parties,

- 57 -

COMPLAINT FOR VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS, 42 U.S.C. § 1983, TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS, AND DEFAMATION AND DEFAMATION PER SE

including but not limited to YFB Board members, various county and city employees, and third-party community stakeholders.

    ii.   Separately, as alleged in paragraph 35 above, Defendant BARAJAS had one or more several phone conversations with YFB Board members and propagated the false and defamatory narrative about Plaintiff Bisch extorting third-party nonprofits, and improperly demanded the YFB Board members to seek retribution against Plaintiff Bisch by improperly terminating him from his position as the executive director of YFB. Specifically, in one example of such conduct, on April 27, 2022, Defendant BARAJAS called then YFB Board Chairperson Tom Muller to pressure the YFB Board to terminate Plaintiff Bisch based on the false and defamatory statements as alleged above, after Defendant YOLO COUNTY received the April 24, 2022 YFB Board letter.

   b.  Defendant OSCAR VILLEGAS:

    i.   Defendant VILLEGAS, in a concerted effort with Defendants BARAJAS, SAYLOR, RINDE, LAUREL, HIATT, and WEBB, signed a March 18, 2022 correspondence addressed to the YFB Board accusing Plaintiff Bisch of "threatening to terminate subcontracts with partner nonprofits simply because they may also choose to accept funding from the County related to expansion of edible food recovery program," which is false and defamatory on its face. This false and defamatory statement was communicated to various third parties, including but not limited to YFB Board members, various county and city employees, and third-party community stakeholders.

    ii.   Separately, as alleged in paragraph 35 above, Defendant VILLEGAS had one or more several phone conversations with YFB Board members and propagated the false and defamatory narrative about Plaintiff Bisch extorting third-party nonprofits, and improperly demanded the YFB Board members to seek

COMPLAINT FOR VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS, 42 U.S.C. § 1983, TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS, AND DEFAMATION AND DEFAMATION PER SE

retribution against Plaintiff Bisch by improperly terminating him from his position as executive director of YFB. Specifically, in one example of such conduct, on April 27, 2022, Defendant VILLEGAS called then YFB Board Member Daniel Ramos to pressure the YFB Board to terminate Plaintiff Bisch based on the false and defamatory statements as alleged above, after Defendant YOLO COUNTY received the April 24, 2022 YFB Board letter.

c. Defendant DONALD SAYLOR:

i. As alleged in paragraph 35 above, Defendant SAYLOR, in a concerted effort with Defendants BARAJAS, VILLEGAS, RINDE, LAUREL, HIATT, and WEBB, had one or more several meetings and/or phone conversations with YFB Board members and propagated the false and defamatory narrative about Plaintiff Bisch extorting third-party nonprofits, and improperly demanded the YFB Board members to seek retribution against Plaintiff Bisch by improperly terminating him from his position as executive director of YFB.

ii. In one example of such conduct, on March 17, 2022, then YFB Board Chairperson Tom Muller received a call from Yolo County Supervisor Defendant SAYLOR, where Defendant SAYLOR made a number of threats against YFB and Plaintiff Bisch related to the Food Assistance Mandates, which included the threat of Defendant YOLO COUNTY withholding funds from YFB until YFB addresses the problem with Plaintiff Bisch, which is based on the false and defamatory statements as alleged above.

d. Defendant CHAD RINDE:

i. As previously alleged in paragraph 35 above, in a concerted effort with Defendants BARAJAS, VILLEGAS, SAYLOR, LAUREL, HIATT, and WEBB, Defendant RINDE began circulating the false and defamatory narrative that YFB through Plaintiff Bisch was terminating or threatening access to food for third

COMPLAINT FOR VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS, 42 U.S.C. § 1983, TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS, AND DEFAMATION AND DEFAMATION PER SE

party food recovery agencies that may opt-in to accept funding from the Yolo SWM Enterprise as part of the edible food recovery program as early as March 11, 2022. Defendant RINDE circulated this false narrative among County and city officials, YFB Board members and on information and belief, also possibly to third-party community stakeholders.

ii.    On information and belief, Defendant RINDE was the individual who drafted, circulated, and served to YFB and other local government officials the March 18, 2022 YOLO COUNTY letter that contained the false and defamatory statements against Plaintiff Bisch.

