SANJIV N. SINGH, A PROFESSIONAL LAW CORPORATION
Sanjiv N. Singh, Esq. (SBN 193525)
1700 S. El Camino Real Suite 503
San Mateo, CA 94402
Phone: (650) 389-2255
Email: ssingh@sanjivnsingh.com

INDRAJANA LAW GROUP, A PROFESSIONAL LAW CORPORATION
Michael B. Indrajana, Esq. (SBN 258329)
1700 S. El Camino Real Suite 503
San Mateo, CA 94402
Phone: (650) 597-0928
Email: michael@indrajana.com

Attorneys for Plaintiff MICHAEL BISCH

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BISCH, an individual,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>COUNTY OF YOLO, CALIFORNIA, a public corporation; CITY OF WEST SACRAMENTO, a public corporation; CITY OF DAVIS, a public corporation; CITY OF WOODLAND, a public corporation; ANGEL BARAJAS, an individual; OSCAR VILLEGAS, an individual; CHAD RINDE, an individual; AARON LAUREL, an individual; KEN HIATT, an individual; MICHAEL WEBB, an individual; DONALD SAYLOR, an individual; and DOES 1 through 50, inclusive,<br><br>　　　　　　　　Defendants. | Case No.: 2:23-cv-00455-MCE-DB<br><br>**PLAINTIFF'S APPLICATION FOR LEAVE TO FILE SURREPLY** |

**INTRODUCTION**

On June 23, 2023, Defendants filed their Reply Brief in support of their Motion to Strike Plaintiff Bisch's complaint. Dkt. No. 18 (the "Reply"). Most notably, Defendants' Reply makes broad statements about absence of admissible evidence and presents a new factual narrative not covered in their Motion as further detailed below. Because the Court ordered that it will likely not conduct a hearing on this matter and indicated it would likely rule on the written submissions only (Dkt. No. 10), Plaintiff will not have the opportunity to address these statements for the Court at oral argument, and the statements are potentially confusing and prejudicial and seem aimed to be the "last word" in the setting of pending dispositive motions with potentially severe consequences. Indeed, the new factual narrative in question (outlined below) is written without any new evidentiary support and thus if read quickly, will blur the line between what the evidence actually shows and the story Defendants want the Court to believe.

As such, in the name of justice and fairness, and consistent with the Court's past handling of similar applications for surreplies, Plaintiff therefore respectfully requests this Court's leave to submit a targeted, short surreply in the form of a Supplemental Declaration by Sanjiv N. Singh (the "Singh Supplemental Decl.") with attached evidentiary surreply Singh Exhibits for the limited purpose of rebutting assertions regarding admissible evidence and rebutting the new factual narrative. The proposed Singh Supplemental Decl. with the proposed surreply Singh Exhibits is attached hereto as **Exhibit A**. The proposed Singh Supplemental Declaration and Singh Exhibits are particularly compelling because they originate from **California Public Record Act ("CPRA") Requests** to each of the governmental defendants and a third party (City of Winters) and are documents the Defendants should have reviewed themselves before they submitted their Motion and their Reply. Plaintiff only obtained these new proposed surreply Singh Exhibits after the Opposition due date--even though their requests were made before the Opposition due date--and did so only by invoking their **constitutional rights** of free access to public records of the government. Plaintiff submits to the Court that these records should be reviewed before this Court rules on Defendants' serious dispositive motions to strike, the granting of which would have severe consequences for Plaintiff.

- 1 -

# ARGUMENT

Neither the Local Rules nor Federal Rules provide definitive guidance as to when a surreply may be filed. However, Courts in this District have recognized that a surreply may be filed "where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." *Hill v. England*, 2005 WL 3031136, *1 (E.D. Cal. Nov. 8, 2005). Indeed, this Court itself has permitted parties to file surreplies where there is good cause including reasons ranging from reply briefs introducing new arguments and new evidence to instances where a reply brief misconstrued central allegations. *See e.g., Bel Air Mart v. Arnold Cleaners, Inc.*, 2014 WL 763185 at Fn. 3 (E.D. Cal. 2014) (where this Court allowed plaintiff to file a surreply where defendants introduced arguments and evidence for the first time in their reply brief); *Pharmaceutical Research and Manufacturers of America v. Brown, et al.*, 2:17-cv-02573-MCE-KLN at Dkt. No. 26 (E.D. Cal. 2018) (where this Court granted plaintiff leave to file a surreply where plaintiff raised concerns that the reply brief misconstrued central allegations of the operative complaint in the matter); *Hill*, 2005 WL 3031136 at *1 (E.D. Cal. Nov. 8, 2005) (where this Court allowed a surreply because the reply brief raised new arguments).

