SANJIV N. SINGH, A PROFESSIONAL
LAW CORPORATION
Sanjiv N. Singh, Esq. (SBN 193525)
1700 S. El Camino Real Suite 503
San Mateo, CA 94402
Phone: (650) 389-2255
Email: ssingh@sanjivnsingh.com

INDRAJANA LAW GROUP, A
PROFESSIONAL
LAW CORPORATION
Michael B. Indrajana, Esq. (SBN 258329)
1700 S. El Camino Real Suite 503
San Mateo, CA 94402
Phone: (650) 597-0928
Email: michael@indrajana.com

Attorneys for Plaintiff MICHAEL BISCH

SERENA M. WARNER, ESQ., SB. No. 264799
  Email: swarner@akk-law.com
KEVIN J. DEHOFF, ESQ., SB No. 252106
  Email: kdehoff@akk-law.com
ANGELO, KILDAY & KILDUFF, LLP
601 University Avenue, Suite 150
Sacramento, CA  95825
Telephone: (916) 564-6100
Telecopier: (916) 564-6263

Attorneys for Defendants COUNTY OF YOLO,
CITY OF DAVIS, CITY OF WOODLAND,
CITY OF WEST SACRAMENTO, ANGEL
BARAJAS, OSCAR VILLEGAS, DONALD
SAYLOR, CHAD RINDE, AARON LAUREL,
KEN HIATT, and MICHAEL WEBB

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BISCH, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF YOLO, CALIFORNIA, a public corporation; CITY OF WEST SACRAMENTO, a public corporation; CITY OF DAVIS, a public corporation; CITY OF WOODLAND, a public corporation; ANGEL BARAJAS, an individual; OSCAR VILLEGAS, an individual; CHAD RINDE, an individual; AARON LAUREL, an individual; KEN HIATT, an individual; MICHAEL WEBB, an individual; DONALD SAYLOR, an individual; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 2:23-cv-00455-MCE-DB<br><br>**THIRD JOINT STATUS REPORT** |

**JOINT STATUS REPORT**

Pursuant to this Court's Minute Order entered on October 20, 2023 (ECF Dkt. No. 22), Plaintiff and Defendants hereby submit the following Third Joint Status Report to the Court. Because Plaintiff has primary knowledge of the actions and circumstances, the joint status report is drafted in two parts: (i) Plaintiff's Report (ii) Defendants' Comment/Response.

I.   **Plaintiff's Report**

Plaintiff's Report is in two parts. Part I(A) details material events. Part I(B) responds to Defendant's response and indicates the plan for the admissibility of the video and how the underlying case is being advanced.

A.   **Recusal of Judge David Rosenberg and Related Events**

The following events including the recusal of Judge David Rosenberg have occurred in the State Court matter since the filing of the last Status Report on November 20, 2023. They are in part chronicled in a Verified Statement filed on January 12, 2024 to disqualify Judge David Rosenberg. A true and correct copy of the Verified Statement is attached as **Exhibit 1** to this Status Report. (For sake of brevity, since this is a status report, the supporting declarations and exhibits which accompanied it are not included here but can be provided to the Court on request if it desires to see them.)

1. As the Court is aware, Plaintiff's counsel Sanjiv Singh and Michael Indrajana are having to defend against a motion for sanctions in connection with the discovery motion they filed trying to resolve the question of: (i) the purported illegality of an April 2022 board meeting where statements were made about governmental pressure to fire Michael Bisch and (ii) apparent spoliation of text messages related to the dispute. Dkt. No. 24 at 2:19-25.

2. During the course of preparing for the Motions for Sanctions, Counselor Singh and Indrajana became concerned with the manner in which the proceedings were unfolding— *i.e.*, that Judge Rosenberg, who denied their motion did not show up for the hearing, denied the discovery motion with prejudice, but then was scheduled to be the judge ruling on Defendant's proposed sanctions against Counselor Singh and Counselor Indrajana. Verified Statement at ¶¶ 9, 13.

3. Based on these concerns, Counselor Singh and Counselor Indrajana conducted an investigation to determine whether the Judge had any connections with the litigation and/or parties in the state court matter or federal matter that might create the impression of bias and concerns about whether Plaintiff Bisch (and Counselor Singh and Counselor Indrajana who are facing individual sanctions) would be afforded fair proceedings and due process. Verified Statement at ¶¶ 9, 13. The aggressive course of the push for sanctions was particularly troubling. *Id*.

