# EXHIBIT 1

SANJIV N. SINGH, A PROFESSIONAL LAW CORPORATION
Sanjiv N. Singh (SBN 193525)
1700 S. El Camino Real Suite 503
San Mateo, CA 94402
Phone: (650) 389-2255
Email: ssingh@sanjivnsingh.com

ELECTRONICALLY FILED
by Superior Court of CA,
County of Yolo,
on 1/12/2024 12:11 PM
By: N. Lorenzo, Deputy

INDRAJANA LAW GROUP, A PROFESSIONAL LAW CORPORATION
Michael B. Indrajana (SBN 258329)
1700 S. El Camino Real Suite 503
San Mateo, CA 94402
Phone: (650) 597-0928
Email: michael@indrajana.com

Attorneys for Plaintiff MICHAEL BISCH

# IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

# IN AND FOR THE COUNTY OF YOLO

# UNLIMITED JURISDICTION

| | |
|---|---|
| MICHAEL BISCH, an individual,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>YOLO FOOD BANK, a nonprofit corporation; DANIEL RAMOS, an individual; JAMES DURST, an individual; ELIZABETH SCHMITZ, an individual; TOM MULLER, an individual; and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | Case No.: CV2022-1431<br><br>**VERIFIED STATEMENT OF GROUNDS FOR OBJECTING TO AND REQUIRING DISQUALIFICATION OF JUDGE APPOINTED IN THIS MATTER**<br><br>(Code of Civil Procedure §§ 170.1, 170.3) |

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

　　Plaintiff Michael Bisch, and Plaintiff's Counsel Sanjiv N. Singh and Michael B. Indrajana, pursuant to Code of Civil Procedure Sections 170.1-170.5, seek to disqualify the Hon. David Rosenberg for cause, on the grounds that (i) "the judge has personal knowledge of disputed evidentiary facts concerning the proceeding," [170.1(a)(1)(A)]; (ii) the judge "gave advice to a party in the present proceeding upon a matter involved in the action or proceeding" [170.1(a)(2)(A)(3)]; (iii); "a person aware of the facts might reasonably entertain a doubt that the judge would be able to be impartial," [170.1(a)(6)(A)(iii)]; and/or (iv) the judge has displayed "bias and/or prejudice toward a lawyer in the

proceeding." [(170.1(a)(6)(B)]. ***This Verified Statement is not an accusation of misconduct but a summary of records and evidence relevant to possible bias and the need for disqualification***. This Verified Statement is based on the following verified facts:

1. Plaintiff filed his Original Complaint ("Complaint") on August 17, 2022. Declaration of Sanjiv N. Singh (the "Singh Decl.") at ¶ 2, **Exhibit 1**. As is known to the Court, the Complaint specifically alleges that government officials (including from the City of Davis, City of Woodland, City of West Sacramento, and County of Yolo) pressured the Yolo Food Bank ("YFB") board to terminate Michael Bisch in retaliation for Plaintiff Bisch's whistleblowing attempts to shed light on what he believed was improper conduct by government officials in connection with SB1383 compliance. *Id*. at ¶¶ 27-29. A key piece of evidence and/or allegation in the Complaint focuses on a videotaped Zoom YFB Board meeting ("April 2022 Board Meeting") in April of 2022 where YFB Board members indicated their plan to take action against Michael Bisch after receiving angry calls and after receiving a letter from the Yolo County Board of Supervisors threatening to withhold funding if YFB did not take action to control its executive staff. *Id*. at ¶27(d) and ¶27(i).

2. On August 17, 2022, the case was assigned to Hon. Judge Daniel Wolk. Singh Decl. at ¶ 3, **Exhibit 2**.

3. Administrative complaints were filed by Plaintiff Bisch on or around September 9, 2022 for constitutional violations in connection with the same nexus of conduct against various government defendants including the City of Davis, City of Woodland, City of West Sacramento, and County of Yolo County and certain individual city officials and/or elected officials. Singh Decl. at ¶ 4 at **Exhibits 3A, 3B, 3C, and 3D**.

4. The same administrative complaints were rejected by the governmental defendants, as would be expected for a matter like this, on or around October 17, 2022. Singh Decl. at ¶ 5 at **Exhibit 4**.

