EXHIBIT 2

SANJIV N. SINGH, A PROFESSIONAL LAW CORPORATION

FILED
YOLO SUPERIOR COURT
JAN 16 2024
By _____
L. Mendoza
Deputy

1  Sanjiv N. Singh (SBN 193525)
   1700 S. El Camino Real Suite 503
2  San Mateo, CA 94402
   Phone: (650) 389-2255
3  Email: ssingh@sanjivnsingh.com

4  INDRAJANA LAW GROUP, A PROFESSIONAL LAW CORPORATION
   Michael B. Indrajana (SBN 258329)
5  1700 S. El Camino Real Suite 503
   San Mateo, CA 94402
6  Phone: (650) 597-0928
   Email: michael@indrajana.com

7
   Attorneys for Plaintiff MICHAEL BISCH
8

9              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                   IN AND FOR THE COUNTY OF YOLO

11                        UNLIMITED JURISDICTION

12
   | MICHAEL BISCH, an individual, | Case No.: CV2022-1431 |
   | --- | --- |
13 | | |
   | Plaintiff, | **MEMORANDUM OF POINTS AND** |
14 | | **AUTHORITIES IN SUPPORT OF EX PARTE** |
   | vs. | **APPLICATION TO CONTINUE HEARING** |
15 | | **DATE** |
16 | YOLO FOOD BANK, a nonprofit corporation; | |
   | DANIEL RAMOS, an individual; JAMES | Hearing Date: Wednesday, Jan. 17, 2024 |
17 | DURST, an individual; ELIZABETH | Hearing Time: 9:00 AM |
   | SCHMITZ, an individual; TOM MULLER, an | Department:   14 |
18 | individual; and DOES 1 through 10, inclusive, | |
19 | Defendants. | |

20

21

22

23

24

25

26

27

28

## I.    INTRODUCTION

This Ex Parte application is brought by Plaintiff Michael Bisch to continue the January 18, 2024 Motion for Attorneys' Fees and Costs in light of the filing of the Verified Statement to disqualify the presiding Judge filed on January 12, 2024 (*Consistent with the case law and analysis below, moving party submits that this Ex Parte Application should be ruled upon by an impartial judge and not the judge who is now subject of a pending Verified Statement to disqualify for cause under Section 170.3*).

Good Cause exists to continue the January 18, 2024 hearing for Defendants' Motion for Attorneys' Fees and Costs. The duly filed and served Verification Statement dated January 12, 2024, which was filed and served on parties in this case, and personally served on Judge David Rosenberg's clerks pursuant to California Code of Civil Procedure Section 170.3(c), now has created a pending issue as to whether Judge David Rosenberg should recuse himself or be disqualified as the presiding judge in this matter. As such, ***a judge against whom a statement of disqualification has been filed against "shall have no power to act ... until the question of his or her disqualification has been determined.***" Cal. Civ. Proc. § 174(d) emphasis added. The verified disqualification statement filed on January 12, 2024 has the immediate effect of ***depriving the judge of jurisdiction*** (emphasis added) until the issue of his disqualification is determined by another judge. *People v. Lind* (2014) 230 Cal.App.4th 709, 714, *citing Oak Grove School Dist. v. City Title Ins. Co.* (1963) 217 Cal.App.2d 678, 705, 32 Cal.Rptr. 288, 304; *see also* Wegner, Fairbank, Epstein & Chernow, *Cal. Prac. Guide: Civil Trials & Evidence (TRG)* (2017 Ed.), Ch. 3 at 3-49 to 3:50.

Procedurally, the Court could *sua sponte* continue the January 18, 2024 hearing in light of the jurisdiction issue described above and below. However, out of an abundance of caution, Plaintiff respectfully submits this Ex Parte Application to notify the Court of the situation given the pending upcoming hearing this week.

## II.    SUMMARY OF FACTS AND PROCEDURAL BACKGROUND

On October 20, 2023, Defendants filed a Motion for Attorneys' Fees and Costs against Plaintiff's counsel Sanjiv N. Singh and Michael B. Indrajana as the non-prevailing party on a discovery motion that was dismissed on procedural grounds and for which no meaningful hearing was permitted. Declaration of Sanjiv N. Singh (the "Singh Decl.") at ¶ 2. On October 27, 2023, the parties filed a stipulation to continue the hearing date to January 18, 2024. *Id.*

On January 4, 2024, Plaintiff's counsel Singh and Indrajana filed their opposition to Defendants' Motion for Attorneys' Fees and Costs. Singh Decl. at ¶ 3. On January 11, 2024, Defendants filed their Reply to the opposition, and attempted to argue that Plaintiff Bisch failed to respond to the opposition, even though their notice of motion and motion (both original and amended) and memorandum of points and authorities expressly sought sanctions only personally against Plaintiff's counsel Singh and Indrajana, and expressly excluded Plaintiff Bisch. *Id.; see* Defendants Notice of Motion and Motion for Attorneys' Fees and Costs at 2:1-6 (both original and amended have identical citations); Defendants' Memorandum of Points and Authorities in support of Motion for Attorneys' Fees and Costs at 2:18-20; Defendants' Reply to Plaintiff's Opposition to Motion for Attorneys' Fees and Costs (the "Reply") at 2:4-7.

