SANJIV N. SINGH, A PROFESSIONAL
LAW CORPORATION
Sanjiv N. Singh, Esq. (SBN 193525)
1700 S. El Camino Real Suite 503
San Mateo, CA 94402
Phone: (650) 389-2255
Email: ssingh@sanjivnsingh.com

INDRAJANA LAW GROUP, A
PROFESSIONAL
LAW CORPORATION
Michael B. Indrajana, Esq. (SBN 258329)
1700 S. El Camino Real Suite 503
San Mateo, CA 94402
Phone: (650) 597-0928
Email: michael@indrajana.com

Attorneys for Plaintiff MICHAEL BISCH

SERENA M. WARNER, ESQ., SB. No. 264799
  Email: swarner@akk-law.com
KEVIN J. DEHOFF, ESQ., SB No. 252106
  Email: kdehoff@akk-law.com
ANGELO, KILDAY & KILDUFF, LLP
601 University Avenue, Suite 150
Sacramento, CA  95825
Telephone: (916) 564-6100
Telecopier: (916) 564-6263

Attorneys for Defendants COUNTY OF YOLO,
CITY OF DAVIS, CITY OF WOODLAND,
CITY OF WEST SACRAMENTO, ANGEL
BARAJAS, OSCAR VILLEGAS, DONALD
SAYLOR, CHAD RINDE, AARON LAUREL,
KEN HIATT, and MICHAEL WEBB

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BISCH, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> COUNTY OF YOLO, CALIFORNIA, a public corporation; CITY OF WEST SACRAMENTO, a public corporation; CITY OF DAVIS, a public corporation; CITY OF WOODLAND, a public corporation; ANGEL BARAJAS, an individual; OSCAR VILLEGAS, an individual; CHAD RINDE, an individual; AARON LAUREL, an individual; KEN HIATT, an individual; MICHAEL WEBB, an individual; DONALD SAYLOR, an individual; and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No.: 2:23-cv-00455-MCE-DB <br><br> **FOURTH JOINT STATUS REPORT** |

# JOINT STATUS REPORT

Pursuant to this Court's Minute Order entered on October 20, 2023 (ECF Dkt. No. 22), Plaintiff and Defendants hereby submit the following Joint Status Report to the Court.

## I. Plaintiff's Report

Plaintiff's report is divided into two parts. First, Plaintiff will highlight the procedural and factual developments since the last status report. Second, Plaintiff will comment briefly on the relevance of said developments to this matter before this Court. The following events have occurred in the State Court matter since the filing of the last Status Report on January 19, 2024 (Dkt. No. 25):

### A. Events Since Last Status Report:

1. As stated in the last status report, Judge Rosenberg self-recused after Plaintiff filed Verified Statement on January 12, 2024 to disqualify Judge David Rosenberg. The self-recusal occurred on January 16, 2024.

2. On January 31, 2024, Plaintiff filed a Motion for Peremptory Challenge per C.C.P. § 170.6 against Judge Timothy Fall, whose conduct was previously described in part in the Verified Statement. *See* Declaration of Sanjiv N. Singh that was submitted in support of the motion (the "Singh Decl.'), a true and correct copy of which is attached hereto as **Exhibit 1** to this Status Report (For sake of brevity, the supporting exhibits accompanying it are omitted here but can be provided to the Court upon request if it desires to see them).

3. Also on January 31, 2024, Plaintiff filed his motion to set aside all orders entered by Judge Rosenberg as void, with an upcoming hearing date of March 7, 2024.

4. On February 6, 2024, the Court honored the peremptory challenge against Judge Fall, and assigned the case to Judge Samuel McAdam.

5. On February 20, 2024, Plaintiff is taking the deposition of Tom Muller, one of the individual defendants named in the State Court action. Another deposition of one of YFB's former board member is scheduled to take place on March 15, 2024. Mr. Muller is one of the individuals claiming that he did not know he was being recorded—the deposition will thus be relevant for disposition of the Zoom recording issues.

6. Plaintiff is currently meeting and conferring with Yolo Food Bank's counsel as to scheduling the deposition of the YFB employee whose phone was the source of the text messages that was shown to be altered in the Yolo Food Bank document production. Due to weather conditions in California, there has been a bottleneck effect with scheduling, but this deposition should be conducted within the next 30 days. It needs to be an in person deposition.

In light of the events above, Plaintiff will continue to update the Court on or before the next status update as to the outcome of his Motion to set aside Judge Rosenberg's orders as void. Assuming the State Court sets aside Judge Rosenberg's orders as void, Plaintiff will take the appropriate next steps to bring back the issue of the altered text messages and the legality of the Zoom video recording to the State court, and will update this Court immediately once Plaintiff has a reasonable estimated timeline of when such issues will be resolved at the State court.

**B. Relevance of Events to Stayed Proceeding:**

Plaintiff anticipates that Defendants will likely argue that none of the above is relevant to the issues before the Federal Court. Plaintiff respectfully disagrees. The core issue in the federal litigation is whether governmental officials improperly pressured YFB Board members to terminate their executive director and thereby violated his constitutional rights and engaged in other actionable conduct. In the course of litigating the state court case and federal matter, the recording of a key YFB board meeting (where statements about the alleged pressure of governmental officials was made) and an allegedly altered text message became relevant. Plaintiff's good faith motions to resolve those issues were delayed and ultimately ignored and then denied on supposed procedural grounds, and it has been determined that the Judge (who is a known community leader it appears in Yolo County) who issued that order was extensively conflicted—and this is now documented in an unopposed Verified Statement. Against this backdrop, it seems axiomatic that Plaintiff has a constitutional right to have the state court proceedings (including key factual and legal issues which may affect disposition of key issues in the federal litigation) adjudicated in an impartial manner. Therefore, any suggestion that the aforementioned developments are irrelevant or somehow trivial is inappropriate.

**Defendants' Comment/Response**

Defendants have no new information to add at this time but will confer with counsel prior to the next status report regarding both Plaintiff's timeline for the resolution of the relevant evidentiary issue and his procedural plan for how he expects to have bring that issue before the state court.

Dated: February 20, 2024

Respectfully Submitted,

SANJIV N. SINGH, A PROFESSIONAL LAW CORPORATION

By: /s/ Sanjiv N. Singh
    Sanjiv N. Singh

Attorneys for Plaintiff Michael Bisch

INDRAJANA LAW GROUP, A PROFESSIONAL CORPORATION

By: /s/ Michael B. Indrajana
    Michael B. Indrajana

Attorneys for Plaintiff Michael Bisch

ANGELO KILDAY & KILDUFF LLP

By: /s/ Serena M. Warner
    Serena M. Warner

Attorneys for Defendants COUNTY OF YOLO, CITY OF DAVIS, CITY OF WOODLAND, CITY OF WEST SACRAMENTO, ANGEL BARAJAS, OSCAR VILLEGAS, DONALD SAYLOR, CHAD RINDE, AARON LAUREL, KEN HIATT, and MICHAEL WEBB