| | |
|---|---|
| SANJIV N. SINGH, A PROFESSIONAL LAW CORPORATION<br>Sanjiv N. Singh, Esq. (SBN 193525)<br>1700 S. El Camino Real Suite 503<br>San Mateo, CA 94402<br>Phone: (650) 389-2255<br>Email: ssingh@sanjivnsingh.com<br><br>INDRAJANA LAW GROUP, A PROFESSIONAL LAW CORPORATION<br>Michael B. Indrajana, Esq. (SBN 258329)<br>1700 S. El Camino Real Suite 503<br>San Mateo, CA 94402<br>Phone: (650) 597-0928<br>Email: michael@indrajana.com<br><br>Attorneys for Plaintiff MICHAEL BISCH | SERENA M. WARNER, ESQ., SB. No. 264799<br>  Email: swarner@akk-law.com<br>KEVIN J. DEHOFF, ESQ., SB No. 252106<br>  Email: kdehoff@akk-law.com<br>ANGELO, KILDAY & KILDUFF, LLP<br>601 University Avenue, Suite 150<br>Sacramento, CA  95825<br>Telephone: (916) 564-6100<br>Telecopier: (916) 564-6263<br><br>Attorneys for Defendants COUNTY OF YOLO, CITY OF DAVIS, CITY OF WOODLAND, CITY OF WEST SACRAMENTO, ANGEL BARAJAS, OSCAR VILLEGAS, DONALD SAYLOR, CHAD RINDE, AARON LAUREL, KEN HIATT, and MICHAEL WEBB |

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL BISCH, an individual,<br><br>            Plaintiff,<br><br>vs.<br><br>COUNTY OF YOLO, CALIFORNIA, a public corporation; CITY OF WEST SACRAMENTO, a public corporation; CITY OF DAVIS, a public corporation; CITY OF WOODLAND, a public corporation; ANGEL BARAJAS, an individual; OSCAR VILLEGAS, an individual; CHAD RINDE, an individual; AARON LAUREL, an individual; KEN HIATT, an individual; MICHAEL WEBB, an individual; DONALD SAYLOR, an individual; and DOES 1 through 50, inclusive,<br><br>            Defendants. | Case No.: 2:23-cv-00455-MCE-DB<br><br>**FIFTH JOINT STATUS REPORT** |

# JOINT STATUS REPORT

Pursuant to this Court's Minute Order entered on October 20, 2023 (ECF Dkt. No. 22), Plaintiff and Defendants hereby submit the following Third Joint Status Report to the Court.

## I. Plaintiff's Report

The Report is divided into two parts: (i) relevant interim events and (ii) analysis of stay issues. The following events have occurred in the State Court matter since the filing of the last Status Report on February 20, 2024 (Dkt. No. 27):

**A. Events Since Last Status Report:**

1. As this Court is aware, Plaintiff discovered significant conflicts attending Judge David Rosenberg who presided over the State Court matter during the time when Plaintiff's motion ("August 28, 2023 State Court Motion") on the use of the Yolo Food Bank ("YFB") April 27, 2022 Zoom board meeting was denied. As this Court knows from previous status reports, the State Court Motion was relevant to factual issues in this matter, particularly on the question of when and how certain County and city officials allegedly placed pressure on YFB Board members to terminate Plaintiff Michael Bisch. After the State Court Motion was denied, State Court Defendants in that matter launched aggressive sanctions attack personally on the attorneys for Plaintiff, namely Sanjiv Singh and Michael B. Indrajana.

2. After disqualifying Judge Rosenberg and his colleague Judge Timothy Fall for reasons set forth in the last status report (see Fourth Status Report at 1:13-23), Plaintiff then filed a motion to vacate what Plaintiff's believe was Judge David Rosenberg's order on the State Court Motion (and therefore a tainted order), and also filed additional opposition paperwork to Defendants' continued sanctions motions and briefing.

3. On March 7, 2024, a new Judge, Samuel McAdams, heard Plaintiff's motion to vacate and took several remarkable and long awaited actions by order approximately four days later:

   a. While he denied the motion to vacate on a technical point (he stated that he believed as a matter of law Judge Fall issued the order since Judge Rosenberg was

present on the day—Plaintiffs dispute this as a matter of law and may appeal it, but the outcome of any such appeal will fortunately not change the substantive outcome here in the short term), he noted significant concern with the ruling, with the absence of due process, and with the underlying substantive aspects of the ruling.  A true and correct copy of the hearing (with relevant portions highlighted) is attached hereto as **Exhibit 1**. A true and correct copy of his order issued on March 11, 2024, is attached hereto as **Exhibit 2**. In brief, in the order, he *sua sponte*, on the Court's own motion, reconsidered and withdrew the previous ruling (whether by Judge Fall as he ruled or Judge Rosenberg as Plaintiff contends) on the State Court Motion, indicated his lack of comfort with it, and set the matter (i.e., the State Court Motion on the use of the April 27, 2022 recording) for a new hearing. (There is one factual error in his ruling—the Judge, who had to get up to speed on a complex matter quickly, calls it a "self-recording" which it is not. Plaintiff will correct the State Court on this point in its briefing and court papers, and this is a non-controversial factual issue because both Plaintiff and State Court Defendants agree the recording was made during the Zoom, and was not a "self-recording" of Michael Bisch.)

    b. In his order, Judge McAdams has reset the clock to hear the very issues which Plaintiff has waited eight months to have heard regarding what to do about the April 27, 2022 hearing and related issues. He has cautioned the parties to meet and confer appropriately to try to narrow the scope of the dispute, which was a major issue Plaintiff had noted in its briefing all along.

    c. The Court is expected to rule on the matter at or shortly after the hearing which is to be held on April 11, 2024.

