# EXHIBIT 2

FILED
YOLO SUPERIOR COURT

MAR 11 2024

BY _____
       DEPUTY

YOLO SUPERIOR COURT FOR THE STATE OF CALIFORNIA

MICHAEL BISCH,                    ) Case No.: CV-2022-1431
                                  )
             Plaintiff,           ) ORDER
                                  )
vs.                               )
                                  )
YOLO FOOD BANK, et al.            )
                                  )
             Defendant            )
_____)

    Before the Court are two motions: (1) plaintiff Michael Bisch's motion to set aside the October 17, 2023 discovery order, and (2) defendant Yolo Food Bank's motion for attorney's fees sanctions for having to oppose Bisch's discovery motion. The matter has been fully briefed; oral argument was held on March 7, 2024; and the matter was taken under submission.

    The Court has inherent authority to reconsider rulings even without a change in law or facts. (*State of California v. Superior Court (Flynn)* (2016) 4 Cal.App.5th 94, 100-101.) The Court may do so on its own motion and may do so when the Court believes there has been error that should be corrected. This is done rarely, and the parties must be given an opportunity to be heard on the matter.

The Court should be even more cautious when the reconsideration is by a different judge than the one who issued the underlying order. (*Marriage of Oliverez* (205) 238 Cal.App.4th 1242.) In this case, the judge who issued the order is unavailable due to a timely disqualification; thus, the undersigned judicial officer is authorized to reconsider the prior ruling.

Here, the circumstances regarding the issuance of the October 17, 2023 order are confusing in many respects. The plaintiff purported to bring a motion centered around his self-made recording of the April 27, 2022 Board Meeting. The meeting is referenced in the First Amended Complaint here, and plaintiff asserted that it was central to his related federal court action.

The parties had some dispute as to whether it was governed by the Stipulated Protective Order in this case, making disclosure in the federal court action problematic. It seems, however, that the more contentious dispute was whether Bisch's self-recording of the meeting was made with the consent of the parties and therefore a lawful recording.

As to the confidential designation, that dispute would be ripe before the state court if raised in a discovery motion pursuant to the Protective Order. But the lawfulness of the recording is not a discovery issue, or at least no legal authority has been presented at any time to this Court that it can be raised in a discovery motion.

Beyond the parties, the Court also confused the matter. The case had been assigned to Judge Rosenberg and the hearing was set on his calendar. However, on the day of the hearing, Judge Rosenberg was unavailable and Judge Fall presided over the hearing. Judge Rosenberg has since been disqualified pursuant to CCP sec. 170.1, and Judge Fall has been disqualified pursuant to CCP sec. 170.6. Thus, the undersigned cannot discuss this matter with either of them and cannot interview courtroom staff about what happened at the hearing.

The Court issued a tentative ruling the day before the hearing and invited oral argument. The plaintiff apparently called for oral argument and all sides appeared for the hearing before Judge Fall. The plaintiff now claims that Judge Fall did not allow oral argument, and the defendant has not disputed this. The clerk's minutes also do not indicate that oral argument was held. Instead, the minutes indicate that the tentative ruling was adopted as the order of the court.

The Court need not now get into the merits of the tentative ruling. Rather, the overriding concern is due process and the interest of justice. The record does not clearly reflect that oral argument was held. Thus, the parties may have been denied an opportunity to challenge the tentative ruling. When the Court invites oral argument, as was done in this case, it must be held in a meaningful way.

As the Food Bank now asks this Court to sanction Bisch, any sanction order would be based on a weak foundation, given that Bisch was denied an opportunity to challenge the tentative ruling. Such an order might lead to further collateral litigation and even an appeal. Neither side should have confidence in such proceedings.

Thus, the Court seeks through this order to restore confidence in adjudication of the case.

For these reasons, the Court issues the following orders.

1. Plaintiff's motion to vacate the October 17, 2023 Order is DENIED. The Order was issued by Judge Fall -- not Judge Rosenberg (who plaintiff contends should have self-disqualified at the outset and whose orders should be vacated).

2. The Court's own motion for reconsideration is GRANTED. The October 17, 2023 Order is vacated in the interest of justice. A new hearing on Bisch's discovery motion is set for April 11, 2024 at 9:00 am in

Department 10. Remote appearances are authorized. The parties are ordered to meet and confer and to file final briefs and declarations no later than April 4, 2024, updating the meet and confer process and narrowing the issues in dispute. The declarations shall be no longer than ten pages (including attachments). The Court further advises the parties that meet and confer efforts must be genuine and detailed and reflect a joint effort of professionalism and respect for the Court process.

3. The defendant's motion for attorneys' fees and costs is CONTINUED to April 11, 2024 at 9:00 am in Department 10, subject to the same meet and confer requirements noted above and pending a ruling on the discovery motion.

4. No Tentative Ruling shall issue. All parties are on notice.

IT IS SO ORDERED.

Signed in Woodland, California on March 11, 2024

_____
The Honorable Samuel T. McAdam

ORDER - 4