SERENA M. WARNER, ESQ., SB No. 264799
   Email: swarner@akk-law.com
KEVIN J. DEHOFF, ESQ., SB No. 252106
   Email: kdehoff@akk-law.com
**ANGELO, KILDAY & KILDUFF, LLP**
Attorneys at Law
601 University Avenue, Suite 150
Sacramento, CA  95825
Telephone: (916) 564-6100
Telecopier: (916) 564-6263

Attorneys for Defendants COUNTY OF YOLO, CITY OF DAVIS, CITY OF WOODLAND, CITY OF WEST SACRAMENTO, ANGEL BARAJAS, OSCAR VILLEGAS, DONALD SAYLOR, CHAD RINDE, AARON LAUREL, KEN HIATT, and MICHAEL WEBB

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BISCH, an individual,<br><br>            Plaintiff,<br><br>vs.<br><br>COUNTY OF YOLO, et al.,<br><br>            Defendants. | Case No.: 2:23-cv-00455-DC-SCR<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR "ADMINISTRATIVE RELIEF" PURSUANT TO LOCAL RULE 233 RE: CLERK'S DENIAL OF ENTRY OF DEFAULT** |

Plaintiff Michael Bisch's putative "administrative" request for an order compelling entry of Defendants' default under F.R.C.P. Rule 55(a) contains myriad legal and factual flaws. In the interest of brevity, this opposition will highlight those procedural events that matter, then identify the most glaring defects.

### I. PERTINENT HISTORY

In May of 2023, Defendants initially appeared and manifested their intent to defend Bisch's complaint on its merits via a motion to dismiss under Rule 12(b)(6) and a special motion to strike under California law. (ECF #s 8-9.) Judge England took those motions under submission (ECF # 10), whereafter briefing continued (#s 13-18), but, as the case was stayed prior to the motions' disposition (# 21), he "denied" the motions without prejudice to their refiling post-stay (#22).

After the stay ended on June 24, 2024 (#33), Judge England afforded Defendants until October 4, 2024 to refile their previous pleading challenges (#s 36-38), which deadline Defendants met (#s 39-40). Judge England again took the motions under submission (#41), then reassigned the case to the Honorable Dena Coggins (#43), who set and reset a briefing schedule (#s 44, 46, 48). Briefing completed in January, 2025. (#s 50-54.) Nothing further has occurred directly regarding those motions.

### II. LISTING OF DEFECTS

(a) A request for entry of default hardly qualifies as "administrative" within the meaning of Local Rule 233 (i.e., akin to scheduling or page limits), rendering the subject motion wildly improper in form. Nonetheless, to avoid a third iteration in some new wrapping, Defendants will address the default issue *per se*.

(b) Subdivision (a) of Rule 55 pertains solely to the *clerk*'s entry of default, yet Bisch seeks a default order from the Court reversing the clerk's refusal. Rule 55(a) does not authorize such a judicial order.

(c) Generally, a defendant who manifests an intent to defend the action on its merits may not be defaulted under Rule 55(a) by a mere failure to answer. *Direct Mail Specialists v. Eclat Computerized Technologies*, 840 F.2d 685, 689 (9th Cir. 1988). Once a party so appears, the

1  clerk may not enter its default.  *Franchise Holding II, Ltd. Liab. Co. v. Huntington Rests. Grp., Inc.,* 375 F.3d 922, 927 (9th Cir. 2004) ("Therefore, if HRG appeared, the clerk's entry of default is void ab initio," citing *Direct Mail*).  Bisch concedes Defendants thus appeared multiple times.

(d)  Although willful failure to plead within a time ordered by the court can result in default, no such deadline existed here.  Judge England's use of the term "denied" with respect to Defendants' initial pleading motions meant procedurally vacated, not substantively rejected, as reinforced by his explicit allowance of their refiling post-stay.  Accordingly, a deadline to answer never commenced running.  Had Judge England intended for Defendants to answer before the motions proceeded, he would have instructed the motion to dismiss to be refiled under Rule 12(c).

(e)  Bisch's unconditional stipulations to briefing schedules on the (post-stay) renewed motions belie his current assertion that the lack of an answer by July 8, 2024 wholly barred those motions from renewal.  Nor did his oppositions filed at the end of 2024 raise such a procedural challenge or otherwise suggest a default scenario.  Likewise silent was Bisch's May 2025 request for a status conference.  (#55.)

(f)  Bisch cannot, and does not, cite authority for the notion that whether a defendant propounds discovery bears on a Rule 55 default.  Neither law, nor logic, requires a party to seek information from his opponent, especially prior to settling of the pleadings when the borders of relevancy remain inchoate.  His companion assertions about discovery in the state court action run even farther afield.  See generally *George & Anna Portes Cancer Prevention Ctr., Inc. v. Inexco Oil Co.*, 76 F.R.D. 216, 217 (W.D. La. 1977) (participation in discovery does not bear on Rule 55 analysis).

(g)  Even if Defendants had not timely and repeatedly appeared to contest the merits, Bisch's assertions about dissatisfactions with Defendants' document production lack bearing on default – he cites no order from the magistrate in this regard.  (*Ibid*.)

(h)  The worst aspect of the putative default is Bisch's failure to claim, much less establish, any prejudice resulting from the purported answer filing delay.  To the contrary, the special motion to strike alerted him to Defendants' factual position far beyond what a typical

-3-
DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR "ADMINISTRATIVE RELIEF"
PURSUANT TO LOCAL RULE 233 RE: CLERK'S DENIAL OF ENTRY OF DEFAULT

answer would do.

### III.  CONCLUSION

The subject default motion bears so many, and such obvious, flaws that Defendants feel sheepish about taking the Court's time to discuss them, and did so as succinctly as feasible. Whether the poverty of Plaintiff's legal analysis exceeds the inequity of the outcome sought presents a close call.

Dated: July 30, 2025                                    ANGELO, KILDAY & KILDUFF, LLP

*/s/ Serena M. Warner*
By:_____
SERENA M. WARNER
KEVIN J. DEHOFF
Attorneys for Defendants COUNTY OF YOLO, CITY OF DAVIS, CITY OF WOODLAND, CITY OF WEST SACRAMENTO, ANGEL BARAJAS, OSCAR VILLEGAS, DONALD SAYLOR, CHAD RINDE, AARON LAUREL, KEN HIATT, and MICHAEL WEBB