UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BISCH, | No. 2:23-cv-00455-DC-SCR |
| Plaintiff, | |
| v. | ORDER |
| COUNTY of YOLO, et al., | |
| Defendants. | |

Plaintiff has filed an administrative motion (ECF No. 65) (the "Motion") concerning the record on Defendants' Motion to Strike (the "MTS") (ECF No. 40). Defendants oppose the Motion. ECF No. 68. The court held a specially set hearing on the motion on November 6, 2025, and took the Motion under submission at the conclusion of the hearing. Based on the parties' briefs and argument at the hearing, the Court understands that Plaintiff requests leave to submit the following: (1) additional exhibits in support of Plaintiff's opposition to the MTS, in the form of evidentiary documents and transcripts of witness testimony concerning those exhibits from Plaintiff's state court trial; and (2) the state court's determination at trial of a privilege question that is also at issue in the MTS. As explained below, the Court effectively GRANTS that request, with limitations noted, but otherwise DENIES the request to expand the record.

As background, the MTS record, which was complete as of December 20, 2024, already includes more than 480 pages of declarations and exhibits. Moreover, on October 23, 2025, the

1

1   Ninth Circuit Court of Appeals denied Plaintiff's petition for a writ of mandamus, "without
2   prejudice to the filing of a mandamus petition if the district court does not rule on the pending
3   motions"—that is the MTS and a motion to dismiss Defendants filed the same day—"within 60
4   days." *In re Michael Bisch*, No. 25-595, Order (9th Cir. Oct. 23, 2025).  On the same day,
5   Plaintiff filed the Motion, which did not "include a statement setting forth the position of all
6   parties affected by the motion, or a statement explaining why such position could not be
7   ascertained[,]" as required by Local Rule 233(a)(5).  The Motion sought leave to file
8   supplemental exhibits, attached to the Motion.  ECF No. 65 at 5.  Defendants oppose the Motion,
9   noting that Plaintiff has long been in possession of all of the proposed supplemental exhibits (one
10  of which is already part of the MTS record), and arguing prejudice from further delay in light of
11  the fact that discovery is set to close on January 15, 2026, and the status of the pleadings is
12  unsettled in light of Defendants' pending motions.  ECF 68 at 4.  At the hearing on November 6,
13  2025, Plaintiff clarified that the supplemental exhibits are the "starting point," and that what he is
14  really requesting is an opportunity to file transcripts of trial testimony adding additional
15  evidentiary gloss to those—and potentially other—exhibits, and to have this court take notice of a
16  ruling by the state court on a state law privilege question addressed in the MTS briefing.

17        Given the already voluminous record on the MTS and the length of time the MTS has
18  remained unadjudicated, the Court is reluctant to expand the record and create further delay.  At
19  least as conceived under state law and procedure, the purpose of an anti-SLAPP motion is to
20  ensure the early resolution of claims involving a defendant's speech.  *See Baker v. L.A. Herald*
21  *Exam'r*, 42 Cal.3d 254, 269 (1986); *but see Gopher Media LLC v. Melone*, 154 F.4th 696, 712
22  (9th Cir. 2025) (en banc) (Bress, J., et al., concurring in the judgment) (noting that application of
23  federal procedural rules to California's anti-SLAPP statute comes "at the expense of depriving the
24  state scheme of its key feature: giving defendants a quick and painless exit from the litigation")
25  (quotation omitted).  Nevertheless, in light of Plaintiff's representations about the developments
26  at trial in state court, the Court will grant the following:
27        1.  An opportunity to supplement the MTS record as follows: Plaintiff may file a
28            supplemental declaration with supplemental exhibits in opposition to the MTS, which

supplemental exhibits may include **only** (1) transcripts of trial testimony from *Bisch v. Yolo Food Bank, et al.*, No. CV2022-1431 (Yolo Cty. Superior Ct.), and (2) exhibits to which that testimony directly relates.[1]  Plaintiff must seek expedited transcripts for this purpose and must make the supplemental filing within seven days of receiving such transcripts.  Plaintiff must seek to minimize number of exhibits in his submission and may not submit any exhibits that are redundant of evidence already in the MTS record.  Plaintiff may also concurrently submit a short supplemental brief of no more than five pages contextualizing the supplemental exhibits.  Within seven days of Plaintiff's filing of supplemental exhibits Defendants may file an optional supplemental brief of no more than five pages concerning the supplemental exhibits.

2. An opportunity to brief the relevance of the state court's privilege determination: If Plaintiff believes that the state court's determination of the privilege issue should have preclusive effect in this action, or even if not preclusive, that it contains persuasive reasoning, Plaintiff may file a copy of the written decision making that determination or the transcript of the proceeding in which that determination was made, along with a brief of no more than five pages explaining Plaintiff's position.  If the state court's determination was made in a written decision, Plaintiff must file his brief within seven days of this order.  If the state court's determination was made on the record, plaintiff must seek the processing of expedited transcription for this purpose and must file his brief within seven days of receiving such transcripts.  Defendants may file an optional responsive brief within seven days of the filing of Plaintiff's brief.

In the event Plaintiff cannot make these supplemental filings on or before November 21, 2025, Plaintiff shall file a status report explaining what efforts have been made to obtain the transcripts and when they are expected to be available.

---

[1] Accordingly, the Court is denying Plaintiff's request that the Court consider the supplemental exhibits in ECF No. 65-1 in evaluating the MTS.  However, to the extent any of those exhibits otherwise meet the criteria set forth in this order—in that they are directly related to trial testimony and not redundant of other evidence—Plaintiff may file them with the supplemental declaration also authorized by this order.

3

Should either party seek to modify the discovery deadlines in light of this order, they shall seek such modification through a stipulation or motion presented to District Judge Coggins.

SO ORDERED.

DATED: November 7, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE