SERENA M. WARNER, ESQ., SB No. 264799
   Email:  swarner@akk-law.com
KEVIN J. DEHOFF, ESQ., SB No. 252106
   Email:  kdehoff@akk-law.com
**ANGELO, KILDAY & KILDUFF, LLP**
Attorneys at Law
601 University Avenue, Suite 150
Sacramento, CA  95825
Telephone:  (916) 564-6100
Telecopier:  (916) 564-6263

Attorneys for Defendants COUNTY OF YOLO, CITY OF DAVIS, CITY OF WOODLAND, CITY OF WEST SACRAMENTO, ANGEL BARAJAS, OSCAR VILLEGAS, DONALD SAYLOR, CHAD RINDE, AARON LAUREL, KEN HIATT, and MICHAEL WEBB

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

MICHAEL BISCH, an individual,

               Plaintiff,

       vs.

COUNTY OF YOLO, et al.,

               Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 2:23-cv-00455-DC-SCR

**DEFENDANTS' REPLY TO PLAINTIFF'S SUPPLEMENTAL BRIEF**

### I.     DEFENDANTS DID NOT ASSERT AN OFFICIAL PRIVILEGE ARGUMENT IN THE ANTI-SLAPP MOTION

Plaintiff's supplemental brief focuses on rulings and evidence from the state court trial that he claims are dispositive on the issue of official privilege in this case. However, these arguments are misplaced because the County and City Defendants here did not raise an official privilege argument in the anti-SLAPP motion.

To succeed on an anti-SLAPP motion under California Code of Civil Procedure section 425.16, a defendant must first show the alleged causes of action arose from protected conduct or speech. One of the four types of qualifying protected conduct is speech made  during an official

proceeding. *See* Cal. Code. Civ. Proc. 425.16(e)(1). Yet, Defendants did not argue that the speech at issue here arose under that subsection. Rather, Defendants argue at page 15 of the moving papers that their speech arose under Code of Civil Procedure sections 425.16(e)(2) and (e)(4) – for statements "made *in connection with* an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law" (emphasis added) and  "any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest." ECF 40-1 at 15. Accordingly, for purposes of the Special Motion to Strike currently before this Court, the issue of whether the March 18, 2022 letter (Defendant's Ex. A) in and of itself constituted an "official proceeding" is irrelevant. Defendants do not so contend. Rather, Defendants here argue that the statements in that letter arose from First Amendment protected speech because (1) the issue of SB 1383 funding was under consideration by the elected officials for Yolo County and cities of Davis, Woodland, and West Sacramento, and (2) the issue of providing meals to the food insecure was an issue of pressing public concern. *See* ECF 40-1 at 15-17; Cal. Code. Civ. Proc. § 425.16(e)(2) and (e)(4).

Nor do Defendants argue that absolute privilege for statements made in an official proceeding under Civil Code 47c(b) applies. Under the second prong of the anti-SLAPP test, if the defendant's conduct arose under First Amendment protections, then Plaintiff must demonstrate a probability of prevailing on the claims. Under this prong, Defendants argue Bisch could not prevail on his state law claims for a number of reasons, including common interest privilege under California Civil Code section 47c(c) for "communication, without malice, to a person interested therein, (1) by one who is also interested, or (2) by one who stands in such a relation to the person interested as to afford a reasonable ground for supposing the motive for the communication to be innocent, or (3) who is requested by the person interested to give the information." *See* ECF 40-1 at 19. Official privilege under subsection (b) is nowhere raised. Thus, Bisch's arguments in the supplemental briefing regarding the import of the state court's ruling denying YFB's argument for official proceeding privilege, is simply irrelevant to the motion before the court.

DEFENDANTS' REPLY TO PLAINTIFF'S SUPPLEMENTAL BRIEF

## II.   THERE IS NO PRIVITY BETWEEN DEFENDANTS AND THE YOLO FOOD BANK OR ITS INDIVIDUAL DIRECTORS.

Even if Defendants had raised an official privilege argument, Bisch's arguments still fall flat due to the lack of privity between state court defendant YFB and the County and City Defendants here. "Res judicata, or claim preclusion, 'Provides that 'a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.'''(*United States v. Bhatia*, 545 F.3d 757, 759 (quoting *United States v. Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997). "Issue preclusion bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (quoting *Montana v. United* States, 440 U.S. 147, 153-154 (1979). For either, privity is required. *See id.*

Privity "is a legal conclusion 'designating a person so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved.'" *Bhatia,* 545 F.3d at 759 (quoting *Schimmels*, 127 F.3d at 881.) A person who was not a party to a suit generally has not had a 'full and fair opportunity to litigate; the claims and issues settled in that suit." *Taylor,* 553 U.S. at 892 ("The application of claim and issue preclusion to nonparties thus runs up against the "deep-rooted  historic tradition that everyone should have his own day in court. Indicating the strength of that tradition, we have often repeated the general rule that "one is not bound by a judgment *in personam* in a litigation in which he is not designated as a party or to which he has not been made a party by service of process." *Id.* at 892-893 (internal citations omitted)). For a non-party to be bound by a prior judgment, the nonparty must have "'assume[d] control' over the litigation in which that judgment was rendered. *Id.* at 895.

