UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL BISCH,

        Plaintiff,

      v.

COUNTY OF YOLO, et al.,

        Defendants.

No.  2:23-cv-00455-DC-SCR

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS

(Doc. Nos. 39, 40, 77)

On February 20, 2026, the magistrate judge filed findings and recommendations which were served on all parties and contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. (Doc. No. 77.) Plaintiff filed objections to the findings and recommendations. (Doc. No. 82.) Defendants Angel Barajas, Oscar Villegas, Donald Saylor, and Chad Rinde filed objections to the findings and recommendations. (Doc. No. 83.) Plaintiff filed a response to those objections. (Doc. No. 86.) None of the other defendants (Defendants Yolo County; City of Davis, California; City of Woodland; City of West Sacramento; Aaron Laurel; Ken Hiatt; and Michael Webb) filed objections to the findings and recommendations.

As to the objections filed by Defendants Barajas, Villegas, Saylor, and Rinde, they object solely to the magistrate judge's analysis regarding the application of qualified immunity to Plaintiff's First Amendment retaliation claim brought against them. (Doc. No. 83 at 2.)

1

Specifically, they contend the magistrate judge erred by relying on factually distinguishable cases in concluding that "it should have been clear to [Defendants] Barajas, Villegas, Saylor, and Rinde that it violates the First Amendment to engage in a sustained defamatory campaign while withholding funding in an attempt to cause the termination of a private employee, in retaliation for that employee's protected speech." (Doc. No. 83 at 2) (citing Doc. Nos. 77 at 21; 78 at 21). While the undersigned acknowledges that the campaigns of retaliation at issue in *Coszalter v. City of Salem*, 320 F.3d 968 (9th Cir. 2003) and *Aydelotte v. Town of Skykomish*, 757 Fed. App'x 582 (9th Cir. 2018) are not factually the same as the allegations raised by Plaintiff in this case, "qualified immunity 'does not require a case directly on point' regarding the issue at hand." *DeFrancesco v. Robbins*, 136 F.4th 933, 939 (9th Cir. 2025) (quoting *White v. Pauly*, 580 U.S. 73, 79 (2017)).[1] Indeed, "[c]ourts may apply clearly established legal standards to new fact patterns and, in appropriate circumstances, 'rely on the intersection of multiple cases' to conclude that the unlawfulness of government officials' conduct should have been apparent to them." *Id.* (quoting *Polanco v. Diaz*, 76 F.4th 918, 930 & n.8 (9th Cir. 2023)). Moreover, Defendants' objections largely turn on Defendants' own narrative and characterization of their alleged retaliatory actions as merely "writing a letter, emailing, or talking to others about the conduct they heard [Plaintiff] Bisch engaged in"—actions that they contend do not rise to the level of an

---

[1] Defendants Barajas, Villegas, Saylor, and Rinde also object to the magistrate judge's reliance on *Arizona Students' Association v. Arizona Board of Regents*, 824 F.3d 858 (9th Cir. 2016) for the proposition that "it was clearly established within the Ninth Circuit at the relevant time that government officials 'may not retaliate against a person by . . . conditioning receipt of a government benefit on a promise to limit speech, or refusing to grant a benefit on the basis of speech.'" (Doc. No. 83 at 5) (citing Doc. Nos. 77 at 21; 78 at 21). According to Defendants, in finding a First Amendment retaliation claim was sufficiently stated in that case, the Ninth Circuit emphasized the trial court's error in not assessing the power disparity between the plaintiff students' association and the defendant university board of regents, whereas here, "no similar power disparity exists." (Doc. No. 83 at 5.) However, the Ninth Circuit discussed the power disparity between the parties in that case to show why a student organization "of similar fortitude and conviction" would be chilled and discouraged from exercising its free-speech rights. *Ariz. Students' Ass'n*, 824 F.3d at 869. Contrary to Defendants' assertions, a power disparity was not an essential component to the Ninth Circuit's holding that "the collection and remittance of funds is a valuable government benefit, and a change in policy undertaken for retaliatory purposes that results in the deprivation of those funds implicates the First Amendment." *Ariz. Students' Ass'n*, 824 F.3d at 870.

unconstitutional "retaliatory campaign." (Doc. No. 83 at 4.) However, as the magistrate judge emphasized in the findings and recommendations, Plaintiff's specific allegations, i.e. his version of the events, are credited for the "purposes of qualified immunity analysis" as is required at this stage of the proceedings, and "[a]t this early stage in the case, [Defendants] Barajas, Villegas, Saylor, and Rinde are not entitled to qualified immunity." (Doc. Nos. 77 at 21; 78 at 12.) The undersigned agrees with that analysis. Thus, Defendants Barajas, Villegas, Saylor, and Rinde's objections do not provide a basis upon which to reject the challenged portion of the findings and recommendations.