e.    Defendant AARON LAUREL:

i.    As previously alleged in paragraph 35 above, in a concerted effort with Defendants BARAJAS, VILLEGAS, SAYLOR, RINDE, HIATT, and WEBB, Defendant LAUREL began circulating the false and defamatory narrative that YFB through Plaintiff Bisch was terminating or threatening access to food for third party food recovery agencies that may opt-in to accept funding from the Yolo SWM Enterprise as part of the edible food recovery program as early as March 11, 2022. Defendant LAUREL, along with Defendants HIATT, WEBB, and RINDE, deliberately made the concerted effort to call their respective County Supervisors to encourage Defendant YOLO COUNTY and its Supervisors to take action against Plaintiff Bisch for his public advocacy on the Food Assistance Mandates and his whistleblower activities. Defendant LAUREL circulated this false narrative among County and City of West Sacramento officials, YFB Board members and on information and belief, and possibly to third-party community stakeholders.

ii.    Separately, as alleged in paragraph 35 above, Defendant LAUREL had one or more phone conversations with YFB Board members (particularly with then YFB

- 60 -

Board Member Daniel Ramos on or around March 14, 2022 as Ramos confided to Plaintiff Bisch) and propagated the false and defamatory narrative about Plaintiff Bisch extorting third-party nonprofits, and improperly demanded the YFB Board members to seek retribution against Plaintiff Bisch by improperly terminating him from his position as the executive director of YFB.

    f.   Defendant KEN HIATT:

        i.   As previously alleged in paragraph 35 above, in a concerted effort with Defendants BARAJAS, VILLEGAS, SAYLOR, RINDE, LAUREL, and WEBB, Defendant HIATT began circulating the false and defamatory narrative that YFB through Plaintiff Bisch was terminating or threatening access to food for third party food recovery agencies that may opt-in to accept funding from the Yolo SWM Enterprise as part of the edible food recovery program as early as March 11, 2022. Defendant HIATT, along with Defendants LAUREL, WEBB, and RINDE, deliberately made the concerted effort to call their respective County Supervisors to encourage Defendant YOLO COUNTY and its Supervisors to take action against Plaintiff Bisch for his public advocacy on the Food Assistance Mandates and his whistleblower activities. Defendant HIATT circulated this false narrative among County and City of Woodland officials, YFB Board members and on information and belief, possibly to third-party community stakeholders.

        ii.   Specifically, in at least one instance, Defendant HIATT made such defamatory statements to YFB Board member Kate Stille on March 14, 2022, as alleged previously on paragraph 35 above, in order to improperly pressure YFB Board members to silence and wrongfully terminate Plaintiff Bisch from his position as the executive director of YFB.

COMPLAINT FOR VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS, 42 U.S.C. § 1983, TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS, AND DEFAMATION AND DEFAMATION PER SE

g. Defendant MICHAEL WEBB:

i. As previously alleged in paragraph 35 above, in a concerted effort with Defendants BARAJAS, VILLEGAS, SAYLOR, RINDE, LAUREL, and HIATT, Defendant WEBB began circulating the false and defamatory narrative that YFB through Plaintiff Bisch was terminating or threatening access to food for third party food recovery agencies that may opt-in to accept funding from the Yolo SWM Enterprise as part of the edible food recovery program as early as March 11, 2022. Defendant WEBB, along with Defendants HIATT, LAUREL, and RINDE, deliberately made the concerted effort to call their respective County Supervisors to encourage Defendant YOLO COUNTY and its Supervisors to take action against Plaintiff Bisch for his public advocacy on the Food Assistance Mandates and his whistleblower activities. Defendant WEBB circulated this false narrative among County and City of Davis officials, YFB Board members and on information and belief, possibly to third-party community stakeholders.

ii. Separately, as alleged in paragraph 35 above, Defendant WEBB had one or more phone conversations with YFB Board members (particularly with then YFB Board Member Daniel Ramos on or around March 14, 2022 as Ramos confided to Plaintiff Bisch) and propagated the false and defamatory narrative about Plaintiff Bisch extorting third-party nonprofits, and improperly demanded the YFB Board members to seek retribution against Plaintiff Bisch by improperly terminating him from his position as the executive director of YFB.

74. Specific examples of defamatory conduct for each governmental entity are plead above as follows:

a. Defendant YOLO COUNTY: Paragraphs 35(b), 35(f), 35(h), 35(j), 35(k), 35(l), 35(n), 35(q), 35(t) and 35(u).

b. Defendant CITY OF DAVIS: Paragraphs 35(f), 35(j), and 35(t).

- 62 -

c.  Defendant CITY OF WOODLAND: Paragraph 35(c), 35(f), 35(j), and 35(t).

d.  Defendant CITY OF WEST SACRAMENTO: Paragraphs 35(c), 35(j), and 35(t).