Applying these standards, there are equally compelling reasons in this instance, with the pending Motions to Strike and Defendants' Reply, for the Court to permit filing of a surreply under the circumstances. For example, in connection with Plaintiff's tortious interference claims, Defendants' Reply asserts not simply that Plaintiff *offered* no admissible evidence that the conduct of Defendants caused the termination (which is not correct–*see generally* Opposition at Section III(C)(1)) but state separately and more broadly the following: "Simply, *there is no admissible evidence* [emphasis added] that the concerns expressed by the Supervisors actually caused Bisch's termination"–a powerful and unusual statement suggesting that there is literally no evidence even if discovery were to be conducted. Reply at 7:25-8:2. It is notable that despite making this assertion, Defendants do not lodge any formal evidentiary objections, instead make passing comments that evidence suggesting elected officials and city managers called YFB Board members was all hearsay. Reply at 6:15-7:11. Similarly, in connection with the defamation claims brought by Plaintiff, Defendants spin a new factual narrative, attempting to claim that the Supervisors had no choice but

- 2 -

to write to the YFB Board on March 18, 2022 (Bisch Exhibit 16) in order to gain information about Bisch and YFB's actions with its private partner Mercy Coalition because Bisch had previously refused to disclose private contractual information to Yolo CFO Chad Rinde. The unsupported narrative occurs specifically at 10:12-18 of the Reply. This new narrative does not appear in the Motion, and neither Defendant Barajas nor Defendant Villegas' own declarations (submitted with the Motion – Dkt. No. 9-2 (Barajas Decl.) and Dkt. No. 9-6 (Villegas Decl.)) support this narrative – neither declaration mentions Rinde, mentions that the motive for the March 18, 2022 letter was to gather information, or makes any statement that could support the unsupported narrative which Defendants present as fact to the Court in its reply. The new narrative raises the same kind of concerns raised in *Pharmaceutical Research and Manufacturers of America v. Brown*—instead of *misconstrued* allegations, the Court here must consider the possibility of plainly *misstated* facts that not only contradict Defendants' own declarations, but which also are contradicted by government emails which Plaintiff discovered by exercise of his constitutional rights to public record access.

      Against this backdrop, Plaintiff's proposed surreply comes in the form of the attached proposed Singh Supplemental Decl., which is a catalogue of additional emails obtained from the City of Winters, Defendant City of Woodland, Defendant City of Davis, and Defendant County of Yolo through CPRA Requests. The Declaration authenticates and submits supplemental, admissible evidence to directly rebut Defendants claim that there was "no admissible evidence" for tortious interference. *See* Singh Supp. Decl. at ¶¶ 3-6, Singh Exhibits 5-8. The proposed Singh Exhibits also will rebut the new factual narrative suggested in the Reply at 10:12-18–and as such will raise valid questions appropriate for discovery and trial as to the actual purpose and effect of the March 18, 2022 letter. *See* Singh Supp. Decl. at ¶¶ 7-8, Singh Exhibits 9-10. It should be noted that all of the CPRA Request Responses (i.e., the source for all the surreply Exhibits) came in after the Opposition deadline of June 13, 2023. Moreover, as set forth in the Singh Supplemental Decl. at ¶ 3, it has been determined that Defendant Yolo County in particular may have held back emails which the other cities produced, raising the important question of whether a governmental defendant, who has superior information access in a case like this, is holding back evidence at the same time it is making claims in its Reply Brief of the complete absence of admissible evidence.

Finally, in determining whether to grant the application for leave to file the proposed declaration and surreply Exhibits, Plaintiff urges the Court to consider the public policy ramifications at hand here. The government has filed aggressive motions and threatened severe financial penalties against a private citizen—and attempted a "last word" Reply Brief. The CPRA emails set forth in these surreply Singh Exhibits are the actual emails of the government which were unseen until the CPRA requests were made, and those same emails now appear to rebut the points made in the Reply Brief and raise serious questions about the veracity of the previously submitted declarations.

For the reasons set forth above, the Court should grant the application for leave to file a surreply and permit Plaintiff to immediately file the already prepared, ready-to-file Supplemental Declaration of Sanjiv Singh and Attached Exhibits.

In anticipation of this Application, Plaintiff met and conferred with Defendants on June 28, 2023, to determine whether Defendants would oppose Plaintiff's application for leave to file a surreply. Based on Defendants' response, it is anticipated that Defendants will oppose Plaintiff's application for leave to file a surreply. Defendants' counsel specifically argued that Plaintiff should not be permitted to attach the proposed surreply Declaration and Exhibits to the Application, but Plaintiff researched the precedent including past surreply applications granted by this Court and believes it has acted appropriately in submitting this application with the proposed surreply attached.

Dated:  June 30, 2023                  Respectfully Submitted,

SANJIV N. SINGH, A PROFESSIONAL LAW CORPORATION

By: */s/ Sanjiv N. Singh*
    Sanjiv N. Singh

INDRAJANA LAW GROUP, A PROFESSIONAL CORPORATION


By: */s/ Michael B. Indrajana*
    Michael B. Indrajana

Attorneys for Plaintiff Michael Bisch