4. The investigation revealed that there were multiple grounds for disqualifying and/or asking the Judge Rosenberg to self-recuse, including documentation in the form of pre-litigation emails between the Judge and Plaintiff Bisch (they both were members of the Odd Fellows, a highly influential fraternal order in the community) where they agreed to talk by telephone, and where, as Plaintiff Bisch has now recounted under oath, the Judge discouraged him from taking action against what Plaintiff Bisch believed was inappropriate governmental misconduct by Yolo County. The conversation took place on March 4, 2022. The Yolo County letter urging the YFB Board to take action against Michael Bisch was dated March 18, 2022. Verified Statement at ¶¶ 12, 13(a); *see also* Complaint (Dkt. No. 1) filed in this federal court at 29:12-26. The Zoom recording in question where statements were made about the governmental pressure on YFB occurred in April of 2022. *Id*. at 32:15-33:3.

5. Based on these circumstances and others, the fully documented Verified Statement was submitted to the Yolo Superior Court and personally served on Judge Rosenberg's clerks as required by statute by Counselor Singh and Counselor Indrajana with sworn declarations by Counselor Singh, Counselor Indrajana, and Plaintiff Bisch. The Verified Statement was filed on January 12, 2024. *See generally* Verified Statement.

6. It is believed that at some point on the evening of January 16, 2024 (two days before the scheduled sanctions hearing against Counselor Singh and Counselor Indrajana), Judge Rosenberg recused himself—this did not appear on the Court's website during business hours but is believed to have been lodged in the evening. *Unlike in federal court, the state court system in Yolo does not electronically notify the parties of such decisions. The parties*

*therefore received no notice of the recusal.* Indeed, on that same day, Plaintiff had filed an *ex parte* motion at around 8:00 AM to continue the sanctions hearing scheduled for January 18, 2024. Their argument was that because the question of recusal or disqualification was believed to be pending (they had not been notified of the recusal), and as such, the motion should be continued. A true and correct copy of their *ex parte* brief filed on January 16, 2024 is attached to this Status Report as **Exhibit 2**.

7. On January 17, 2024, at 9:00 AM, Counselor Singh and Counselor Indrajana showed up by Zoom at the *ex parte* hearing to have their motion to continue the sanctions hearing (set for the next day) continued. The newly assigned Judge Timothy Fall was the same Judge who had shown up in October of 2023 at the discovery motion hearing and indicated he did not know anything but allowed Judge Rosenberg's denial of the motion to become the order of the Court. Verified Statement at ¶¶ 13(f)-(i).

8. Specifically, at the January 17, 2024 *ex parte* hearing, Judge Fall summarily and abruptly stated that Judge Rosenberg had recused himself (though did not say exactly how), and then denied Counselor Singh and Counselor Indrajana's motion as moot and indicated the sanctions hearing would move forward the very next day in his court. He appeared as if he did not want any discussion.[1] This was startling because this was the very same judge who said he knew nothing about the matter when he covered for Judge Rosenberg on the day the discovery motion was denied.

9. Counselor Singh, who was shocked at both the tone and content of what was said, began to speak to seek clarification as this was the first time Plaintiff and his counsel were learning of the recusal. Judge Fall was brusque with Counselor Singh in particular, cutting him off several times and not allowing him to finish sentences. When Counselor Singh attempted to inquire about when the recusal was communicated to Plaintiff and his counsel, the Judge essentially stated that he had just told them. When Counselor Singh attempted to

---

[1] The proceeding was on the Court's livestream and was up for viewing for the remainder of the day. To prepare this status report, Counselor Singh and Counselor Indrajana watched the video several times and took detailed notes. Counselor Singh and Counselor Indrajana also ordered a court reporter to be present at the hearing as they were worried about the potential for issues—which it appears was a valid concern. The transcript is pending production. A copy of the video has been requested from the Court, but the Court has not responded. The transcript will be used for subsequent motion practice likely either in the context of a peremptory challenge or venue motion.

inquire about how the recusal was communicated, he answered curtly to the effect of "I told you, and now I have told you twice." *See supra* at Fn. 1.

10. Counselor Singh attempted to refer the Judge to the section of their ex parte papers which raised the jurisdictional issue indicating that the sanctions hearing should not be held because the denied discovery motion order was not likely void or voidable (where there had been no hearing before the judge who issued the order), but the Judge cut him off and did not allow him to cite to the brief or the cases on point. ***He then chided Counselor Singh to focus on procedure, not "why things have happened," and asked Counselor Singh whether he intended to bring a motion to vacate the order***. Counselor Singh, not allowed to say much by the Judge who was being very aggressive, was told to just answer the Judge's question. Counselor Singh then indicated yes, though he was shocked that the Judge was being so openly harsh and not considering whether the order was possibly void as a jurisdictional matter consistent with briefed appellate precedent on point. *See* **Exhibit 2** (Ex Parte MPA) at 3:9-22. After Counselor Singh answered, the Judge, with a very different tenor and tone, turned to the Defendants' counsel and asked him for his position and allowed Defendants' attorney to speak uninterrupted. The attorney stated his "preference" to have the sanctions motion heard, did not cite to any authorities or case law, but was allowed to speak without interruption. *See supra* at Fn. 1.