5. A month after the rejection of the administrative complaints, on November 29, 2022, Judge Wolk (past Mayor and City Councilmember, City of Davis 2011-2016), presumably recognizing the potential for serious conflicts if the presiding judge had significant past or present connections with some of the political entities and/or individuals alleged to have knowledge of and/or participated in conduct relevant to Bisch's claims, appropriately recused himself pursuant to Code Civ. Proc. § 170.1.

1   *Id.* The case was then subsequently assigned to Hon. Judge Samuel McAdam. Singh Decl. at ¶ 6,
2   **Exhibit 2.**

3         6.      On December 12, 2022, Plaintiff Bisch filed his First Amended Complaint ("FAC"),
4   which added additional allegations about county and/or city officials calling and pressuring then YFB
5   Board members in retaliation to Plaintiff Bisch's whistleblowing attempts. Singh Decl. at ¶ 7, **Exhibit 5**.

6         7.      After the rejection of the administrative complaints, on or around January 2023, this case
7   was assigned to the Hon. David Rosenberg. Singh Decl. at ¶ 7, **Exhibit 6**. It is unknown how the
8   decision to assign the Bisch case to Judge Rosenberg was made or whether the issue of potential conflict
9   was considered in the same way Judge Wolk considered it when he properly self-recused. *Id*.

10        8.      At the time of his assignment in January of 2023, Judge Rosenberg made no disclosures
11  on the record or in writing about any potential conflicts. It has since been determined that prior to being
12  a Judge, Judge Rosenberg had a seven-year tenure as a Yolo County Supervisor and a twelve-year
13  tenure as a City Council Member of City of Davis, in addition to a multiyear affiliation and membership
14  with an extremely influential fraternal order in the region, the Independent Order of Odd Fellows. Singh
15  Decl. at 8, **Exhibit 7**.

16        9.      Further current investigation by Counselor Singh and Indrajana was prompted by the
17  unusual course of events described below in Paragraph 13 of this verified statement. Singh Decl. at ¶ 9.
18  The investigation so far has confirmed that Judge Rosenberg, at the time of his initial assignment to
19  Department 14 on January 2023, had extensive and vast ties, including then and now current ties, with
20  members of the political community in Davis, Woodland, West Sacramento, and County of Yolo. *Id*.
21  The ties are referenced tangentially and minimally in the Yolo County Superior Court website, but the
22  website is actually inaccurate and/or not complete on at least one material issue which highlights deep
23  (then and current) connections with multiple influential political and business figures in the community.
24  *Id.*, *see also* **Exhibit 7**. Specifically, while the Yolo County Superior Court website does note his past
25  seven-year tenure as a Yolo County Supervisor and his twelve-year tenure as a City Council Member of
26  City of Davis, it **did not at that time and does not now** disclose his current affiliation with the
27  Independent Order of Odd Fellows, stating only a fifteen-year affiliation with the Odd Fellows through
28  2019 which gives the appearance that at the time the Bisch case was assigned to the Bisch matter, he
    was not supposedly affiliated with the fraternal order. *Id*. The Court website also does not disclose his

VERIFIED STATEMENT OF GROUNDS FOR OBJECTING TO AND REQUIRING DISQUALIFICATION OF JUDGE APPOINTED
IN THIS MATTER
PAGE 3 OF 12

multiple, extensive leadership roles in the fraternal order. Research over the last few weeks has revealed that in fact Judge Rosenberg's Odd Fellows membership continued well past 2019, that he was in January of 2023 and now is still a member of the organization, and has filled and continues to fill multiple leadership roles. *Id*. at **Exhibit 8 and Exhibit 9.** Indeed, he is not just an incidental member, but is the Past Grand Master of the organization since 2015 (**Exhibit 10**) who continues to use that title to publish key articles on the Odd Fellows website (**Exhibit 9**), is an active committee member in many of the Odd Fellows current governing committees (**Exhibit 11A and 11B**), and is believed to be a Trustee of the Davis Odd Fellows Lodge (**Exhibit 11B**). *Id*. As such, he has regular contact with many of the Odd Fellows members and was and is instrumental in recruiting new members. At the time that Judge Rosenberg accepted the Bisch lawsuit assignment, Odd Fellows members included then Yolo County Supervisor Donald Saylor, who was also Judge Rosenberg's colleague and active sponsor and/or volunteer at Odd Fellows. Singh Decl. at **Exhibit 19**. Don Saylor is named as a key witness in the Bisch lawsuit pending in Superior Court and would ultimately be a named Defendant in the Bisch Federal Lawsuit. *Id*. at **Exhibit 12**.