On January 12, 2024, Plaintiff and Plaintiff's counsel filed and served the Verified Statement to Disqualify the Judge appointed in this matter and urged Defendants not to oppose citing specific reasons. Singh Decl. at ¶ 4. On January 12, 2024 at 2:22 PM, Counselor Singh notified Defendants' counsel by email correspondence of this ex parte application. Singh Decl. at ¶ 5, **Exhibit 1**. On January 12, 2024 at 4:03 PM, Counselor Turpen replied that Defendants would oppose this Ex Parte application, but offered no explanation as to why and made no effort to respond substantively. *Id.* at **Exhibit 2**.

## III.    LEGAL ARGUMENTS

Good cause exists to continue the January 18, 2024 hearing for Defendants' Motion for Attorneys' Fees and Costs. The duly filed and served Verification Statement dated January 12, 2024, which was filed and served on parties in this case, and personally served on Judge David Rosenberg's clerks pursuant to California Code of Civil Procedure Section 170.3(c), now has created a pending issue as to whether Judge David Rosenberg should recuse himself or be disqualified as the presiding judge in this matter.

As such, and most importantly, ***a judge against whom a statement of disqualification has been filed against "shall have no power to act … until the question of his or her disqualification has been determined.*** " Cal. Civ. Proc. § 174(d) emphasis added. The Verified Statement to disqualify that was filed on January 12, 2024 has the immediate effect of ***depriving the judge of jurisdiction*** (emphasis added) until the issue of his disqualification is determined by another judge. *Lind* (2014) 230 Cal.App.4th at 714 ("[T]he filing of a sufficient statement has the effect of ***temporarily suspending the***

*challenged judge's jurisdiction* in order to permit him to file his answer to such statement and to have the matter of his disqualification thereupon determined by another judge"); *citing Oak Grove School Dist., supra*, (1963) 217 Cal.App.2d at 705, 32 Cal.Rptr. at 304; *see also* Wegner, Fairbank, Epstein & Chernow, *Cal. Prac. Guide: Civil Trials & Evidence (TRG)* (2017 Ed.), Ch. 3 at 3-49 to 3:50. Moreover, pursuant to California Code of Judicial Conduct Canon 2 ("*A Judge Shall Avoid Impropriety and The Appearance of Impropriety in All of the Judge's Activities*") and Canon 3 ("*A Judge Shall Perform The Duties of Judicial Office Impartially, Competently and Diligently*"), while there is an open issue of disqualification, Judge David Rosenberg should not preside over any hearing in the matter including the Sanctions Hearing to avoid the appearance of impropriety.

In addition, no other judge should preside over the Sanctions Hearing until the question of the recusal and/or disqualification of Judge David Rosenberg is resolved. This is because *orders made by a disqualified judge are void and must be vacated regardless of a showing of prejudice*. *See Rossco Holdings, Inc. v. Bank of America* (2007) 149 Cal.App.4th 1353, 1362, 58 Cal.Rptr.3d 141, 148; *Christie v. City of El Centro* (2006) 135 Cal.App.4th 767, 776, 37 Cal.Rptr.3d 718, 725 (emphasis added). Applying these principles here, the Sanctions Hearing is inextricably linked to some of the very issues which the Verification Statement raised because Judge Rosenberg's denial of the motion *with prejudice without a hearing* sets the stage for the immediate sanctions motion. If the process initiated by the filing of the Verification Statement and supporting MPA and Declarations results in a recusal or disqualification, then Judge Rosenberg's orders in the matter, including the denial of the Motion to Resolve Discovery Dispute (which motion was denied with prejudice without hearing as set forth in the Verification Statement, and which was the basis for the Motion for Sanctions) *would be voided* (or at the very least immediately voidable), and the parties will be back before an impartial new judge to discuss the issues, options, and manner of resolving that dispute in accordance with principles of justice.

If the Verification Statement is rejected, Plaintiff will pursue a Writ of Mandate. The estimated timeline without a Writ of Mandate is at least two to three months if Judge Rosenberg does not self-recuse. The estimate timeline with a Writ of Mandate is longer and may take several months longer from the date of filing the Writ of Mandate (As an example, the court of appeals issued the order granting the Writ of Mandate in the *Jolie* case nearly eleven months after the initial filing of the verified statement. *Jolie v. Sup. Ct.* (2021) 66 Cal.App.5th 1025).

There is no prejudice whatsoever to the moving party to delay the hearing on the Motion for Sanctions. Though they refused to agree to delaying the hearing (and indeed sent their preference in a one line email without explanation (*see* Singh Decl. at ¶ 3, **Exhibit 2**), the Sanctions Motion does not affect ongoing discovery, does not affect a trial schedule (which has not been set in this matter), and discovery is proceeding.

## IV.    CONCLUSION

For the reasons set forth above, Plaintiff Bisch respectfully requests the Court to continue the January 18, 2024 hearing on Defendants' Motion for Attorneys' Fees and Costs for approximately 120 days to May 16, 2024. Plaintiff further submits that the Court, pursuant to *Lind* and *Oak Grove School Dist.*, should *sua sponte* continue the hearing even without the need for an actual *ex parte* hearing.

Dated: January 16, 2024                          Respectfully Submitted,

SANJIV N. SINGH, A PROFESSIONAL LAW          INDRAJANA LAW GROUP, A PROFESSIONAL
CORPORATION                                  LAW CORPORATION

Sanjiv N. Singh, Esq.                        Michael B. Indrajana, Esq.
Attorneys for Plaintiff MICHAEL BISCH        Attorneys for Plaintiff MICHAEL BISCH