4. Meanwhile, State Court Defendants also changed their position while the motion practice was pending, and ultimately allowed the April 27 2022 recording to be used in the recent completed deposition of two Board members, Tom Muller, and Louise Walker. At the first deposition, they objected to the recording as being illegal, but at the second

deposition, which took place after the hearing before Judge McAdams, it is now unclear whether they even made any objection at all (transcript pending).

**B. Stay Analysis:**

Based on the above events as summarized, Plaintiff believes that it would be appropriate to lift the stay after the State Court rules on the August 28, 2023 State Court Motion. This is expected to happen on April 11, 2024, and so the stay can likely be lifted shortly thereafter. Plaintiff wishes to note, in view of statements made by Defendants in previous joint status reports, that the deposition of Tom Muller reveals that there is significant evidence on the alleged pressure and alleged conduct of elected officials and/or government actors which will be ripe for further discovery in the federal matter, and set the stage for the matter to be reopened. Plaintiff believes that Defendants should seriously consider the new evidence which has been gathered before it charges forward to refile motions which this Court already dismissed once albeit without prejudice.

Plaintiff notes that Defendant's characterizations of discovery in the state court matter are not accurate[1]. During September of 2023, Plaintiff specifically discussed with Defendants' counsel what to do about depositions of former and current elected officials and governmental officials. Defendants' counsel requested that Plaintiff delay the depositions while there was a stay, and expressed her concern that they not get deposed twice. Plaintiffs agreed to that, and therefore only conducted discovery in the state court matter on YFB witnesses and a third party nonprofit executive director. It should be noted that meaningful depositions of the YFB Board members did not take place until the last few weeks due to the delays created by the highly unusual issues outlined above. As such, there has been no prejudice to Defendants.

Plaintiff is concerned about Defendants' expressly stated plan below. On what basis are the motions to be "immediately" refiled? The interim events and newly acquired evidence present

---

[1] At 1:00pm today, Defendants' counsel sent Plaintiff back their portion of the Joint Status Report after reviewing Plaintiff's report that morning. Based on their summary, Plaintiff responded with additional analysis which is shown in the highlighted text and sent a revised copy of the draft with the new comments back to Defendants at 1:30pm the same day. Defendants did not respond since that time through the time of this filing. They have been very cooperative and responsive, and so Plaintiff believes the nonresponse is likely due to a schedule conflict or other pressing matter. To avoid the filing being late, Plaintiff is filing the joint status report with this discrepancy noted.

evidence that clearly raises triable issues of fact about the alleged improper and alleged retaliatory pressure placed by governmental entities and agents, and though Defendants concede they have conducted no discovery independently on these issues, they are proposing to immediately file time-consuming motions again when the stay is lifted. Plaintiff requests that the Court consider providing guidance to the parties on this issue. It seems that Defendants should have to participate in some discovery, including making key elected officials available for deposition based on the evidence acquired through the Deposition of Tom Muller, before they are permitted to refile their motions—particularly where the planned "immediate" refiling of the Motion to Dismiss and anti-SLAPP motion create the need for extensive briefing and evidence submission, have severe draconian consequences, and given the unique factual circumstances of this case and the related state court proceeding.

The Court should also consider that Defendants' concern and plan are contradictory–they state that they are concerned about prejudice due to discovery continuing in the state court matter, but then they state they would like the stay lifted immediately so that they can refile their motions–i.e., attempt to end the federal case with minimal discovery conducted.

**Defendants' Comment/Response**

As indicated in Plaintiff's report, Plaintiff Bisch is commencing with discovery in the state court action as to matters relevant to the federal litigation (e.g., the depositions of YFB members as to communications with County and City officials). Maintaining a stay in this action while Plaintiff Bisch proceeds to advance his case through the state court action is unfair to these Defendants and unduly prejudicial. As there is a date within the next month that Plaintiff expects the evidentiary issue to be resolved by the state court, Defendants respectfully request the stay be lifted immediately to allow for resubmission of the Motion to Dismiss and anti-SLAPP motion.

Dated: May 20, 2024                          Respectfully Submitted,

                                             SANJIV N. SINGH, A PROFESSIONAL LAW
                                             CORPORATION

                                             By: */s/ Sanjiv N. Singh*
                                                  Sanjiv N. Singh

                                             Attorneys for Plaintiff Michael Bisch

INDRAJANA LAW GROUP, A PROFESSIONAL CORPORATION

By: /s/ Michael B. Indrajana
    Michael B. Indrajana

Attorneys for Plaintiff Michael Bisch


ANGELO KILDAY & KILDUFF LLP

By: /s/ Serena M. Warner
    Serena Warner

Attorneys for Defendants COUNTY OF YOLO, CITY OF DAVIS, CITY OF WOODLAND, CITY OF WEST SACRAMENTO, ANGEL BARAJAS, OSCAR VILLEGAS, DONALD SAYLOR, CHAD RINDE, AARON LAUREL, KEN HIATT, and MICHAEL WEBB