An example provided by the Ninth Circuit in *Bhatia*: where the government had controlled the state court action brought by a private contractor by requiring the contractor's lawsuit to be filed, approving the complaint, paying the contractor's attorneys' fees and costs, directing an appeal of the state court trial, and submitting an *amicus* brief in support thereof, the government was found to be in privity with the contractor such that it was bound by the state

court judgment. *Bhatia*, 545 F.3d at 760. In *Kim v. New Life Oasis Church*, 2025 Cal.App. LEXIS 697, *12 (Cal. App. Ct. 2025) cited by Bisch, a California court found privity between an attorney and his client where the attorney controlled the prior case by writing the compliant, recommending litigation strategy, and giving advice on litigation tactics throughout, and was financially interested in the outcome due a lien to guarantee payment to him.

Bisch presents no analogous facts nor evidence of such control or interest by these municipal Defendants in the state court wrongful termination action against Bisch's private former employer. Emails between certain County and City Defendants and YFB Board members years prior to the state court trial do not show any control over YFB during the state court litigation, let alone the level of control and interest in the state court action required for a finding of privity. Furthermore, because the pleadings in this case do not allege an offensive use of claim or issue preclusion, this issue is not even before this Court on either of the pending motions.

## III.    THE SUPPLEMENTAL EVIDENCE ACTUALLY SUPPORTS DEFENDANTS' ARGUMENTS.

Although most of the supplemental exhibits are irrelevant, some actually support Defendants' arguments in the anti-SLAPP motion.

**Supplemental Exhibit 2 – Ken Hiatt Testimony**: Woodland City Manager Hiatt's testimony that he forwarded the March 18, 2022 letter to his City Council reinforces Defendants' argument that the subject of SB 1383 funding was an issue under consideration by the City's legislative body and of interest to its City Councilmembers.

**Supplemental Exhibit 5 – Jeneba Lahai Testimony and Exhibits**: Executive Director of YCCA (Yolo County Children's Alliance) Jeneba Lahai's testimony supports several of Defendants' arguments. First, consistent with the argument YFB's food distribution decisions were a matter of public interest, Lahai testified that Yolo County Supervisor Oscar Villegas' office served the communities of West Sacramento and Clarksburg, which made issues impacting those communities "a huge concern to the office, especially in regards to something as big as terminating a holiday food distribution." ECF 73-1 at p. 78: 11-21. She further testified the impact of the reduced food distribution affected approximately 600 meals. ECF 73-1 at 78:22-26.

Second, Supplemental Exhibit 5B shows Villegas' office sought confirmation of the information Lahai had relayed from YFB rather than relying on Lahai's communication alone (i.e. counter to a conscious disregard to the truth or falsity of the information or malice). Third, Supp. Ex. 5C demonstrates Lahai sought to confirm the information communicated to her by Hatfield and Hatfield's response confirmed her understanding - "For 2022, Yolo Food Bank will not be able to support West Sacramento, Clarksburg, Esparto or Winters for the Holiday Food Distribution." ECF 73-1 at 91. Thus, the information relayed to Villegas on which he relied was substantially true.

**Supplemental Exhibit 6 – Testimony of Jorge "Tico" Zendajas and Exhibits:** Executive Director of Rise, Inc. testified to forwarding the information he received from Hatfield about the cancellation of the holiday food program to Yolo Supervisors Angel Barajas and Don Saylor. ECF 73-1 at 95:2-19, 96:25-97:4. Supp. Ex. 6B shows Zendajas asked Hatfield to confirm YFB was cancelling the Holiday Food Baskets and Hatfield's response was "Yes, our intent was to give you as much notice as possible so that you could make alternate plans." Thus, the information communicated to Villegas came directly from YFB personnel, which shows both reasonable reliance and substantial truth.

Thus, counter to Plaintiff's goal of supplementing the record to support his opposition, the new evidence either supports Defendants' arguments or misses the mark completely.

Dated:  March 20, 2026

ANGELO, KILDAY & KILDUFF, LLP

*/s/ Serena M. Warner*

By:_____

SERENA M. WARNER
KEVIN J. DEHOFF
Attorneys for Defendants COUNTY OF YOLO, CITY OF DAVIS, CITY OF WOODLAND, CITY OF WEST SACRAMENTO, ANGEL BARAJAS, OSCAR VILLEGAS, DONALD SAYLOR, CHAD RINDE, AARON LAUREL, KEN HIATT, and MICHAEL WEBB