As for Plaintiff's objections, Plaintiff objects across the board to "all findings and recommendations issued by the magistrate [judge] which are adverse to Plaintiff." (Doc. No. 82 at 7.) Plaintiff broadly objects to the factual summary in the findings and recommendations as being internally inconsistent and contradicted by the pleadings and evidence. (*Id.* at 8–18.) The undersigned does not find Plaintiff's objections to the factual summary to be persuasive. For example, the first factual objection raised by Plaintiff is that "the F&R incorrectly found that Plaintiff's Contract was an at-will contract." (*Id.* at 8.) But that is not what the magistrate judge found. Rather, the magistrate judge explained that "Plaintiff has not alleged that he could only be terminated for cause," and thus, "Plaintiff has not stated a procedural due process claim." (Doc. No. 78 at 18.) Indeed, the magistrate judge acknowledged that this pleading deficiency could be cured through amendment and recommended dismissal of the procedural due process claim with leave to amend. (*Id.* at 52.)

Plaintiff also objects that "the recent F&R repeatedly attacks the integrity of Plaintiff's counsel," and points to four such instances stated in footnotes in the findings and recommendation. (Doc. No. 82 at 19.) However, the magistrate judge's notations of these issues are well founded.

First, Plaintiff takes issue with the magistrate judge's "caustic and indeed erroneous slights on the pleading, calling it shotgun pleading," (*id.*), but that is not what the magistrate judge noted. Rather, in laying out the "relatively few" specific actions allegedly taken by certain defendants in the alleged retaliatory campaign, the magistrate judge noted that "[m]any of the

hundreds of references to each of the Individual Defendants in the Complaint take the form of broad allegations that they all acted together in concert to this or that end." (Doc. No. 78 at 15, n.7.) That observation is not inaccurate. Further, contrary to Plaintiff's objection, the magistrate judge did not conclude that such broad allegations constituted impermissible pleading nor did the magistrate judge recommend dismissal of Plaintiff's claims based on such a conclusion. The magistrate judge merely noted that "[i]n presenting the case this way, Plaintiff approaches the line of an impermissible shotgun pleading." (*Id.*)

Second, Plaintiff takes exception to the magistrate judge noting that "Plaintiff's counsel mischaracterizes some of the email evidence concerning the period around the March 18 Letter." (Doc. No. 78 at 37, n.19.) However, the magistrate judge accurately stated that Plaintiff's counsel declared that "employees of Defendants Yolo County, City of Davis, and City of West Sacramento 'forwarded' 'specific narratives of' Plaintiff being 'unethical,'" and cited six emails to support that proposition, only one of which actually refers to Plaintiff or Yolo Food Bank as "unethical"—and that email was not even sent by a defendant, it was sent by a non-party. (*Id.*) Thus, there is no mischaracterization in the magistrate judge's observation that "[t]he assertion that employees of all three of the Government Entity Defendants forwarded that 'specific narrative' is flatly wrong." (*Id.*)

Third, in the context of Defendants' anti-SLAPP motion to strike raising a factual challenge to Plaintiff's state law claims, for which evidence is required, the magistrate judge noted that the "evidence fairly shows that Villegas and the Yolo County Board saw Plaintiff in a distinctly negative light based on Plaintiff's speech concerning SB 1383 implementation," but the "evidence does not show that the Individual Defendants actually called for Plaintiff's firing." (Doc. No. 78 at 40, n.21.) The magistrate judge also noted that Plaintiff alleges in the complaint that a non-party county official told Plaintiff that "County Supervisors are upset and want their pound of flesh," but Plaintiff did not submit evidence to substantiate that allegation. (*Id.*) It is not clear why Plaintiff believes this particular footnote attacks Plaintiff's counsel's credibility. Notably, the only reference in Plaintiff's objections to this purported pound-of-flesh statement cites to the complaint, not evidence.

4

Fourth, the magistrate judge noted that in support of Plaintiff's assertion that Defendants cheered and congratulated each other when they learned his employment was terminated on May 31, 2022, Plaintiff's counsel characterized a particular email as "Don Bosley observing the County's leadership has a vendetta against Plaintiff." (Doc. No. 79 at 44–45, n.24.) Quoting the language from that email, in which Bosley stated that government leaders "are aware of [Plaintiff's] unacceptable actions," and he has "no doubt that their pressure on the [Yolo Food Bank] Board ultimately had a lot to do with this decision to terminate," the magistrate judge remarked that "[i]t is a simplification to the point of distortion to characterize this as an observation of a vendetta." (*Id.*) Here too, the undersigned does not find Plaintiff's objections to this remark to be well taken.