75.  At least some of the individual Defendants above made such statements in their official capacity as employees and/or officers of either Yolo County, City of West Sacramento, City of Woodland, or City of Davis, such that the City and County Defendants are also liable for their defamatory statements made in their official capacity. All Defendants also engaged in defamation to protect their own individual interests in the community and or to retain their elected or appointed positions, and/or to defend against Bisch's allegations that the noncompliance with the Food Assistance Mandates implicated their own conduct as non-elected or elected officials.

76.  Defendants' statements were made deliberately, in bad faith, and with malice in furtherance of retaliation against Plaintiff Bisch for, among other things, documenting and shedding light on egregious non-compliance with the Food Assistance Mandates by the Yolo SWM Enterprise from 2019 to present date. Evidence of bad faith is plead in Paragraphs 35 and 73 above.

77.  The persons to whom the statements were made reasonably understood that the statements were being made about Plaintiff Bisch, and/or the statements were defamatory on their face.

78.  The persons to whom the statements were made reasonably understood the statements to mean that Plaintiff Bisch was spreading false information about the Food Assistance Mandates, and/or that Plaintiff Bisch was supposedly being unprofessional or acting improperly, and/or had engaged in extortion.

79.  The statements were false and defamatory and were made by Defendants with knowledge of their falsity, and on information and belief, as plead for example in Paragraphs 35 and 73 above, in retaliation against Plaintiff Bisch's good faith efforts to document and shed light on egregious noncompliance with the Food Assistance Mandates by the SWM Enterprise, and in retaliation against Plaintiff Bisch for publicly shedding light on false statements made by certain government agencies and/or government officials.  The statements were also made to try to silence

or discredit Plaintiff Bisch in order to try to save face for the County and the Cities, as well as to save face for County and City Officials who made such false public representations about their efforts to comply with Food Assistance Mandates. Alternatively, Defendants failed to exercise reasonable care to determine the truth or falsity of their statements.

80.    As a result of Defendants' false and defamatory statements about Plaintiff Bisch, Plaintiff Bisch has suffered significant injury to his reputation and was wrongfully terminated from his position. In addition, Plaintiff Bisch has suffered severe emotional distress, shame, and hurt feelings because of the false and defamatory statements made by Defendants. Alternatively, written, and oral statements regarding Plaintiff Bisch spreading false information about the Food Assistance Mandates in his capacity as YFB's executive director, and false statements about Plaintiff Bisch's alleged behavior to extort third party entities by withholding YFB services, and other similar defamatory statements alleging improper actions or unprofessional conduct or bases for termination, appear to have been defamation per se and were harmful on their face.

81.    Defendants' false and defamatory statements were made maliciously, fraudulently, and oppressively, as set forth above in Paragraphs 35 and 73 above, thereby entitling Plaintiff Bisch, in addition to special and presumed general damages as a result of defamation and defamation per se, to punitive damages against the individual Defendants, and thereby also preventing said individual Defendants from invoking any exculpatory or mitigating privilege (e.g., common interest privilege) which in any case would not be applicable to the statements in question.

WHEREFORE, Plaintiff Bisch seeks judgment against all Defendants, as set forth below.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff Bisch prays for judgment against Defendants, and each of them, as follows:

1.    A judgment that Defendants violated Plaintiff Bisch's rights under the First and Fourteenth Amendment to the United States Constitution.

COMPLAINT FOR VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS, 42 U.S.C. § 1983, TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS, AND DEFAMATION AND DEFAMATION PER SE

2.    General damages according to proof, including without limitation, mental pain and anguish caused by Defendants' extreme and outrageous conduct.

3.    Special damages according to proof, including without limitation:

    a.  Lost earnings for the period commencing May 31, 2022 and future earnings thereafter.

    b.  Lost future health, retirement and fringe benefits for the period commencing from May 31, 2022 onwards.

    c.  Damage to future earning potential through injury to professional reputation.

4.    Prejudgment interest in an amount according to proof.

5.    Reasonable attorneys' fees and costs.

6.    Punitive damages and exemplary damages against individual Defendants as applicable in connection with any causes of action where permitted, in an amount sufficient to punish said Defendants and deter said Defendants from engaging in similar wrongful conduct in the future.

7.    Whatever other relief the Court may deem proper.

Dated:  March 10, 2023                    SANJIV N. SINGH, A PROFESSIONAL LAW
                                          CORPORATION

                                          By _____
                                             Sanjiv N. Singh, Esq.

Dated:  March 10, 2023                    INDRAJANA LAW GROUP, A PROFESSIONAL
                                          LAW CORPORATION

                                          By _____
                                             Michael B. Indrajana, Esq.

                                          Attorneys for Plaintiff Michael Bisch

- 65 -

COMPLAINT FOR VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS, 42 U.S.C. § 1983, TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS, AND DEFAMATION AND DEFAMATION PER SE