11. In an unusual conclusion of the hearing, the Judge indicated that Counselor Singh must file a motion to vacate the petition, seemingly refusing to consider the appellate Court precedent on point that was already before him in the ex parte brief and to which Defendants did not respond. ***He warned Counselor Singh that such a motion to vacate the discovery order might allow Defendants to file for further attorneys' fees***—this was extremely troubling that he would raise this implicit threat in open court, and also seemed not to be correct since there is a good faith basis for Counselor Singh to bring such a motion given the recusal, and there is even a question whether Counselor Singh should not have to file a motion to vacate and that the Court should sua sponte void all orders after the date of the facts and events which gave rise to the recusal of Judge Rosenberg in the first place. *See* Exhibit 2 at 3:9-22; *see also supra* at Fn. 1.

12. Immediately after the hearing, Counselor Singh, Counselor Indrajana, and Plaintiff Bisch went to the Court website and found that it now showed that there was an entry of recusal dated January 16, 2024. They saw the recusal entry *for the first time*, and it was entered in a manner that makes it appear as though the recusal was communicated to the public and Plaintiff *before the ex parte papers were filed*. This is simply not the case. Plaintiff and his Counsel will be following up on this with the Court and possibly with the Judicial Council.

13. Based on the events chronicled above, Plaintiff Bisch and his counsel are extremely concerned about their ability to obtain a fair trial in Yolo County before the current judge or in any Yolo County Superior Court.

14. To date, no meaningful explanation has been provided by Defendants or requested by Yolo Superior Courts as to the prima facie evidence of spoliation presented to the Yolo Court on multiple occasions.

15. A Case Management Conference will be held on January 29, 2024 to set a trial for the state court matter. Counselor Singh, Counselor Indrajana, and Plaintiff Bisch will decide what to do prior to that date on the serious questions of impartiality, bias, venue, and judicial assignment.

B. **Response to Defendants' Concerns (Raised Below) and Underlying Case Discovery**

Contrary to the assertion that none of the aforementioned events are relevant to the disposition of the video issue, Plaintiff respectfully disagrees for the following reasons: (i) Plaintiff attempted to resolve the video legality issue and the related spoliation issue repeatedly—the result was practice chilling sanctions and the unusual events outlined above; and (ii) the issue of the admissibility of the video has to be resolved by the Court, and the Court who does it must afford due process and do so impartially. These issues therefore are relevant and have to be resolved.

That said, Plaintiff is pursuing an alternative route regardless in the underlying litigation to try to get core evidence into the record and available for the federal court litigation. The parties in the state court litigation have agreed to a deposition of two key YFB Board members on February 16, 2024 and February 20, 2024. It has been further agreed that Plaintiff may introduce the video into the deposition, but Defendants have not clarified whether they will refrain from instructions not to answer when Counselor Singh attempts to play the video and question the witnesses. That said, Counselor

Singh will have significant clarity by the next status report on these issues, and likely the stay can and should be lifted shortly thereafter unless circumstances dictate otherwise.

**Defendants' Comment/Response**

Defendants do not see the relevance of any of the state court proceedings detailed above, except for the apparent conclusion that there are no current proceedings nor an articulated plan regarding how Bisch intends to re-raise the issue of the video's admissibility before the state court. Defendants request that this Court order Plaintiff to identify how he intends to have the state court address the admissibility issue in the next status report. This case should not be stayed indefinitely absent a clear plan on how Plaintiff intends to resolve the evidentiary issue that he contends impacts this federal matter.

Dated:  January 19, 2024         Respectfully Submitted,

SANJIV N. SINGH, A PROFESSIONAL LAW CORPORATION

By: /s/ Sanjiv N. Singh
     Sanjiv N. Singh

Attorneys for Plaintiff Michael Bisch

INDRAJANA LAW GROUP, A PROFESSIONAL CORPORATION

By: /s/ Michael B. Indrajana
     Michael B. Indrajana

Attorneys for Plaintiff Michael Bisch

ANGELO KILDAY & KILDUFF LLP

By: /s/ Serena M. Warner
     Serena Warner

Attorneys for Defendants COUNTY OF YOLO, CITY OF DAVIS, CITY OF WOODLAND, CITY OF WEST SACRAMENTO, ANGEL BARAJAS, OSCAR VILLEGAS, DONALD SAYLOR, CHAD RINDE, AARON LAUREL, KEN HIATT, and MICHAEL WEBB