10. Also known to Judge Rosenberg in January 2023 (at the time he was assigned to this case) was the fact that just the previous year, in a call for membership, he expressly urged his fellow members to use the Odd Fellows fraternity as a platform for growing a sphere of political and community influence. Specifically, Judge Rosenberg, in March of 2022, during the very time period when Plaintiff Bisch was wrestling with SB1383 issues and facing pressure from the YFB Board to remain quiet on the issues, Judge Rosenberg wrote publicly on the Odd Fellows Lodge website: "A critical factor to growth of a Lodge is the ability to attract community leaders. A century ago, everybody who was anybody in town was an Odd Fellow. We lost that edge over time. But, if you can attract one or two community leaders, those leaders will attract others. Members who are recognized leaders in the community will elevate the status of the Lodge and open the Lodge up to new memberships. **In my Lodge, for example, we have elected city and county officials, school board members, the police chief, several judges, the district attorney and public defender, and so on. What a great recruitment tool you have when you can tell prospective members that your Lodge is the Who's Who of the community**." (emphasis added). *Id*. at **Exhibit 13**. Not surprisingly, investigation of Davis Odd Fellows documents shows numerous community members, elected county

and city officials including Yolo County supervisors as its members. *Id.* at **Exhibit 19**. If Judge Rosenberg's own writings are taken as accurate, he thus has been actively seeking to build out the Odd Fellow membership with key community leaders.

11. On June 5, 2023, Counselor Indrajana appeared before Judge Rosenberg on a routine Case Management Conference Hearing, and at the beginning of the hearing, Judge Rosenberg made a brief comment (paraphrasing) that he knew well both parties of this case, and had personal interactions with Plaintiff Bisch. Indrajana Decl. at ¶ 2. Judge Rosenberg then stated that if no one has "any indigestion" after hearing this, then he will proceed with the hearing and continue presiding on the case. *Id.* Judge Rosenberg did not make any additional comments, or provide additional details as to the circumstances as to how he knew the parties beyond the initial statement. *Id.* He did not comment at all about his Odd Fellow activities or the potential impact that might have on the case or that it may have made him a material witness on certain issues. *Id*. More significantly, there was no court reporter present at the time of the hearing, and therefore there is no record of Judge Rosenberg's disclosure other than the brief minute order posted by the Court on the docket. *Id*. at **Indrajana Exhibit A**.

12. Most notably he did not disclose that he had given material advice to Michael Bisch discouraging actions against government entities engaged in possible misconduct in connection with SB1383. Singh Decl. at ¶ 11, **Exhibit 14A and Exhibit 14B**; *see also* the Declaration of Michael Bisch (the "Bisch Decl.") filed concurrently. This issue was not discovered until Counselor Singh and Counselor Indrajana, in preparing for the hearing on the Motion for Sanctions described below, inquired about the scope and breadth of Judge Rosenberg's activities at the Lodge. *Id*. Counselor Singh and Counselor Indrajana had become concerned with the lack of due process afforded to them since the tentative hearing, the quick filing of a motion for sanctions by Defendant, and Judge Rosenberg's absence at the tentative hearing and CMC but sudden appearance at the sanction hearing. *Id*. Without disclosing privileged information, Counselor Singh and Indrajana organized a search of communications between Judge Rosenberg and their client Michael Bisch in connection with Judge Rosenberg's role at the Odd Fellows Lodge. *Id*. They found that Judge Rosenberg had an interaction with Michael Bisch in an around March of 2022. *Id*. During that interaction, Michael Bisch expressed to Judge Rosenberg his concern that government officials may be engaged in misconduct in connection with SB1383. Bisch Decl. at ¶ 2. The timing of this communication was just before some of the milestone events plead in the

Original Complaint. As Plaintiff Bisch recounts, Judge Rosenberg expressly urged him not to take action against the government entities. *Id*. Shortly after that exchange, Plaintiff Bisch was the subject of a caustic letter from Yolo County to YFB, and then the target of a board meeting session where the YFB Board threatened action against Plaintiff Bisch after receiving irate calls from public officials. Singh Decl. at **Exhibit 5** [First Amended Complaint] at ¶ 27(e).