Moreover, the undersigned notes that Plaintiff's objections themselves likewise contain misstatements and misrepresentations of the evidence attached as exhibits thereto. For example, in his objections, Plaintiff refers to an email exchange that was "never incorporated into briefing [on the motions] due to the late production [in December 2025]," and contends that email exchange "directly contradict[s]" the magistrate judge's finding that Defendant Webb was "not involved in threatening to withhold ARPA funding." (Doc. No. 82 at 13) ("This exchange . . . shows [Defendant] Webb and the [Defendant] City of Davis explicitly discussing weaponizing ARP funding against Plaintiff on March 17, 2022 the day before the County made that threat in the March 18, 2022 letter."); (Doc. No. 82-1 at 105–106.) However, that March 17, 2022 email exchange began with an email sent from a non-party City of Davis assistant to three City of Davis recipients, including [Defendant] City Manager Mike Webb, to provide "updates on edible food recovery," in advance of the next City Managers meeting. (Doc. No. 82-1 at 105.) That email did not threaten to withhold ARPA funding. Defendant Webb forwarded that email to a non-party Davis city councilmember, and in doing so, Defendant Webb represented that the email "at least appears to confirm the notion that the [Yolo Food Bank ("YFB")] is withdrawing their provision of food to local non-profits if those non-profits do not work directly with YFB (and not with Yolo County)," and Defendant Webb expressed that "[t]his is disturbing to say the least." (*Id.*) Defendant Webb suggested that no steps be taken until they see Yolo County's letter to YFB and

5

convene with the other city managers to decide next steps. (*Id.*) In response to that email from Defendant Webb, the councilmember responded, "If the county and cities all pull back anybARP [sic] dollars they committed to the Food Bank would that help?" (*Id.*) The email exchange ends there, without any response from Defendant Webb, let alone a response indicating that Defendant Webb agrees with that suggestion. Thus, contrary to Plaintiff's description, this email exchange does not show "[Defendant] Webb and City of Davis explicitly discussing weaponizing ARP funding." (Doc. No. 82 at 13.)

For these reasons, the court is not persuaded by Plaintiff's objections to the factual summary provided in the findings and recommendations.

Plaintiff's legal objections fare no better. Plaintiff contends the magistrate judge did not apply the correct legal standard in addressing the anti-SLAPP motion to strike because "the F&R rejected the *Planned Parenthood* framework." (Doc. No. 82 at 19–20) (citing *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 834–35 (9th Cir.), *amended*, 897 F.3d 1224 (9th Cir. 2018)). In *Planned Parenthood*, the Ninth Circuit held that:

> [O]n the one hand, when an anti-SLAPP motion to strike challenges only the legal sufficiency of a claim, a district court should apply the Federal Rule of Civil Procedure 12(b)(6) standard and consider whether a claim is properly stated. And, on the other hand, when an anti-SLAPP motion to strike challenges the factual sufficiency of a claim, then the Federal Rule of Civil Procedure 56 standard will apply.

890 F.3d at 834. That decision did not address how a court should apply standards when a motion challenges both the legal and factual sufficiency of a claim. Nonetheless, Plaintiff contends that the findings and recommendations failed to adhere to *Planned Parenthood*'s framework because the magistrate judge applied Rule 56 standards in evaluating Defendants' anti-SLAPP motion. According to Plaintiff, where an anti-SLAPP motion challenges both legal and factual sufficiency, the court should apply both Federal Rule of Civil Procedure 12(b)(6) (motion to dismiss) standards and Rule 56 (summary judgment) standards "to their respective parts." (Doc. No. 82 at 19–20.) But here, Defendant did not "challenge[] *only* the legal sufficiency" of Plaintiff's claims. 890 F.3d at 834 (emphasis added). Defendant raises factual challenges to both of Plaintiff's state law claims (tortious interference with contractual relations and defamation).

6

Notably, both parties attached evidence to their briefing; the anti-SLAPP motion included over 50 pages of attached exhibits, and Plaintiff's opposition brief included over 400 pages of exhibits. Thus, the undersigned finds the magistrate judge correctly applied Rule 56 standards.

The undersigned has considered Plaintiff's remaining objections and does not find any of them to be a basis upon which to reject the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed February 20, 2026, (ECF Nos. 77, 78) are ADOPTED;

2. Defendant's motion to dismiss (ECF No. 39) is GRANTED IN PART and DENIED IN PART as follows:

   a. Defendants' motion to dismiss Plaintiff's First Amendment retaliation claims brought against Defendants Barajas, Villegas, Saylor, and Yolo County is DENIED;

   b. Defendants' motion to dismiss Plaintiff's First Amendment retaliation claims brought against Defendants Laurel, Hiatt, Webb, City of West Sacramento, City of Davis, and City of Woodland is GRANTED, with leave to amend;

   c. Defendants' motion to dismiss Plaintiff's due process claim is GRANTED, with leave to amend, but only to the extent that claim is based on procedural due process; and

   d. Plaintiff's substantive due process claim is DISMISSED, without leave to amend;

3. Defendants' motion to strike (ECF No. 40) is GRANTED IN PART and DENIED IN PART as follows:

7

      a.    Defendants' motion to strike Plaintiff's tortious interference claim brought against all Defendants is GRANTED without leave to amend;

      b.    Defendants' motion to strike Plaintiff's defamation claim brought against Defendant Laurel is DENIED; and

      c.    Defendants' motion to strike Plaintiff's defamation claim brought against all other Defendants, is GRANTED, without leave to amend;

4.    Within twenty-one (21) days from the date of entry of this order, Plaintiff shall either file a first amended complaint as provided by this order or file a notice of his intent to proceed only on the claims found to be cognizable and not stricken by this order.

IT IS SO ORDERED.

Dated:   **July 21, 2026**

                            Dena Coggins
                            United States District Judge