13. Against the backdrop set forth above, please consider the facts outlining the meeting and conferring between Plaintiff Bisch and Defendants, and the ultimate motion practice on the legality of the recording of the April 2022 YFB Board Meeting and the appearance of evidence spoliation, all of which took place between June 13, 2023 and August 28, 2023. All of the facts set forth below are chronicled in exhausting detail in the Opposition to the Motion for Sanctions which is currently before this Court. *Id.* The supporting documents are before this Court and currently pending and for the sake of paper efficiency and not flooding the court docket with superfluous exhibits, this statement will cite to it and also sets forth a key bullet point summary of the key facts:

   a. The disputed meet and confer and ultimate decision to file the Motion to Resolve Discovery Dispute (the "Discovery Motion") was focused on evidence spoliation and the April 2022 Board meeting of YFB (in which Board meeting it is alleged that key elected officials pressured the YFB Board to take action against Michael Bisch). Memorandum of Points of Authorities to Motion to Resolve Discovery Dispute (the "Discovery Motion MPA") at Section II(A)-(F). Judge Rosenberg would have known this when he first received the Motion filed by Plaintiff on August 28, 2023. Judge Rosenberg should have remembered that in his capacity as a leader of the Odd Fellows, just one month before the April 27, 2022 Zoom YFB Board meeting, in March of 2022, he had urged Michael Bisch not to take action against the government entities. *See* Bisch Decl. at ¶ 2.

   b. In addition, at the time of the Motion to Resolve Discovery Dispute filing and during its pending status before he ruled, Judge Rosenberg, both by virtue of the Judge Wolk recusal, his likely knowledge of the administrative complaint filings, his knowledge of the issues in the Original Complaint, and a Notice of Related Case filing by Plaintiff (Singh Decl. at **Exhibit 20**), would and/or should have known that the April 2022 Zoom recording at issue and the evidence spoliation issue could raise serious issues and

      questions for many of the municipalities and its leaders with whom he had cultivated longstanding relationships based on his fraternity at the Odd Fellows. He knew that at least one of the community leaders who was a current member of the Odd Fellows was a named Defendant in the federal case, and through the state court Complaint and the First Amended Complaint, knew or should have known that officials of Yolo County were alleged to have pressured the YFB Board.

  c. In addition, Judge Rosenberg was provided *prima facie* evidence of evidence spoliation in the Motion. Defendants in the YFB matter have still not explained how the apparent evidence alteration took place or offered any kind of plausible innocent explanation to date. Singh Decl. at ¶ 12.

  d. On September 18, 2023, for unclear reasons, Judge Rosenberg continued the scheduled hearing for the Motion to Resolve Discovery Dispute. Singh Decl. at ¶ 13, **Exhibit 15**.

  e. He did not take any known public action on the Motion until the day before a scheduled hearing on October 17, 2023. Singh Decl. at ¶ 14. His tentative denied the Motion with prejudice, cited unspecified procedural mistakes (on which he did not elaborate), cited a relatively minor noticing mistake and tentative ruling notice mistake. *Id.* at **Exhibit 16.**

  f. **Judge Rosenberg did not appear at the hearing the next day on October 17, 2023**. Singh Decl. at ¶ 15. The hearing was heard instead in front of Department 11 before Judge Timothy Fall. *Id.* At the commencement of the hearing, Judge Fall inquired where defense counsel was, and Plaintiff's counsel stated that they may be in the wrong room but Plaintiff's counsel could try to contact him. *Id.* Judge Fall then asked Counselor Singh to contact them, and as Counselor Singh has done in other courts, Counselor Singh politely stated he would do so *immediately* and in front of the judge began to ask his colleague Michael Indrajana who had the relevant numbers to do so. *Id.* Judge Fall castigated Counselor Singh harshly, curtly cutting him off and telling him not to "pollute the record" and take care of it offline—putting this in perspective, Counselor Singh showed up at a hearing on critical issues, the presiding judge did not show up, defense counsel did not show up at the correct department, and when Counselor Singh tried to immediately comply with the covering judge's instruction to help find defense counsel,

Counselor Singh is admonished harshly not to "pollute the record." *Id.* The harsh demeanor of Judge Fall seemed uncalled for as Counselor Singh was attempting to comply with his request, and it was unclear whether he meant to do it then or do it offline. *Id.* Moreover, it was not Counselor Singh's fault that the other counsel did not show up and had failed to read the notice of the department change. *Id.* The change in department had been posted and Counselor Singh and Counselor Indrajana had complied with it. *Id.* Counselor Singh was simply trying to rapidly address the situation as he had been asked to do. *Id.*

g. When Defense Counsel showed up, they were not admonished for being late. Singh Decl. at ¶ 16. Judge Fall treated them respectfully. *Id.* When Judge Fall was asked by Counselor Singh for clarification on why Judge Rosenberg ruled the way he did, he expressly stated he was just covering and did not know. *Id.* He had no further material comments to shed light on the seemingly fatal procedural mistake on which Judge Rosenberg had denied the entire motion with prejudice. *Id.* The entire proceeding was extremely disturbing and caustic. *Id.*

h. Judge Fall did not make any mention of any concern with evidence spoliation and did not indicate if Judge Rosenberg intended to do anything about it. Singh Decl. at ¶ 17. This was concerning given the well-known principle that courts have broad equitable powers to demand explanation, issue OSCs, and take other action when they are made aware of potential misconduct. *Mowrer v. Sup. Ct.* (1969) 3 Cal.App.3d 223, 230 ("***A court has inherent power to exercise reasonable control over all proceedings connected with litigation before it in order to insure orderly administration of justice and maintain dignity and authority of court and to summarily punish for acts committed in immediate view and presence of court when they impede, embarrass or obstruct it in discharge of its duties***") (emphasis added, internal citations omitted). No such action was taken here. Indeed, in contrast, Counselor Singh was castigated for trying to find defense counsel who did not show up to the correct department, and the Motion to Resolve Discovery Dispute was denied outright with prejudice and no explanation as to what was the core procedural defect identified by the Court. *Id.*

i. Thus, in summary, the Court did not permit any dialogue on his order. This was in stark contrast to the federal court which had stayed proceedings awaiting the outcome of what it anticipated would be an "**evidentiary hearing**" by the state court to get to the bottom of the critical issues. Singh Decl. at 18 at **Exhibit 17**.

j. Shockingly, Defendants, who had not raised any procedural issues in their opposition papers, suddenly three days later filed a motion for sanctions against Counselor Singh and Indrajana[1] with a precise, seemingly elegant theory on the procedural defect (which defect had not been articulated by Judge Rosenberg in his opinion and or at the hearing he did not attend) and never before stated in Defendants' Opposition—they claimed that the Motion to Resolve Discovery Dispute was an improper "*evidentiary hearing*".  *See* Defendants' Motion for Attorneys' Fees and Costs. It should be noted Judge Rosenberg also did not appear at the December 2023 Case Management Conference hearing, where another judge presided over Department 14 for the day.

k. Public news sources reported that Judge Rosenberg was retiring, and through phone calls and publications, Counselor Singh and Counselor Indrajana learned that he was only supposed to be a covering judge when there was a need after January 2, 2024. Singh Decl. at ¶ 19, **Exhibits 18A and 18B.** Counselor Singh confirmed this through phone calls to the general clerk's office on or around January 3, 2024.

l. On January 3, 2024, Counselor Singh and Indrajana learned that Judge Rosenberg would be the judge deciding on sanctions to be imposed against Counselor Singh and Counselor Indrajana. This was shocking to say the least given his notable absence from the hearing on October 17, 2023, and the immediate and unexpected sanction filing three days later. Counselor Singh called the Department 14 website to see if this was indeed true or just an administrative default, but was informed that Judge Rosenberg would indeed be presiding over the sanctions hearing. Singh Decl. at ¶ 20.

---

[1] In their Reply Brief filed on January 10, 2024, Defendants suddenly argued that the Motion for Sanctions was also directed at Plaintiff Bisch, even though Defendants' Motion and Memorandum of Points and Authorities were expressly directed solely at Counselors Singh and Indrajana.

14. This verified statement is timely. Specifically, this verified statement is filed as soon as practicable upon the discovery of information that appears to show that Judge Rosenberg has personal knowledge of the facts of this instant case, which therefore makes him a potential witness, and also gave advice to a party, specifically discouraging Michael Bisch from bringing action against the government entities. The interaction with Michael Bisch took place in the context of the Davis Odd Fellows, and was between a leader of the organization and a member, and then was followed by rapid and decisive action by Yolo County Supervisors where one Supervisor was a known public figure who was a member of the same Odd Fellows group.

15. Judge Rosenberg's refusal to allow Counselor Singh and Counselor Indrajana to argue their theories or express their concerns at the tentative hearing and his absence from the CMC (where the issues and concerns could have been raised again), combined with his extensive ties to the community and elected officials, some of whom are the subject of Bisch's state and/or federal allegations and claims, raise a legitimate question as to whether there is a risk of unconscious or conscious bias in this matter.

16. As such, under the circumstances, disqualification is required given that (i) "the judge has personal knowledge of disputed evidentiary facts concerning the proceeding," [170.1(a)(1)(A)]; (ii) the judge "gave advice to a party in the present proceeding upon a matter involved in the action or proceeding" [170.1(a)(2)(A)(3)]; (iii); "a person aware of the facts might reasonably entertain a doubt that the judge would be able to be impartial," [170.1(a)(6)(A)(iii)]; and/or (iv) the judge has displayed "bias and/or prejudice toward a lawyer in the proceeding." [(170.1(a)(6)(B)].

Dated: January 12, 2024                                   Respectfully Submitted,

SANJIV N. SINGH, A PROFESSIONAL LAW        INDRAJANA LAW GROUP, A PROFESSIONAL
CORPORATION                                LAW CORPORATION

_____                  _____
Sanjiv N. Singh, Esq.                      Michael B. Indrajana, Esq.
Attorneys for Plaintiff MICHAEL BISCH      Attorneys for Plaintiff MICHAEL BISCH

# VERIFICATION

1. I, Sanjiv. N. Singh, am attorney at law, duly licensed to practice before all courts of the State of California. I am admitted to practice before this Court. I the principal attorney at Sanjiv N. Singh, a Professional Law Corporation, lead attorneys for Plaintiff Michael Bisch. I have read the foregoing statement and know the contents thereof, which are true to my own personal knowledge. If called as a witness, I could testify competently to the facts stated herein.

2. Pursuant to Code of Civil Procedure Section 446, I make this verification on behalf of Plaintiff Michael Bisch because the facts are within my knowledge based on my presence at a hearing, my review of public records, my review of discovery in this case, my review of emails, and my review of pleadings, decisions, or tentative decisions made by the Court in this case. *See Hollingsworth v. Superior Ct.*, 191 Cal. App.3d 22, 25-26 (1987); (*Urias v. Harris Farms, Inc.*, 234 Cal. App. 3d 415, 421 Fn. 4 (1991).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 12th Day of January, 2024, in San Mateo, California.

_____
SANJIV N. SINGH

**VERIFICATION**

1. I, Michael B. Indrajana, am attorney at law, duly licensed to practice before all courts of the State of California. I am admitted to practice before this Court. I am the principal attorney at Indrajana Law Group, a Professional Law Corporation, co-counsel for Plaintiff Michael Bisch. I have read the foregoing statement and know the contents thereof, which are true to my own personal knowledge. If called as a witness, I could testify competently to the facts stated herein.

2. Pursuant to Code of Civil Procedure Section 446, I make this verification on behalf of Plaintiff Michael Bisch because the facts are within my knowledge based on my presence at a hearing, my review of public records, my review of discovery in this case, my review of emails, and my review of pleadings, decisions, or tentative decisions made by the Court in this case. *See Hollingsworth v. Superior Ct.*, 191 Cal. App.3d 22, 25-26 (1987); (*Urias v. Harris Farms, Inc.*, 234 Cal. App. 3d 415, 421 Fn. 4 (1991).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 12th Day of January 2024, in San Mateo, California.

_____
MICHAEL B. INDRAJANA